**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| Verily Life Science LLC, | § | |
|     Plaintiff, | § | |
| | § | |
| v. | § | Case No. 3:25-mc-89 |
| | § | |
| ChromaCode Inc., and California Institute | § | |
| of Technology, | § | |
|     Defendants. | § | |

**APPENDIX IN SUPPORT OF NON-PARTY VERILY LIFE SCIENCE**
**LLC'S MOTION FOR PROTECTIVE ORDER TO QUASH SECOND**
**AMENDED SUBPOENA TO TESTIFY AT A DEPOSITION AND**
**PRODUCE DOCUMENTS IN A CIVIL ACTION**

In accordance with United States District Court Northern District of Texas Local Rule 7.1(i), Non-Party Verily Life Science LLC submits this appendix in support of their Motion for Protective Order to Quash Second Amended Subpoena to Testify at a Deposition and Produce Documents in a Civil Action.

| TAB | DESCRIPTION | APP. |
|---|---|---|
| Ex. 1 | Docket Sheet for *In re: Chromacode Litigation,* No. 5:23-cv-04823 (N.D. Cal.) | APP.001 – APP.025 |
| Ex. 2 | Plaintiff's Notice of Motion and Memorandum of Points and Authorities in Support of Motion for Leave to Amend Infringement Contentions, *In re: Chromacode Litigation,* No. 5:23-cv-04823 (N.D. Cal.) Dkt. No 128 | APP.026 – APP.050 |
| Ex. 3 | Order Granting in Part and Denying in Part ChromaCode's Motion for Leave to Amend Infringement Contentions, *In re: Chromacode Litigation,* No. 5:23-cv-04823 (N.D. Cal.) Dkt. No 154 | APP.051 – APP.063 |
| Ex. 4 | Plaintiffs' and Counter-Defendants' Notice of Second Amended Subpoena to Non-Party Verily Life Sciences LLC to Appear for Remote Deposition, *In re: Chromacode Litigation,* No. 5:23-cv-04823 (N.D. Cal.) | APP.064 – APP.085 |
| Ex. 5 | Non-Party Verily Life Sciences, LLC's Objections and Responses to Plaintiffs' Second Amended Subpoena to Testify at a Deposition in a Civil Action, *In re: Chromacode Litigation,* No. 5:23-cv-04823 (N.D. Cal.) | APP.086 – APP.116 |

| Ex. 6 | Email from J. Salen to L. Smith et al., regarding "RE: In Re Chromacode Litigation – Second Amended Subpoena to Verily" sent on December 4, 2025 | APP.117 – APP.124 |

Dated:  December 11, 2025

Respectfully submitted,

*/s/ Keith B. Davis*
Keith B. Davis
Texas State Bar No. 24037895
kbdavis@jonesday.com
JONES DAY
2727 N. Harwood Street, Suite 500
Dallas, TX 75201-1515
Telephone:     (214) 969-4528
Facsimile:     (214)  969-5100

## CERTIFICATE OF SERVICE

       Pursuant to the Federal Rules of Civil Procedure, I hereby certify that the foregoing was filed with the Court and served via the Court's ECF E-Filing Service System or via e-mail on all parties and/or counsel of record on December 11, 2025.


                              */s/ Keith B. Davis*
                              Keith B. Davis

# EXHIBIT 1

ADRMOP,AO279,CONSOL,MEDTERM,REFSET–SVK,RELATE
## U.S. District Court
## California Northern District (San Jose)
## CIVIL DOCKET FOR CASE #: 5:23–cv–04823–EKL

IN RE: CHROMACODE LITIGATION
Assigned to: Judge Eumi K. Lee
Referred to: Magistrate Judge Virginia K. DeMarchi
       Magistrate Judge Susan van Keulen (Settlement)
Cause: 28:2201 Declaratory Judgement

Date Filed: 09/20/2023
Jury Demand: Both
Nature of Suit: 830 Patent
Jurisdiction: Federal Question

**Plaintiff**

**ChromaCode, Inc.**

represented by **Amy H Candido**
Simpson Thacher & Bartlett LLP
California
2475 Hanover St.
Palo Alto, CA 94304–1114
650–251–5030
Fax: 650–251–5002
Email: acandido@wsgr.com
*TERMINATED: 01/15/2025*
*LEAD ATTORNEY*

**Ariel C. Green Anaba**
Wilson Sonsini Goodrich & Rosati
953 East Third Street
Suite 100
90013
Los Angeles, CA 90013
323–210–2985
Email: aanaba@wsgr.com
*TERMINATED: 01/15/2025*

**Bradley C. Graveline**
Sheppard Mullin Richter & Hampton LLP
321 North Clark Street
Ste 32nd Floor
Chicago, IL 60654
312–499–6300
Fax: 312–499–6301
Email: BGraveline@sheppardmullin.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Christopher Don Mays**
Wilson Sonsini Goodrich & Rosati
650 Page Mill Road
Palo Alto, CA 94304
650–849–3088
Fax: 650–493–6811
Email: cmays@wsgr.com
*TERMINATED: 01/15/2025*

**Darren M. Franklin**
Sheppard Mullin Richter and Hampton LLP
333 South Hope Street, 43rd Floor
Los Angeles, CA 90071–1422
213–620–1780
Fax: 213–620–1398
Email: dfranklin@sheppardmullin.com
*TERMINATED: 06/18/2025*

**Eric Gill**
Sheppard Mullin Richter & Hampton
12275 El Camino Real
Suite 100
San Diego, CA 92130
858–720–8935
Email: EGill@sheppardmullin.com
*ATTORNEY TO BE NOTICED*

**Eric Preston Tuttle**
Wilson Sonsini Goodrich & Rosati
701 Fifth Avenue
Suite 5100
Seattle, WA 98104–7036
206–883–2500
Fax: 866–974–7329
Email: eric.tuttle@wsgr.com
*TERMINATED: 01/15/2025*

**Jaime Choi**
Sheppard Mullin Richter & Hampton
12275 El Camino Real
Suite 100
San Diego, CA 92130
858–876–3545
Email: jchoi@sheppardmullin.com
*ATTORNEY TO BE NOTICED*

**Jesse A Salen**
Sheppard Mullin Richter Hampton LLP
12275 El Camino Real
Suite 200
San Diego, CA 92130
United Sta
858–720–8900
Fax: 858–509–3691
Email: jsalen@sheppardmullin.com
*ATTORNEY TO BE NOTICED*

**Lisa D Zang**
Wilson Sonsini Goodrich & Rosati
1900 Avenue of the Stars
28th Floor
Los Angeles, CA 90067–4301
424–446–6900
Email: lzang@wsgr.com
*TERMINATED: 01/15/2025*

**Martin R. Bader**
Sheppard Mullin Richter & Hampton LLP
12275 El Camino Real, Suite 200
San Diego, CA 92130
(858) 720–8900
Fax: (858) 509–3691
Email: mbader@sheppardmullin.com
*ATTORNEY TO BE NOTICED*

**Sachli Balazadeh–Nayeri**
Wilson Sonsini Goodrich & Rosati, PC
One Market Street, Spear Tower, Suite 3300
San Francisco, CA 94105
949–590–0161
Email: snayeri@wsgr.com
*TERMINATED: 01/15/2025*

**Sonja Gerrard**
Wilson Sonsini Goodrich & Rosati
701 5th Ave
Ste 5100
Seattle, WA 98104
206–883–2500
Email: sgerrard@wsgr.com
*TERMINATED: 01/15/2025*

V.

**Consol Plaintiff**

**California Institute of Technology**          represented by    **Bradley C. Graveline**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Darren M. Franklin**
(See above for address)
*TERMINATED: 06/18/2025*

**Eric Gill**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Jaime Choi**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Jesse A Salen**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Martin Randall Bader**
Sheppard Mullin Richter & Hampton LLP
12275 El Camino Real
Ste 100
San Diego, CA 92130
858–720–7436
Email: mbader@sheppardmullin.com
*ATTORNEY TO BE NOTICED*

V.

**Defendant**

**Bio–Rad Laboratories, Inc.**          represented by    **Edward Robert Reines**
Jones Day
Jones Day
1755 Embarcadero Road
94303
Palo Alto, CA 94303
650–739–3939
Fax: 650–739–3900
Email: ereines@jonesday.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Louis Lut Hin Wai**
Bio–Rad Laboratories, Inc.
1000 Alfred Nobel Drive
Hercules, CA 94547

510−741−6095
Email: louis_wai@bio−rad.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Alexis Adian Smith**
Jones Day
555 S. Flower St.
50th FL.
Los Angeles, CA 90071
213−243−2653
Email: asmith@jonesday.com
*ATTORNEY TO BE NOTICED*

**Cole Uzat**
Weil, Gotshal & Manges LLP
201 Redwood Shores Parkway
Ste 5th Floor
Redwood Shores, CA 94065
650−802−3275
Fax: 650−802−3100
Email: cole.uzat@weil.com
*TERMINATED: 03/31/2025*

**Derek C. Walter**
Jones Day
555 California Street
Ste 26th Floor
San Francisco, CA 94104
415−626−3939
Fax: 415−875−5700
Email: dwalter@jonesday.com
*ATTORNEY TO BE NOTICED*

**John J Nolan**
Kirkland & Ellis LLP
601 Lexington Avenue
New York, NY 10022
212−341−7591
Email: jack.nolan@kirkland.com
*TERMINATED: 10/01/2024*
*PRO HAC VICE*

**Yi Zhang**
Weil Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153
212−810−8145
Email: yi.zhang@weil.com
*TERMINATED: 08/29/2024*
*PRO HAC VICE*

**Counter−defendant**

**California Institute of Technology**          represented by   **Bradley C. Graveline**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Darren M. Franklin**
(See above for address)
*TERMINATED: 06/18/2025*

**Eric Gill**
(See above for address)

*ATTORNEY TO BE NOTICED*

**Jaime Choi**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Jesse A Salen**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Counter–claimant**

**Bio–Rad Laboratories, Inc.**          represented by    **Edward Robert Reines**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Louis Lut Hin Wai**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Alexis Adian Smith**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Cole Uzat**
(See above for address)
*TERMINATED: 03/31/2025*

**Derek C. Walter**
(See above for address)
*ATTORNEY TO BE NOTICED*

**John J Nolan**
(See above for address)
*TERMINATED: 10/01/2024*
*PRO HAC VICE*

**Yi Zhang**
(See above for address)
*TERMINATED: 08/29/2024*
*PRO HAC VICE*

V.

**Counter–defendant**

**ChromaCode, Inc.**          represented by    **Amy H Candido**
(See above for address)
*TERMINATED: 01/15/2025*
*LEAD ATTORNEY*

**Ariel C. Green Anaba**
(See above for address)
*TERMINATED: 01/15/2025*

**Bradley C. Graveline**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Christopher Don Mays**
(See above for address)
*TERMINATED: 01/15/2025*

**Darren M. Franklin**
(See above for address)
*TERMINATED: 06/18/2025*

**Eric Gill**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Eric Preston Tuttle**
(See above for address)
*TERMINATED: 01/15/2025*

**Jaime Choi**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Jesse A Salen**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Lisa D Zang**
(See above for address)
*TERMINATED: 01/15/2025*

**Martin R. Bader**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Sachli Balazadeh–Nayeri**
(See above for address)
*TERMINATED: 01/15/2025*

**Sonja Gerrard**
(See above for address)
*TERMINATED: 01/15/2025*

| Date Filed | # | Docket Text |
|---|---|---|
| 09/20/2023 | 1 | COMPLAINT *for Declaratory Judgment* against Bio–Rad Laboratories, Inc. ( Filing fee $ 402, receipt number ACANDC–18662014.). Filed byChromaCode, Inc.. (Attachments: # 1 Civil Cover Sheet)(Candido, Amy) (Filed on 9/20/2023) (Entered: 09/20/2023) |
| 09/20/2023 | 2 | Proposed Summons. (Candido, Amy) (Filed on 9/20/2023) (Entered: 09/20/2023) |
| 09/20/2023 | 3 | REPORT on the filing or determination of an action regarding *a Patent or Trademark* (cc: form mailed to register). (Candido, Amy) (Filed on 9/20/2023) (Entered: 09/20/2023) |
| 09/20/2023 | 4 | Case assigned to Magistrate Judge Thomas S. Hixson. Counsel for plaintiff or the removing party is responsible for serving the Complaint or Notice of Removal, Summons and the assigned judge's standing orders and all other new case documents upon the opposing parties. For information, visit *E–Filing A New Civil Case* at http://cand.uscourts.gov/ecf/caseopening. Standing orders can be downloaded from the court's web page at www.cand.uscourts.gov/judges. Upon receipt, the summons will be issued and returned electronically. A scheduling order will be sent by Notice of Electronic Filing (NEF) within two business days. Consent/Declination due by 10/4/2023. (bw, COURT STAFF) (Filed on 9/20/2023) (Entered: 09/20/2023) |
| 09/20/2023 | 5 | NOTICE of Appearance by Eric Preston Tuttle (Tuttle, Eric) (Filed on 9/20/2023) (Entered: 09/20/2023) |

| 09/20/2023 | 6 | NOTICE of Appearance by Ariel C. Green Anaba (Green Anaba, Ariel) (Filed on 9/20/2023) (Entered: 09/20/2023) |
|---|---|---|
| 09/20/2023 | 7 | NOTICE of Appearance by Sachli Balazadeh–Nayeri (Balazadeh–Nayeri, Sachli) (Filed on 9/20/2023) (Entered: 09/20/2023) |
| 09/20/2023 | 8 | Corporate Disclosure Statement by ChromaCode, Inc. (Candido, Amy) (Filed on 9/20/2023) (Entered: 09/20/2023) |
| 09/20/2023 | 9 | **Initial Case Management Scheduling Order with ADR Deadlines: Case Management Statement due by 12/14/2023. Initial Case Management Conference set for 12/21/2023 10:00 AM in San Francisco, Courtroom F, 15th Floor. (dhm, COURT STAFF) (Filed on 9/20/2023) (Entered: 09/21/2023)** |
| 09/21/2023 | 10 | Summons Issued as to Bio–Rad Laboratories, Inc.. (dhm, COURT STAFF) (Filed on 9/21/2023) (Entered: 09/21/2023) |
| 09/22/2023 | 11 | CERTIFICATE OF SERVICE by ChromaCode, Inc. re 10 Summons Issued, 2 Proposed Summons (Candido, Amy) (Filed on 9/22/2023) (Entered: 09/22/2023) |
| 09/26/2023 | | Electronic filing error. Incorrect event used. [err101]Please re–file in its entirety using correct event "Summons Returned Executed" Re: 11 Certificate of Service filed by ChromaCode, Inc. (dhm, COURT STAFF) (Filed on 9/26/2023) (Entered: 09/26/2023) |
| 09/26/2023 | 12 | SUMMONS Returned Executed by ChromaCode, Inc.. ChromaCode, Inc. served on 9/22/2023, answer due 10/13/2023. (Candido, Amy) (Filed on 9/26/2023) (Entered: 09/26/2023) |
| 10/04/2023 | 13 | CONSENT/DECLINATION to Proceed Before a US Magistrate Judge by ChromaCode, Inc... (Candido, Amy) (Filed on 10/4/2023) (Entered: 10/04/2023) |
| 10/05/2023 | 14 | NOTICE of Appearance by Lisa D Zang (Zang, Lisa) (Filed on 10/5/2023) (Entered: 10/05/2023) |
| 10/12/2023 | 15 | NOTICE of Appearance by Louis Lut Hin Wai (Wai, Louis) (Filed on 10/12/2023) (Entered: 10/12/2023) |
| 10/12/2023 | 16 | Corporate Disclosure Statement by Bio–Rad Laboratories, Inc. (Wai, Louis) (Filed on 10/12/2023) (Entered: 10/12/2023) |
| 10/12/2023 | 17 | STIPULATION *TO ENLARGE TIME TO ANSWER OR OTHERWISE RESPOND TO COMPLAINT* filed by Bio–Rad Laboratories, Inc.. (Wai, Louis) (Filed on 10/12/2023) (Entered: 10/12/2023) |
| 10/12/2023 | 18 | CLERK'S NOTICE Re: Consent or Declination: Defendant shall file a consent or declination to proceed before a magistrate judge by 10/26/2023. Note that any party is free to withhold consent to proceed before a magistrate judge without adverse substantive consequences. The forms are available at: http://cand.uscourts.gov/civilforms.) *(This is a text–only entry generated by the court. There is no document associated with this entry.)* (tshlc1, COURT STAFF) (Filed on 10/12/2023) (Entered: 10/12/2023) |
| 10/17/2023 | 19 | NOTICE of Appearance by Edward Robert Reines (Reines, Edward) (Filed on 10/17/2023) (Entered: 10/17/2023) |
| 10/17/2023 | 20 | NOTICE of Appearance by Derek C. Walter (Walter, Derek) (Filed on 10/17/2023) (Entered: 10/17/2023) |
| 10/17/2023 | 21 | CONSENT/DECLINATION to Proceed Before a US Magistrate Judge by Bio–Rad Laboratories, Inc... (Walter, Derek) (Filed on 10/17/2023) (Entered: 10/17/2023) |
| 10/18/2023 | 22 | CLERK'S NOTICE OF IMPENDING REASSIGNMENT TO A U.S. DISTRICT COURT JUDGE: The Clerk of this Court will now randomly reassign this case to a District Judge because either (1) a party has not consented to the jurisdiction of a Magistrate Judge, or (2) time is of the essence in deciding a pending judicial action for which the necessary consents to Magistrate Judge jurisdiction have not been secured. You will be informed by separate notice of the district judge to whom this case is reassigned. |

| | | |
|---|---|---|
| | | ALL HEARING DATES PRESENTLY SCHEDULED BEFORE THE CURRENT MAGISTRATE JUDGE ARE VACATED AND SHOULD BE RE–NOTICED FOR HEARING BEFORE THE JUDGE TO WHOM THIS CASE IS REASSIGNED. |
| | | *This is a text only docket entry; there is no document associated with this notice.* (tshlc1, COURT STAFF) (Filed on 10/18/2023) (Entered: 10/18/2023) |
| 10/18/2023 | 23 | **ORDER REASSIGNING CASE. Case reassigned using a proportionate, random, and blind system pursuant to General Order No. 44 to Judge Edward J. Davila for all further proceedings. Magistrate Judge Thomas S. Hixson no longer assigned to case, Notice: The assigned judge participates in the Cameras in the Courtroom Pilot Project. See General Order No. 65 and http://cand.uscourts.gov/cameras.. Signed by Clerk on 10/18/2023. (Attachments: # 1 Notice of Eligibility for Video Recording)(ark, COURT STAFF) (Filed on 10/18/2023) (Entered: 10/18/2023)** |
| 10/18/2023 | 24 | **CLERKS NOTICE RESETTING CASE MANAGEMENT CONFERENCE FOLLOWING REASSIGNMENT** |
| | | Initial Case Management Conference set for 12/7/2023 at 10:00 AM in San Jose, Courtroom 4, 5th Floor before Judge Edward J. Davila. Joint Case Management Statement due by 11/24/2023. |
| | | The Court does not issue a revised Initial Case Management Scheduling Order with ADR Deadlines. Standing orders can be downloaded from the court's web page at https://www.cand.uscourts.gov/judges/davila–edward–j–ejd/. |
| | | *(This is a text–only entry generated by the court. There is no document associated with this entry.)* (crr, COURT STAFF) (Filed on 10/18/2023) (Entered: 10/18/2023) |
| 10/24/2023 | 25 | STIPULATION WITH PROPOSED ORDER re 1 Complaint, 17 Stipulation *TO ENLARGE TIME TO ANSWER OR OTHERWISE RESPOND TO COMPLAINT* filed by Bio–Rad Laboratories, Inc.. (Reines, Edward) (Filed on 10/24/2023) (Entered: 10/24/2023) |
| 10/25/2023 | 26 | **ORDER Granting 25 Stipulation for Extension to Respond to Complaint. Signed by Judge Edward J. Davila on 10/25/2023. (crr, COURT STAFF) (Filed on 10/25/2023) (Entered: 10/25/2023)** |
| 11/08/2023 | 27 | ANSWER to Complaint with Jury Demand *Affirmative Defenses and*, COUNTERCLAIM against ChromaCode, Inc. by Bio–Rad Laboratories, Inc.. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3, # 4 Exhibit 4, # 5 Exhibit 5)(Walter, Derek) (Filed on 11/8/2023) (Entered: 11/08/2023) |
| 11/20/2023 | 28 | ADR Clerks Notice re: Non–Compliance with Court Order. The parties have failed to file an ADR Certification as required by the Initial Case Management Scheduling Order. Counsel shall comply promptly with the requirements of ADR L.R. 3–5(b) and shall file the ADR Certification. *(This is a text–only entry generated by the court. There is no document associated with this entry.)*(cmf, COURT STAFF) (Filed on 11/20/2023) (Entered: 11/20/2023) |
| 11/20/2023 | 29 | ADR Certification (ADR L.R. 3–5 b) of discussion of ADR options (Reines, Edward) (Filed on 11/20/2023) (Entered: 11/20/2023) |
| 11/20/2023 | 30 | ADR Certification (ADR L.R. 3–5 b) of discussion of ADR options (Candido, Amy) (Filed on 11/20/2023) (Entered: 11/20/2023) |
| 11/24/2023 | 31 | JOINT CASE MANAGEMENT STATEMENT & *[Proposed] Order* filed by ChromaCode, Inc.. (Candido, Amy) (Filed on 11/24/2023) (Entered: 11/24/2023) |
| 11/28/2023 | 32 | STIPULATION WITH PROPOSED ORDER *to Enlarge Time to Answer or Otherwise Respond to Defendant's Counterclaims* filed by ChromaCode, Inc.. (Attachments: # 1 Declaration of Lisa D. Zang)(Candido, Amy) (Filed on 11/28/2023) (Entered: 11/28/2023) |
| 11/29/2023 | 33 | **ORDER Granting 32 Stipulation to Enlarge Time to Answer. Signed by Judge Edward J. Davila on 11/29/2023. (ejdlc1, COURT STAFF) (Filed on 11/29/2023)** |

| | | **(Entered: 11/29/2023)** |
|---|---|---|
| 12/01/2023 | 34 | MOTION for leave to appear in Pro Hac Vice *of John Nolan* ( Filing fee $ 317, receipt number ACANDC−18893378.) filed by Bio−Rad Laboratories, Inc.. (Attachments: # 1 Exhibit 1)(Nolan, John) (Filed on 12/1/2023) (Entered: 12/01/2023) |
| 12/04/2023 | 35 | **ORDER Granting 34 Motion for Pro Hac Vice as to John Nolan. Signed by Judge Edward J. Davila on 12/4/2023. (crr, COURT STAFF) (Filed on 12/4/2023) (Entered: 12/04/2023)** |
| 12/06/2023 | 36 | STIPULATION and Proposed Order selecting Mediation by ChromaCode, Inc. filed by ChromaCode, Inc.. (Candido, Amy) (Filed on 12/6/2023) (Entered: 12/06/2023) |
| 12/06/2023 | 37 | **ORDER Granting 36 Stipulation Selecting Mediation. Signed by Judge Edward J. Davila on 12/6/2023. (crr, COURT STAFF) (Filed on 12/6/2023) (Entered: 12/06/2023)** |
| 12/06/2023 | | CASE REFERRED to Mediation. (af, COURT STAFF) (Filed on 12/6/2023) (Entered: 12/06/2023) |
| 12/06/2023 | 38 | CLERK'S NOTICE VACATING HEARING. Case Management Conference set for 12/7/2023 is VACATED – No Appearance Necessary. Scheduling Order to issue. *(This is a text−only entry generated by the court. There is no document associated with this entry.)* (crr, COURT STAFF) (Filed on 12/6/2023) (Entered: 12/06/2023) |
| 12/11/2023 | 39 | **PATENT SCHEDULING ORDER. Signed by Judge Edward J. Davila on 12/11/2023. (crr, COURT STAFF) (Filed on 12/11/2023) (Entered: 12/11/2023)** |
| 12/20/2023 | 40 | ANSWER TO COUNTERCLAIM 27 Answer to Complaint,, Counterclaim, by ChromaCode, Inc.. (Candido, Amy) (Filed on 12/20/2023) (Entered: 12/20/2023) |
| 01/12/2024 | 41 | Joint MOTION to Relate Case *Under Local Civil Rule 3−12* filed by Bio−Rad Laboratories, Inc.. (Attachments: # 1 Stipulation, # 2 Proposed Order)(Reines, Edward) (Filed on 1/12/2024) (Entered: 01/12/2024) |
| 01/12/2024 | 42 | CERTIFICATE OF SERVICE by Bio−Rad Laboratories, Inc. re 41 Joint MOTION to Relate Case *Under Local Civil Rule 3−12* (Reines, Edward) (Filed on 1/12/2024) (Entered: 01/12/2024) |
| 01/17/2024 | 43 | **ORDER RELATING CASE. Signed by Judge Edward J. Davila on 1/17/2024. (crr, COURT STAFF) (Filed on 1/17/2024) (Entered: 01/17/2024)** |
| 02/20/2024 | 44 | STIPULATION WITH PROPOSED ORDER *To Amend Patent Scheduling Order* filed by Bio−Rad Laboratories, Inc.. (Attachments: # 1 Declaration of Derek C. Walter)(Walter, Derek) (Filed on 2/20/2024) (Entered: 02/20/2024) |
| 02/20/2024 | 45 | **ORDER GRANTING 44 STIPULATION TO AMEND SCHEDULE. Signed by Judge Edward J. Davila on 2/20/2024. (ejdlc3, COURT STAFF) (Filed on 2/20/2024 Modified on 2/20/2024 (crr, COURT STAFF). (Entered: 02/20/2024)** |
| 03/21/2024 | 46 | **ORDER REFERRING CASE to Magistrate Judge Virginia K. DeMarchi for Discovery purposes. Signed by Judge Edward J. Davila on 3/21/2024. (crr, COURT STAFF) (Filed on 3/21/2024) (Entered: 03/21/2024)** |
| 03/21/2024 | 47 | **ORDER REFERRING CASE to Magistrate Judge Susan van Keulen for Settlement. Signed by Judge Edward J. Davila on 3/21/2024. (crr, COURT STAFF) (Filed on 3/21/2024) (Entered: 03/21/2024)** |
| 03/26/2024 | 48 | STIPULATION WITH PROPOSED ORDER *to Extend Deadline for Damages Contentions and Move Case Tutorial and Claim Construction Hearing Date* filed by ChromaCode, Inc.. (Candido, Amy) (Filed on 3/26/2024) (Entered: 03/26/2024) |
| 03/26/2024 | 49 | **ORDER GRANTING *AS MODIFIED* 48 STIPULATION TO EXTEND DEADLINE FOR DAMAGES CONTENTIONS AND CONTINUE TUTORIAL AND CLAIM CONSTRUCTION HEARING.Tutorial set for 8/28/2024 10:00 AM in San Jose, Courtroom 4, 5th Floor. Claim Construction Hearing to follow Tutorial. Signed by Judge Edward J. Davila on 3/26/2024. (crr, COURT STAFF) (Filed on 3/26/2024) (Entered: 03/26/2024)** |

| | | |
|---|---|---|
| 04/01/2024 | 50 | **CLERK'S NOTICE SETTING PRE–SETTLEMENT CONFERENCE CALL AND IN–PERSON SETTLEMENT CONFERENCE.** In–Person Settlement Conference set for 7/17/24 at 10:00 AM before Magistrate Judge Susan van Keulen in San Jose, Courtroom 6, 4th Floor. Settlement conference statements are due by 7/10/24.<br><br>Pre–Settlement Conference Call set for 7/15/24 at 1:30 PM. Counsel emailed Judge van Keulen's AT&T Conference Call information.<br><br>The parties shall familiarize themselves with Judge van Keulen's Standing Order re: Settlement Conference Procedures at http://www.cand.uscourts.gov/svkorders.<br><br>*(This is a text–only entry generated by the court. There is no document associated with this entry.)* (jhf, COURT STAFF) (Filed on 4/1/2024) (Entered: 04/01/2024) |
| 04/05/2024 | 51 | CLAIM CONSTRUCTION STATEMENT filed by ChromaCode, Inc.. (Attachments: # 1 Exhibit A the 128 Patent, # 2 Exhibit B the 154 Patent)(Candido, Amy) (Filed on 4/5/2024) (Entered: 04/05/2024) |
| 04/10/2024 | 52 | JOINT CASE MANAGEMENT STATEMENT *for Interim Case Management Conference* filed by ChromaCode, Inc.. (Candido, Amy) (Filed on 4/10/2024) (Entered: 04/10/2024) |
| 04/11/2024 | 53 | CLERK'S NOTICE. Interim Case Management Conference set for April 18, 2024, is VACATED – No Appearance Necessary. *(This is a text–only entry generated by the court. There is no document associated with this entry.)* (crr, COURT STAFF) (Filed on 4/11/2024) (Entered: 04/11/2024) |
| 05/20/2024 | 54 | CLAIM CONSTRUCTION STATEMENT *Opening Brief* filed by Bio–Rad Laboratories, Inc.. (Attachments: # 1 Declaration of Derek Walter in Support, # 2 Exhibit 1, # 3 Exhibit 2)(Walter, Derek) (Filed on 5/20/2024) (Entered: 05/20/2024) |
| 05/23/2024 | 55 | STIPULATION WITH PROPOSED ORDER *for Protective Order for Litigation Involving Patents, Highly Sensitive Confidential Information and/or Trade Secrets* filed by Bio–Rad Laboratories, Inc.. (Walter, Derek) (Filed on 5/23/2024) (Entered: 05/23/2024) |
| 05/24/2024 | 56 | **STIPULATED PROTECTIVE ORDER . Signed by Judge Edward J. Davila on 5/24/2024.(ejdlc3, COURT STAFF) (Filed on 5/24/2024) Modified on 5/24/2024 [re–titled](crr, COURT STAFF). (Entered: 05/24/2024)** |
| 05/30/2024 | 57 | STIPULATION WITH PROPOSED ORDER *to Extend Deadlines for Claim Construction Briefing* filed by ChromaCode, Inc.. (Attachments: # 1 Declaration of Lisa D. Zang in Support of Joint Stipulation)(Candido, Amy) (Filed on 5/30/2024) (Entered: 05/30/2024) |
| 05/30/2024 | 58 | **ORDER GRANTING 57 STIPULATION TO EXTEND DEADLINES FOR CLAIM CONSTRUCTION BRIEFING. Signed by Judge Edward J. Davila on 5/30/2024. (ejdlc3, COURT STAFF) (Filed on 5/30/2024) (Entered: 05/30/2024)** |
| 06/14/2024 | 59 | Brief – *Responsive Claim Construction Brief to 54 Opening Claim Construction Brief* filed byChromaCode, Inc.. (Attachments: # 1 Declaration of Eric P. Tuttle, # 2 Exhibit A, # 3 Exhibit B, # 4 Exhibit C, # 5 Exhibit D, # 6 Exhibit E, # 7 Exhibit F, # 8 Exhibit G, # 9 Exhibit H)(Tuttle, Eric) (Filed on 6/14/2024) (Entered: 06/14/2024) |
| 06/21/2024 | 60 | MOTION for leave to appear in Pro Hac Vice *of Yi Zhang* ( Filing fee $ 328, receipt number ACANDC–19543442.) filed by Bio–Rad Laboratories, Inc.. (Zhang, Yi) (Filed on 6/21/2024) (Entered: 06/21/2024) |
| 06/21/2024 | 61 | STIPULATION WITH PROPOSED ORDER *re: Discovery of Electronic Stored Information for Patent Litigation* filed by ChromaCode, Inc.. (Candido, Amy) (Filed on 6/21/2024) (Entered: 06/21/2024) |
| 06/24/2024 | 62 | **ORDER granting 61 Stipulation Re: Discovery of Electronically Stored Information for Patent Litigation. Signed by Magistrate Judge Virginia K. DeMarchi. (vkdlc1, COURT STAFF) (Filed on 6/24/2024) (Entered: 06/24/2024)** |

| 06/25/2024 | 63 | **ORDER GRANTING 60 MOTION FOR ADMISSION PRO HAC VICE as to Yi Zhang. Signed by Judge Edward J. Davila on 6/25/2024. (crr, COURT STAFF) (Filed on 6/25/2024) (Entered: 06/25/2024)** |
|---|---|---|
| 06/28/2024 | 64 | RESPONSE re 59 Brief, *Bio−Rad Laboratories, Inc.'s Reply To Plaintiff And Counter−Defendant Chromacode, Inc.'s Responsive Claim Construction Brief* by Bio−Rad Laboratories, Inc.. (Attachments: # 1 Declaration of Derek C. Walter, # 2 Exhibit 1, # 3 Exhibit 2)(Walter, Derek) (Filed on 6/28/2024) (Entered: 06/28/2024) |
| 07/08/2024 | 65 | STIPULATION WITH PROPOSED ORDER *to Extend Patent Local Rule 3−10 Deadline for Damages Contentions Meeting and Certification* filed by ChromaCode, Inc.. (Attachments: # 1 Declaration of Lisa D. Zang in Support of Joint Stipulation)(Candido, Amy) (Filed on 7/8/2024) (Entered: 07/08/2024) |
| 07/08/2024 | 66 | **ORDER GRANTING 65 STIPULATION TO EXTEND PATENT LOCAL RULE 3−10 DEADLINE FOR DAMAGES CONTENTIONS MEETING AND CERTIFICATION. Signed by Judge Edward J. Davila on 7/8/2024. (crr, COURT STAFF) (Filed on 7/8/2024) (Entered: 07/08/2024)** |
| 07/17/2024 | 67 | **Minute Entry for proceedings held before Magistrate Judge Susan van Keulen: In Person Settlement Conference held on 7/17/2024.** Negotiations continue.<br><br>Time in Court: 5 hours.<br>Court Reporter: Not reported/recorded.<br>Plaintiff Attorney ChromaCode: Amy Candido & Eric Tuttle with Client Representatives Aditya Rajagopal, Founder and Chairman & Paul Flook, CEO.<br>Plaintiff Attorney Caltech: Jesse Salen with Client Representative Chantal DApuzzo, Associate General Counsel.<br>Defendant Attorney: Edward Reines & Derek Walter with Client Representatives John Cassingham, Patent Counsel and Assistant Secretary, Josh Shinoff, VP of Business Development & Louis Wai, Associate General Counsel, Intellectual Prop.<br><br>Pre−Settlement Conference Call with counsel Amy Candido & Eric Tuttle for Plaintiff ChromaCode & Edward Reines and Derek Walter for Defendant Bio−Rad held on 7/15/24.<br>Time in Court: 1 hour.<br>Total Time in Court: 6 hours.<br><br>*(This is a text−only entry generated by the court. There is no document associated with this entry.)* (jhf, COURT STAFF) (Date Filed: 7/17/2024) (Entered: 07/17/2024) |
| 08/06/2024 | 68 | MOTION to Amend/Correct *Invalidity Contentions* filed by ChromaCode, Inc.. Motion Hearing set for 9/10/2024 10:00 AM in San Jose, Courtroom 2, 5th Floor before Magistrate Judge Virginia K. DeMarchi. Responses due by 8/20/2024. Replies due by 8/27/2024. (Attachments: # 1 Declaration of Eric P. Tuttle, # 2 Exhibit A, # 3 Exhibit B, # 4 Proposed Order)(Candido, Amy) (Filed on 8/6/2024) (Entered: 08/06/2024) |
| 08/07/2024 | 69 | CLERK'S NOTICE RESETTING MOTION HEARING. The Motion Hearing as to 68 Motion to Amend/Correct *Invalidity Contentions* filed by ChromaCode, Inc set for 9/10/2024 is RESET to 9/17/2024 at 10:00 AM in San Jose, Courtroom 2, 5th Floor before Magistrate Judge Virginia K. DeMarchi. *(This is a text−only entry generated by the court. There is no document associated with this entry.)* (amk, COURT STAFF) (Filed on 8/7/2024) (Entered: 08/07/2024) |
| 08/15/2024 | 70 | NOTICE of Appearance filed by Cole Uzat on behalf of Bio−Rad Laboratories, Inc. (Uzat, Cole) (Filed on 8/15/2024) (Entered: 08/15/2024) |
| 08/16/2024 | 71 | **ORDER OF CONSOLIDATION. Signed by Judge Edward J. Davila on 8/16/2024. (crr, COURT STAFF) (Filed on 8/16/2024) (Entered: 08/16/2024)** |
| 08/16/2024 | 72 | CLERK'S NOTICE CONTINUING HEARINGS. Tutorial Hearing set for 8/28/2024 is CONTINUED to 9/25/2024 at 10:00 AM in San Jose, Courtroom 4, 5th Floor before Judge Edward J. Davila. Claim Construction Hearing CONTINUED to 9/25/2024 following Tutorial. *(This is a text−only entry generated by the court. There is no document associated with this entry.)* (crr, COURT STAFF) (Filed on 8/16/2024) |

| | | |
|---|---|---|
| | | (Entered: 08/16/2024) |
| 08/20/2024 | 73 | ***ORDER REASSIGNING CASE.***<br><br>IT IS ORDERED that this case is reassigned to the Honorable Eumi K. Lee in the San Jose Division for all further proceedings.<br><br>1. All future filings shall bear the initials EKL immediately after the case number.<br><br>2. All case management conference dates are vacated and will be reset by the Court.<br><br>3. All hearing dates presently scheduled are ***VACATED***. However, existing briefing schedules for motions remain unchanged.  Motions must be ***RENOTICED*** for hearing before Judge Lee by the moving party for a date consistent with the Court&rsquo;s law and motion calendar, but the renoticing of the hearing does not affect the prior briefing schedule.<br><br>4. Deadlines for ADR compliance and discovery cutoffs remain unchanged.<br><br>5. All pretrial conference and trial dates currently set for after ***December 4, 2024***, and all other deadlines associated with the case, will remain in place unless otherwise ordered.<br><br>6. All pretrial conference and trial dates scheduled on or before ***December 4, 2024,*** are vacated. Other pretrial deadlines (*eg.*, motions in limine, pretrial statements, proposed joint trial exhibits, etc.) will remain in place.  The Court will notify the parties when a status conference will be held to schedule a new pretrial conference and trial dates for affected cases.<br><br>7. Matters currently referred to a Magistrate Judge will remain before that Magistrate Judge absent further notice.<br><br>8. On or before ***September 16, 2024***, the parties shall file a Joint Case Management Statement (separate statements are appropriate if either party is proceeding without counsel). The statement should not exceed ten pages in length and should address all issues outlines in the <u>Standing Order for All Judges of the Northern District.</u> the approved form for such statements can be accessed here:<br><br>    a. The parties are not required to complete a section if inapplicable. As number 20, the statement shall provide the following information: (i) a list or description of each party; (ii) a summary of all claims, counter−claims, cross−claims, or third party claims and the date the complaint and cross−complaint(s) were filed; and (iii) a brief procedural history of the case (chart format welcomed) including, but not limited to, any ADR proceedings or settlement conferences that have been scheduled or concluded and any appellate proceedings that are pending or concluded.<br><br>    b. If the parties believe that an immediate case management conference is needed, the parties shall explain why and identify the urgent matters that require attention. If there is no immediate need, a case management conference will be scheduled or reset pursuant to Paragraph 2 of this Order as needed.<br><br>9. The Joint Case Management Statement will not constitute a motion to extend or modify dates. If emergency relief is needed to modify a deadline, and the deadline is not of the type that can be modified via stipulation of the parties without a court order, the requesting party or parties shall additionally file a motion or stipulation for such relief in compliance with Local Rule 6.<br><br>IT IS SO ORDERED.<br><br>Dated: 08/20/2024<br>FOR THE EXECUTIVE COMMITTEE<br>Mark B. Busby, Clerk of Court<br><br>(kab−adi, COURT STAFF) (Filed on 8/20/2024) (Entered: 08/20/2024) |

| 08/20/2024 | 74 | OPPOSITION/RESPONSE (re 68 MOTION to Amend/Correct *Invalidity Contentions* ) filed byBio–Rad Laboratories, Inc.. (Attachments: # 1 Declaration of Derek C. Walter, # 2 Exhibit 1, # 3 Exhibit 2)(Walter, Derek) (Filed on 8/20/2024) (Entered: 08/20/2024) |
|---|---|---|
| 08/21/2024 | | Case Reassigned to Judge Eumi K Lee. Judge Edward J. Davila no longer assigned to the case. (kab–adi, COURT STAFF) (Filed on 8/21/2024) (Entered: 08/21/2024) |
| 08/23/2024 | 75 | NOTICE of Appearance filed by Sonja Gerrard on behalf of ChromaCode, Inc. (Gerrard, Sonja) (Filed on 8/23/2024) (Entered: 08/23/2024) |
| 08/27/2024 | 76 | REPLY (re 68 MOTION to Amend/Correct *Invalidity Contentions* ) filed byChromaCode, Inc.. (Candido, Amy) (Filed on 8/27/2024) (Entered: 08/27/2024) |
| 08/28/2024 | | Set Motion Hearing as to 68 Motion to Amend/Correct *Invalidity Contentions* is set for 9/17/2024 10:00 AM in San Jose, Courtroom 2, 5th Floor before Magistrate Judge Virginia K. DeMarchi. (amk, COURT STAFF) (Filed on 8/28/2024) (Entered: 08/28/2024) |
| 08/29/2024 | 77 | NOTICE of Withdrawal filed by Yi Zhang, no longer appearing on behalf of Bio–Rad Laboratories, Inc. in this case . (Zhang, Yi) (Filed on 8/29/2024) (Entered: 08/29/2024) |
| 08/30/2024 | 78 | **Minute Entry for proceedings held before Magistrate Judge Susan van Keulen: Conference Call with counsel in re settlement negotiations held on 8/8/2024.** Total Time in Court: 30 mins. *(This is a text–only entry generated by the court. There is no document associated with this entry.)* (jhf, COURT STAFF) (Date Filed: 8/30/2024) (Entered: 08/30/2024) |
| 09/11/2024 | 79 | NOTICE of Change in Counsel: Attorney Caleb Graves no longer representing ChromaCode, Inc. in this case (Zang, Lisa) (Filed on 9/11/2024) (Entered: 09/11/2024) |
| 09/16/2024 | 80 | JOINT CASE MANAGEMENT STATEMENT *& [Proposed] Order* filed by ChromaCode, Inc.. (Candido, Amy) (Filed on 9/16/2024) (Entered: 09/16/2024) |
| 09/17/2024 | 81 | **Minute Entry for proceedings held before Magistrate Judge Virginia K. DeMarchi: Motion Hearing re 68 Motion to Amend/Correct *Invalidity Contentions* filed by ChromaCode, Inc. held on 9/17/2024.** The Court heard oral argument. Order to issue. Plaintiff's Attorney: Christopher Mays (Chromocode). Appearance: Jesse Salen (California Institute of Technology). Defendant's Attorneys: Derek Walter, Cole Uzat. No Court Reporter. Liberty recording: 9:55–10:31a.m. Total: 36 Minutes. *(This is a text–only entry generated by the court. There is no document associated with this entry.)* (amk, COURT STAFF) (Date Filed: 9/17/2024) (Entered: 09/17/2024) |
| 09/20/2024 | 82 | CLERKS NOTICE SETTING ZOOM HEARING. Case Management Conference set for 11/6/2024 at 01:30 PM before Judge Eumi K. Lee. This proceeding will be held via a Zoom meeting. **Court Appearances:** Advanced notice is required of counsel or parties who wish to be identified by the court as making an appearance or will be participating in the argument at the hearing. A list of names and emails must be sent to the CRD at eklcrd@cand.uscourts.gov no later than November 4, 2024 at 5:00 PM PST. **General Order 58.** Persons granted access to court proceedings held by telephone or videoconference are reminded that photographing, recording, and rebroadcasting of court proceedings, including screenshots or other visual copying of a hearing, is absolutely prohibited. *(This is a text–only entry generated by the court. There is no document associated with this entry.)* (lrt, COURT STAFF) (Filed on 9/20/2024) Modified on 11/5/2024 (lrt, COURT STAFF). (Entered: 09/20/2024) |

| 09/25/2024 | 83 | **CLERK'S NOTICE SETTING TUTORIAL AND CLAIMS CONSTRUCTION HEARING.**Tutorial Hearing set for 12/3/2024 at 02:00 PM in San Jose, Courtroom 7, 4th Floor before Judge Eumi K. Lee. Claims Construction Hearing set for 12/12/2024 at 02:00 PM in San Jose, Courtroom 7, 4th Floor before Judge Eumi K. Lee. *(This is a text−only entry generated by the court. There is no document associated with this entry.)* (lrt, COURT STAFF) (Filed on 9/25/2024) (Entered: 09/25/2024) |
|---|---|---|
| 09/30/2024 | <u>84</u> | NOTICE by ChromaCode, Inc. *Damages Contentions Meeting Certification* (Candido, Amy) (Filed on 9/30/2024) (Entered: 09/30/2024) |
| 10/01/2024 | 85 | NOTICE of Withdrawal filed by John J Nolan, no longer appearing on behalf of Bio−Rad Laboratories, Inc. in this case (Nolan, John) (Filed on 10/1/2024) (Entered: 10/01/2024) |
| 10/24/2024 | 86 | **CLERK'S NOTICE SETTING CONFERENCE CALL RE SETTLEMENT STATUS.**<br>Conference Call re settlement status set for 10/24/2024 04:00 PM in San Jose, − Telephonic Only before Magistrate Judge Susan van Keulen.<br>Counsel emailed Judge van Keulen's AT&T Conference Call information.<br><br>*(This is a text−only entry generated by the court. There is no document associated with this entry.)* (jhf, COURT STAFF) (Filed on 10/24/2024) (Entered: 10/24/2024) |
| 10/25/2024 | 87 | **Minute Entry for proceedings held before Magistrate Judge Susan van Keulen: Conference Call with counsel in re settlement status held on 10/24/24.**<br>Total Time in Court: 15 mins.<br>Court Reporter: Not reported/recorded.<br><br>*(This is a text−only entry generated by the court. There is no document associated with this entry.)* (jhf, COURT STAFF) (Date Filed: 10/25/2024) (Entered: 10/25/2024) |
| 11/06/2024 | 88 | **Minute Entry for proceedings held before Judge Eumi K Lee: Further Case Management Conference held on 11/6/2024. Tutorial and Further Case Management Conference reset for 12/3/2024 at 02:00 PM by zoom meeting (time and date remain the same). Claims Construction Hearing reset for 12/12/2024 at 01:00 PM (time change only). Close of Fact Discovery reset to 3/12/2025.**<br><br>Parties shall meet and confer and select 10 terms for purposes of the Markman hearing and submit an amended term chart by 11/15/24. The parties may request up to two additional terms, but must provide a compelling reasons for including any additional terms.<br><br>**Court Appearances for the Tutorial by zoom meeting:** Advanced notice is required of counsel or parties who wish to be identified by the court as making an appearance or will be participating in the argument at the hearing. A list of names and emails must be sent to the CRD at eklcrd@cand.uscourts.gov no later than November 29, 2024 at 5:00 PM PT.<br><br>**General Order 58.** Persons granted access to court proceedings held by telephone or videoconference are reminded that photographing, recording, and rebroadcasting of court proceedings, including screenshots or other visual copying of a hearing, is absolutely prohibited.<br><br>Total Time in Court: 1:44pm−2:13pm (29 minutes).<br>Court Reporter: Lee−Anne Shortridge.<br><br>Plaintiff Attorney: Amy Candido, Jesse Saleh, Bradley Graveline.<br>Defendant Attorney: Edward Reines, Derek Walter.<br><br>*(This is a text−only entry generated by the court. There is no document associated with this entry.)* (lrt, COURT STAFF) (Date Filed: 11/6/2024) (Entered: 11/06/2024) |
| 11/08/2024 | <u>89</u> | **ORDER by Magistrate Judge Virginia K. DeMarchi granting <u>68</u> ChromaCode's Motion for Leave to Amend Invalidity Contentions. (vkdlc1, COURT STAFF) (Filed on 11/8/2024) (Entered: 11/08/2024)** |

| 11/15/2024 | 90 | CLAIM CONSTRUCTION STATEMENT *Pursuant To DKT. 88* filed by ChromaCode, Inc., California Institute of Technology. (Salen, Jesse) (Filed on 11/15/2024) (Entered: 11/15/2024) |
|---|---|---|
| 11/26/2024 | 91 | NOTICE of Appearance filed by Jaime Choi on behalf of ChromaCode, Inc., California Institute of Technology (Choi, Jaime) (Filed on 11/26/2024) (Entered: 11/26/2024) |
| 12/03/2024 | 92 | **Minute Entry for proceedings held before Judge Eumi K Lee: Tutorial Hearing held on 12/3/2024. Further Case Management Conference held on 12/3/2024.**<br><br>Total Time in Court: 1:37.<br>Court Reporter: Ruth Levine Ekhaus.<br><br>Plaintiff Attorney: Jaime Choi, Jesse Salen, Christopher Mays.<br>Defendant Attorney: Derek Walter.<br>*(This is a text–only entry generated by the court. There is no document associated with this entry.)* (lrt, COURT STAFF) (Date Filed: 12/3/2024) (Entered: 12/03/2024) |
| 12/03/2024 | 93 | TRANSCRIPT ORDER for proceedings held on 12/03/2024 before Judge Eumi K Lee by ChromaCode, Inc., California Institute of Technology, for Court Reporter Ruth Ekhaus. (Salen, Jesse) (Filed on 12/3/2024) (Entered: 12/03/2024) |
| 12/06/2024 | 94 | Transcript of Proceedings held on 12/03/2024, before Judge Eumi K. Lee. Court Reporter Ruth Levine Ekhaus, RMR, RDR, FCRR, CCG, CSR No. 12219, telephone number ruth_ekhaus@cand.uscourts.gov/(415)336–5223. Per General Order No. 59 and Judicial Conference policy, this transcript may be viewed only at the Clerk's Office public terminal or may be purchased through the Court Reporter until the deadline for the Release of Transcript Restriction. After that date it may be obtained through PACER. Any Notice of Intent to Request Redaction, if required, is due no later than 5 business days from date of this filing. (Re (93 in 5:23–cv–04823–EKL) Transcript Order ) Release of Transcript Restriction set for 3/6/2025. (rre, COURT STAFF) (Filed on 12/6/2024) (Entered: 12/06/2024) |
| 12/11/2024 | 95 | **TENTATIVE RULING: CLAIM CONSTRUCTION HEARING ON DECEMBER 12, 2024. Signed by Judge Eumi K. Lee on 12/11/2024. (lrt, COURT STAFF) (Filed on 12/11/2024) (Entered: 12/11/2024)** |
| 12/12/2024 | 96 | **Minute Entry for proceedings held before Judge Eumi K Lee: Claims Construction Hearing held on 12/12/2024. The parties will file supplemental briefing on the Court's tentative construction of term 6 as set out in its Tentative Ruling (ECF No. 95 ). Defendant's opening brief is due on December 23, 2024. Plaintiff's responsive brief is due January 10, 2025. The parties are limited to 5 pages each.**<br><br>Total Time in Court: 2:59.<br>Court Reporter: Summer Fisher.<br><br>Plaintiff Attorney: Jesse Salen, Bradley Graveline, Jamie Choi.<br>Defendant Attorney: Derek Walter, Edward Reines, Cole Uzat.<br>*(This is a text–only entry generated by the court. There is no document associated with this entry.)* (lrt, COURT STAFF) (Date Filed: 12/12/2024) (Entered: 12/12/2024) |
| 12/17/2024 | 97 | TRANSCRIPT ORDER for proceedings held on 12/12/2024 before Judge Eumi K Lee by Bio–Rad Laboratories, Inc., for Court Reporter Summer Fisher. (Uzat, Cole) (Filed on 12/17/2024) (Entered: 12/17/2024) |
| 12/17/2024 | 98 | TRANSCRIPT ORDER for proceedings held on 12/12/2024 before Judge Eumi K Lee by ChromaCode, Inc., California Institute of Technology, for Court Reporter Summer Fisher. (Salen, Jesse) (Filed on 12/17/2024) (Entered: 12/17/2024) |
| 12/18/2024 | 99 | Transcript of Proceedings held on 12/12/2024, before Judge Eumi K. Lee. Court Reporter/Transcriber Summer Fisher, telephone number summer_fisher@cand.uscourts.gov. Per General Order No. 59 and Judicial Conference policy, this transcript may be viewed only at the Clerk's Office public terminal or may be purchased through the Court Reporter/Transcriber until the deadline for the Release of Transcript Restriction. After that date it may be obtained through PACER. Any |

| | | Notice of Intent to Request Redaction, if required, is due no later than 5 business days from date of this filing. (Re 97 Transcript Order ) Redaction Request due 1/8/2025. Redacted Transcript Deadline set for 1/21/2025. Release of Transcript Restriction set for 3/18/2025. (Related documents(s) 97 ) (Fisher, Summer) (Filed on 12/18/2024) (Entered: 12/18/2024) |
|---|---|---|
| 12/23/2024 | 100 | Supplemental Brief re 96 Claims Construction / Markman Hearing,,,, Terminate Hearings,,, *Supplemental Claim Construction Brief On Tentative Construction Of Term 6* filed byBio–Rad Laboratories, Inc.. (Attachments: # 1 Declaration of Derek C. Walter, # 2 Exhibit 1, # 3 Exhibit 2, # 4 Exhibit 3)(Related document(s) 96 ) (Walter, Derek) (Filed on 12/23/2024) (Entered: 12/23/2024) |
| 01/08/2025 | 101 | MOTION to Substitute Attorney *(Notice of Withdrawal of Wilson Sonsini Goodrich & Rosati, P.C. as Counsel)* filed by ChromaCode, Inc.. (Attachments: # 1 Proposed Order)(Candido, Amy) (Filed on 1/8/2025) (Entered: 01/08/2025) |
| 01/10/2025 | 102 | RESPONSE re 100 Supplemental Brief, by ChromaCode, Inc., California Institute of Technology. (Attachments: # 1 Declaration of Jesse A. Salen, # 2 Exhibit 1, # 3 Exhibit 2, # 4 Exhibit 3)(Salen, Jesse) (Filed on 1/10/2025) (Entered: 01/10/2025) |
| 01/15/2025 | 103 | **ORDER RELIEVING WILSON SONSINI GOODRICH & ROSATI, P.C. AS COUNSEL FOR PLAINTIFF AND COUNTER–DEFENDANT CHROMACODE, INC. Signed by Judge Eumi K. Lee. (lrt, COURT STAFF) (Filed on 1/15/2025) (Entered: 01/15/2025)** |
| 02/25/2025 | 104 | NOTICE by ChromaCode, Inc., California Institute of Technology *of Related Case* (Salen, Jesse) (Filed on 2/25/2025) (Entered: 02/25/2025) |
| 02/26/2025 | | Electronic filing error. Please re–file in its entirety selecting the correct motion event. Re: 104 Notice (Other) filed by ChromaCode, Inc., California Institute of Technology (dhm, COURT STAFF) (Filed on 2/26/2025) (Entered: 02/26/2025) |
| 02/26/2025 | 105 | MOTION to Relate Case filed by ChromaCode, Inc., California Institute of Technology. (Salen, Jesse) (Filed on 2/26/2025) (Entered: 02/26/2025) |
| 03/03/2025 | 106 | **ORDER RELATING CASE. This case, 5:23–cv–4823–EKL, is related to 5:25–cv–1701–BLF, which shall be reassigned to Judge Eumi K. Lee. Signed by Judge Eumi K. Lee on 3/3/2025. (lrt, COURT STAFF) (Filed on 3/3/2025) (Entered: 03/03/2025)** |
| 03/17/2025 | 107 | TRANSCRIPT ORDER for proceedings held on 11/06/2024 before Judge Eumi K Lee by ChromaCode, Inc., California Institute of Technology, for Court Reporter Lee–Anne Shortridge. (Salen, Jesse) (Filed on 3/17/2025) (Entered: 03/17/2025) |
| 03/24/2025 | 108 | Transcript of Proceedings held on 11–6–23, before Judge Eumi K. Lee. Court Reporter Lee–Anne Shortridge, email: lee–anne_shortridge@cand.uscourts.gov. Per General Order No. 59 and Judicial Conference policy, this transcript may be viewed only at the Clerk's Office public terminal or may be purchased through the Court Reporter until the deadline for the Release of Transcript Restriction. After that date it may be obtained through PACER. Any Notice of Intent to Request Redaction, if required, is due no later than 5 business days from date of this filing. (Re 107 Transcript Order ) Release of Transcript Restriction set for 6/23/2025. (Related documents(s) 107 ) (las, COURT STAFF) (Filed on 3/24/2025) (Entered: 03/24/2025) |
| 03/31/2025 | 109 | NOTICE of Withdrawal filed by Cole Uzat, no longer appearing on behalf of Bio–Rad Laboratories, Inc. in this case (Uzat, Cole) (Filed on 3/31/2025) (Entered: 03/31/2025) |
| 04/11/2025 | 110 | MOTION for Relief from November 6, 2024 Scheduling Order *and Notice of Motion, Memorandum of Points & Authorities In Support of Motion* filed by ChromaCode, Inc., California Institute of Technology. Motion Hearing set for 6/18/2025 10:00 AM in San Jose, Courtroom 7, 4th Floor before Judge Eumi K Lee. Responses due by 4/25/2025. Replies due by 5/2/2025. (Attachments: # 1 Declaration of Jesse A. Salen, # 2 Exhibit 1, # 3 Exhibit 2, # 4 Exhibit 3, # 5 Exhibit 4, # 6 Exhibit 5, # 7 Proposed Order)(Salen, Jesse) (Filed on 4/11/2025) (Entered: 04/11/2025) |
| 04/11/2025 | 111 | MOTION to Consolidate Cases filed by Bio–Rad Laboratories, Inc.. Motion Hearing set for 6/18/2025 10:00 AM in San Jose, Courtroom 7, 4th Floor before Judge Eumi K Lee. Responses due by 4/25/2025. Replies due by 5/2/2025. (Attachments: # 1 |

| | | |
|---|---|---|
| | | Proposed Order of Consolidation)(Walter, Derek) (Filed on 4/11/2025) (Entered: 04/11/2025) |
| 04/25/2025 | 112 | OPPOSITION/RESPONSE (re 110 MOTION for Relief from November 6, 2024 Scheduling Order *and Notice of Motion, Memorandum of Points & Authorities In Support of Motion* ) filed byBio-Rad Laboratories, Inc.. (Attachments: # 1 DECLARATION OF DEREK C. WALTER IN SUPPORT OF BIO–RAD LABORATORIES, INC.S OPPOSITION TO PLAINTIFFS MOTION FOR RELIEF FROM NOV 6, 2024 SCHEDULING ORDER, # 2 Exhibit 1 TO DECLARATION OF DEREK C. WALTER IN SUPPORT OF BIO–RAD LABORATORIES, INC.S OPPOSITION TO PLAINTIFFS MOTION FOR RELIEF FROM NOV 6, 2024 SCHEDULING ORDER, # 3 Exhibit 2 TO DECLARATION OF DEREK C. WALTER IN SUPPORT OF BIO–RAD LABORATORIES, INC.S OPPOSITION TO PLAINTIFFS MOTION FOR RELIEF FROM NOV 6, 2024 SCHEDULING ORDER, # 4 Exhibit 3 TO DECLARATION OF DEREK C. WALTER IN SUPPORT OF BIO–RAD LABORATORIES, INC.S OPPOSITION TO PLAINTIFFS MOTION FOR RELIEF FROM NOV 6, 2024 SCHEDULING ORDER, # 5 Exhibit 4 TO DECLARATION OF DEREK C. WALTER IN SUPPORT OF BIO–RAD LABORATORIES, INC.S OPPOSITION TO PLAINTIFFS MOTION FOR RELIEF FROM NOV 6, 2024 SCHEDULING ORDER, # 6 Exhibit 5 TO DECLARATION OF DEREK C. WALTER IN SUPPORT OF BIO–RAD LABORATORIES, INC.S OPPOSITION TO PLAINTIFFS MOTION FOR RELIEF FROM NOV 6, 2024 SCHEDULING ORDER, # 7 Exhibit 6 TO DECLARATION OF DEREK C. WALTER IN SUPPORT OF BIO–RAD LABORATORIES, INC.S OPPOSITION TO PLAINTIFFS MOTION FOR RELIEF FROM NOV 6, 2024 SCHEDULING ORDER)(Walter, Derek) (Filed on 4/25/2025) (Entered: 04/25/2025) |
| 04/25/2025 | 113 | OPPOSITION/RESPONSE (re 111 MOTION to Consolidate Cases ) filed byChromaCode, Inc., California Institute of Technology. (Attachments: # 1 Declaration of Jesse A. Salen, # 2 Exhibit 1, # 3 Exhibit 2, # 4 Exhibit 3)(Salen, Jesse) (Filed on 4/25/2025) (Entered: 04/25/2025) |
| 05/02/2025 | 114 | REPLY (re 110 MOTION for Relief from November 6, 2024 Scheduling Order *and Notice of Motion, Memorandum of Points & Authorities In Support of Motion* ) filed byChromaCode, Inc., California Institute of Technology. (Attachments: # 1 Declaration Supplemental of Jesse A. Salen, # 2 Exhibit 6, # 3 Exhibit 7, # 4 Exhibit 8, # 5 Exhibit 9)(Salen, Jesse) (Filed on 5/2/2025) (Entered: 05/02/2025) |
| 05/02/2025 | 115 | Administrative Motion to File Under Seal *Defendant Bio–Rad Laboratories, Inc.s Administrative Motion to Consider Whether Plaintiffs Materials Should Be Sealed* filed by Bio-Rad Laboratories, Inc.. (Attachments: # 1 Proposed Order Proposed] Order Granting Defendant Bio–Rad Laboratories, Inc.s Administrative Motion to Consider Whether Plaintiffs Materials Should Be Sealed, # 2 Bio–Rad Laboratories, Inc.s Reply In Support of Its Motion to Consolidate Filed Under Seal, # 3 Exhibit Exhibit 2 Filed Under Seal, # 4 Exhibit Exhibit 4 Filed Under Seal)(Walter, Derek) (Filed on 5/2/2025) (Entered: 05/02/2025) |
| 05/02/2025 | 116 | REPLY (re 111 MOTION to Consolidate Cases ) *Bio–Rad Laboratories, Inc.s Reply in Support of Its Motion To Consolidate* filed byBio-Rad Laboratories, Inc.. (Attachments: # 1 Declaration Declaration of Derek C. Walter In Support Of Bio–Rad Laboratories, Inc.s Reply in Support of Bio–Rad Laboratories, Inc.s Motion to Consolidate Cases, # 2 Exhibit 1, # 3 Exhibit 2 Redacted in Entirety, # 4 Exhibit 3, # 5 Exhibit 4 Redacted in Entirety)(Walter, Derek) (Filed on 5/2/2025) (Entered: 05/02/2025) |
| 05/08/2025 | 117 | Statement re 115 Administrative Motion to File Under Seal *Defendant Bio–Rad Laboratories, Inc.s Administrative Motion to Consider Whether Plaintiffs Materials Should Be Sealed* by ChromaCode, Inc., California Institute of Technology. (Salen, Jesse) (Filed on 5/8/2025) (Entered: 05/08/2025) |
| 06/16/2025 | 118 | **ORDER GRANTING 115 DEFENDANT BIO–RAD LABORATORIES, INC.'S ADMINISTRATIVE MOTION TO CONSIDER WHETHER PLAINTIFFS' MATERIALS SHOULD BE SEALED. Signed by Judge Eumi K. Lee. (lrt, COURT STAFF) (Filed on 6/16/2025) (Entered: 06/16/2025)** |

| 06/17/2025 | 119 | **Plaintiffs' 110 motion for relief from scheduling order is GRANTED. The parties' fact discovery cutoff is extended to 7/31/2025. This deadline may be further extended upon motion of the parties after the *Markman* order issues. Entered by Judge Eumi K. Lee on 6/17/2025. (*This is a text–only entry generated by the court. There is no document associated with this entry.*) (ekllc1, COURT STAFF) (Filed on 6/17/2025) (Entered: 06/17/2025)** |
| --- | --- | --- |
| 06/18/2025 | 120 | NOTICE of Change in Counsel: Attorney Darren M. Franklin no longer representing ChromaCode, Inc., California Institute of Technology in this case (Salen, Jesse) (Filed on 6/18/2025) (Entered: 06/18/2025) |
| 06/18/2025 | 121 | **Minute Entry for proceedings held before Judge Eumi K. Lee: Motion Hearing held on 6/18/2025 re (111 in 5:23–cv–04823–EKL) MOTION to Consolidate Cases.**<br><br>Court grants motion and orders Case No. 25–cv–01701–EKL consolidated with 23–cv–4823–EKL. Master case file will be maintained under Case No. 23–cv–04823–EKL.<br><br>The Clerk will file a copy of these minutes in Case No. 25–cv–01701–EKL, terminate any pending schedules, deadlines, and dates in Case No. 25–cv–01701–EKL, and close that case.<br><br>The parties will meet and confer and submit a joint proposed schedule by June 30.<br><br>The Court will set a further case management conference after issuing its pending Markman order, to take place in August 2025.<br><br>Total Time in Court: 10:07am–11:04am (57 minutes).<br>Court Reporter: Lee–Anne Shortridge (by Zoom).<br><br>Plaintiff Attorney: Jesse Salen, Bradley Graveline.<br>Defendant Attorney: Derek Walter, Edward Reines.<br>Attachment: Proceedings and Minute Order. (lrt, COURT STAFF) (Date Filed: 6/18/2025) (Entered: 06/18/2025) |
| 06/20/2025 | 122 | TRANSCRIPT ORDER for proceedings held on 06/18/2025 before Judge Eumi K. Lee by ChromaCode, Inc., California Institute of Technology, for Court Reporter Lee–Anne Shortridge. (Salen, Jesse) (Filed on 6/20/2025) (Entered: 06/20/2025) |
| 06/30/2025 | 123 | Joint Proposed Schedule and [Proposed] Order filed by ChromaCode, Inc., California Institute of Technology. (Attachments: # 1 Exhibit A – Email, # 2 Exhibit B – Email, # 3 Exhibit C – Email)(Salen, Jesse) (Filed on 6/30/2025) Modified on 7/1/2025 (dhm, COURT STAFF). (Entered: 06/30/2025) |
| 07/02/2025 | 124 | Transcript of Proceedings held on 6–18–25, before Judge Eumi K. Lee. Court Reporter Lee–Anne Shortridge, email: lee–anne_shortridge@cand.uscourts.gov. Per General Order No. 59 and Judicial Conference policy, this transcript may be viewed only at the Clerk's Office public terminal or may be purchased through the Court Reporter until the deadline for the Release of Transcript Restriction. After that date it may be obtained through PACER. Any Notice of Intent to Request Redaction, if required, is due no later than 5 business days from date of this filing. (Re 122 Transcript Order ) Release of Transcript Restriction set to 9/30/2025. (Related documents(s) 122 ) (las, COURT STAFF) (Filed on 7/2/2025) (Entered: 07/02/2025) |
| 07/22/2025 | 125 | **CLAIM CONSTRUCTION ORDER. Signed by Judge Eumi K. Lee on 7/22/2025. (lrt, COURT STAFF) (Filed on 7/22/2025) (Entered: 07/22/2025)** |
| 07/24/2025 | 126 | CLERK'S NOTICE SETTING FURTHER CASE MANAGEMENT CONFERENCE. Further Case Management Conference set for 8/27/2025 at 01:30 PM before Judge Eumi K. Lee. This proceeding will be held via a Zoom meeting.<br><br>**Court Appearances:** Advanced notice is required of counsel or parties who will be present at the hearing. A list of names and emails must be sent to the CRD at eklcrd@cand.uscourts.gov no later than 8/25/2025 at 5:00 PM PT. |

| | | |
|---|---|---|
| | | *Civ LR 77−3(d).* Persons granted access to court proceedings held by telephone or videoconference are reminded that photographing, recording, and rebroadcasting of court proceedings, including screenshots or other visual copying of a hearing, is absolutely prohibited.<br><br>*(This is a text−only entry generated by the court. There is no document associated with this entry.)* (lrt, COURT STAFF) (Filed on 7/24/2025) (Entered: 07/24/2025) |
| 07/29/2025 | 127 | Administrative Motion to Consider Whether Another Party's Material Should Be Sealed filed by ChromaCode, Inc., California Institute of Technology. (Attachments: # 1 Declaration of Jesse A. Salen in Support of Motion to Consider Whether Another Party's Material Should be Sealed Pursuant to Civil Local Rule 79−5(f), # 2 Proposed Order, # 3 Exhibit 1, # 4 Exhibit 2, # 5 Exhibit 6, # 6 Exhibit 7, # 7 Exhibit 8)(Salen, Jesse) (Filed on 7/29/2025) (Entered: 07/29/2025) |
| 07/29/2025 | 128 | MOTION for Leave to File *Amended Infringement Contentions* filed by ChromaCode, Inc., California Institute of Technology. (Attachments: # 1 Declaration of Jesse A. Salen in Support of Motion for Leave to Amend Infringement Contentions, # 2 Exhibit 1, # 3 Exhibit 2, # 4 Exhibit 3, # 5 Exhibit 4, # 6 Exhibit 5, # 7 Exhibit 6, # 8 Exhibit 7, # 9 Exhibit 8, # 10 Exhibit 9, # 11 Exhibit 10, # 12 Exhibit 11)(Salen, Jesse) (Filed on 7/29/2025) (Entered: 07/29/2025) |
| 08/04/2025 | 129 | STIPULATION WITH PROPOSED ORDER *to Extend Time to Respond to Plaintiffs Administrative Motion to Consider Whether Another Partys Materials Should Be Sealed.* (Attachments: # 1 Declaration Declaration of Derek C. Walter In Support of Stipulation and [Proposed] Order to Extend Time to Respond to Plaintiffs Administrative Motion to Consider Whether Another Partys Materials Should Be Sealed)(Walter, Derek) (Filed on 8/4/2025) (Entered: 08/04/2025) |
| 08/05/2025 | 130 | **ORDER granting 129 Stipulation to Extend Time to Respond to Plaintiff's Administrative Motion to Consider Whether Another Party's Materials Should Be Sealed. Signed by Magistrate Judge Virginia K. DeMarchi on 8/5/2025. (vkdlc1, COURT STAFF) (Filed on 8/5/2025) (Entered: 08/05/2025)** |
| 08/11/2025 | 131 | Administrative Motion to Consider Whether Another Party's Material Should Be Sealed *Defendant Bio−Rad Laboratories, Inc.s and Third Party Verily Life Sciences, LLCs Statement in Support of Plaintiffs Administrative Motion to Consider Whether Bio−Rads Materials Should Be Sealed* filed by Bio−Rad Laboratories, Inc.. (Attachments: # 1 Exhibit [Sealed Docket] FINAL Highlight Ex. 2 SA Reviewed, # 2 Exhibit [Public Docket] FINAL Ex. 2, # 3 Exhibit [Sealed Docket] FINAL Highlight Ex. 7 SA Reviewed, # 4 Exhibit [Public Docket] FINAL Ex. 7)(Walter, Derek) (Filed on 8/11/2025) (Entered: 08/11/2025) |
| 08/12/2025 | 132 | OPPOSITION/RESPONSE (re 128 MOTION for Leave to File *Amended Infringement Contentions* ) filed byBio−Rad Laboratories, Inc.. (Attachments: # 1 Declaration of Derek C. Walter in Support of Bio−Rads Opposition to Plaintiffs Motion For Leave to Amend Infringement Contentions, # 2 Exhibit 1 to Declaration of Derek C. Walter in Support of Bio−Rads Opposition to Plaintiffs Motion For Leave to Amend Infringement Contentions, # 3 Exhibit 2 to Declaration of Derek C. Walter in Support of Bio−Rads Opposition to Plaintiffs Motion For Leave to Amend Infringement Contentions, # 4 Exhibit 3 to Declaration of Derek C. Walter in Support of Bio−Rads Opposition to Plaintiffs Motion For Leave to Amend Infringement Contentions, # 5 Exhibit 4 to Declaration of Derek C. Walter in Support of Bio−Rads Opposition to Plaintiffs Motion For Leave to Amend Infringement Contentions, # 6 Exhibit 5 to Declaration of Derek C. Walter in Support of Bio−Rads Opposition to Plaintiffs Motion For Leave to Amend Infringement Contentions, # 7 Exhibit 6 to Declaration of Derek C. Walter in Support of Bio−Rads Opposition to Plaintiffs Motion For Leave to Amend Infringement Contentions, # 8 Exhibit 7 to Declaration of Derek C. Walter in Support of Bio−Rads Opposition to Plaintiffs Motion For Leave to Amend Infringement Contentions, # 9 Exhibit 8 to Declaration of Derek C. Walter in Support of Bio−Rads Opposition to Plaintiffs Motion For Leave to Amend Infringement Contentions, # 10 Exhibit 9 to Declaration of Derek C. Walter in Support of Bio−Rads Opposition to Plaintiffs Motion For Leave to Amend Infringement Contentions, # 11 Exhibit 10 to Declaration of Derek C. Walter in Support of Bio−Rads Opposition to Plaintiffs Motion For Leave to Amend Infringement Contentions)(Walter, Derek) (Filed on 8/12/2025) (Entered: 08/12/2025) |

| 08/14/2025 | 133 | STIPULATION WITH PROPOSED ORDER *Rescheduling Hearing Date on Plaintiffs Motion for Leave to Amend Infringement Contentions [Dkt. 128] and Defendants Opposition [Dkt. 132]* filed by Bio–Rad Laboratories, Inc.. (Walter, Derek) (Filed on 8/14/2025) (Entered: 08/14/2025) |
|---|---|---|
| 08/15/2025 | 134 | **ORDER granting 133 Stipulation to Reschedule Hearing Date on Plaintiffs' Motion for Leave to Amend Infringement Contentions 128 . Motion Hearing set for 9/16/2025 at 10:00 AM in San Jose, Courtroom 2, 5th Floor before Magistrate Judge Virginia K. DeMarchi. Signed by Magistrate Judge Virginia K. DeMarchi on 8/15/2025. (vkdlc1, COURT STAFF) (Filed on 8/15/2025) (Entered: 08/15/2025)** |
| 08/18/2025 | 135 | TRANSCRIPT ORDER for proceedings held on 06/18/25 before Judge Eumi K. Lee by Bio–Rad Laboratories, Inc., for Court Reporter Lee–Anne Shortridge. (Walter, Derek) (Filed on 8/18/2025) (Entered: 08/18/2025) |
| 08/18/2025 | 136 | **Order: Given the 125 Claim Construction Order and the competing schedules submitted on 6/30/2025, the parties are ORDERED to file an updated proposed schedule by 8/22/2025. The parties may submit a status report in conjunction with the updated proposed schedule, providing any other updates that would be helpful to the Court in preparing for the Further Case Management Conference set for 8/27/2025. Entered by Judge Eumi K. Lee on 8/18/2025. *(This is a text–only entry generated by the court. There is no document associated with this entry.)* (eklic1, COURT STAFF) (Filed on 8/18/2025) (Entered: 08/18/2025)** |
| 08/19/2025 | 137 | Second Administrative Motion to Consider Whether Another Party's Material Should Be Sealed filed by ChromaCode, Inc., California Institute of Technology. (Attachments: # 1 Declaration of Jesse A. Salen in Support of Second Motion to Consider Whether Another Party's Material Should Be Filed Under Seal, # 2 Proposed Order, # 3 Exhibit 3 – Bio–Rad's Responses/Objections to Third Set of Interrogatories)(Salen, Jesse) (Filed on 8/19/2025) (Entered: 08/19/2025) |
| 08/19/2025 | 138 | REPLY (re 128 MOTION for Leave to File *Amended Infringement Contentions* ) filed byChromaCode, Inc., California Institute of Technology. (Attachments: # 1 Declaration of Jesse A. Salen in Support of Reply of Motion for Leave to Amend Infringement Contentions, # 2 Exhibit 1 – Dec. 30, 2024 POPR, # 3 Exhibit 2 – Bio–Rad's Amended Invalidity Contentions, # 4 Exhibit 3 – Under Seal, # 5 Exhibit 4 – BIO_CCODE00006914)(Salen, Jesse) (Filed on 8/19/2025) (Entered: 08/19/2025) |
| 08/22/2025 | 139 | JOINT CASE MANAGEMENT STATEMENT *and Proposed Order* filed by ChromaCode, Inc., California Institute of Technology. (Salen, Jesse) (Filed on 8/22/2025) (Entered: 08/22/2025) |
| 08/26/2025 | 140 | Administrative Motion to File Under Seal *Defendant Bio–Rad Laboratories, Inc.s Statement in Support of Plaintiffs Second Administrative Motion to Consider Whether Bio–Rads Materials Should be Sealed (Dkt.* filed by Bio–Rad Laboratories, Inc.. (Attachments: # 1 Exhibit 3 Redacted, # 2 Exhibit 3 Sealed)(Walter, Derek) (Filed on 8/26/2025) (Entered: 08/26/2025) |
| 08/27/2025 | 141 | **Minute Entry for proceedings held before Judge Eumi K. Lee: Further Case Management Conference held on 8/27/2025. Hearings and deadlines set as per attached.**<br><br>Zoom Recording: 1:58 PM – 3:08 PM (1:10 minutes).<br>Transcriber – Tara Jauregui, email: echoreporting@yahoo.com<br><br>Plaintiff Attorney: Jesse Salen, Martin Bader (Caltech's associate general counsel, Darren Franklin, and Chiemi Suzuki).<br>Defendant Attorney: Derek Walter, Alexis Smith, (for Bio–Rad, John Cassinham, Louis Wai).<br><br>Attachment: Proceedings and Minute Order. (lrt, COURT STAFF) (Date Filed: 8/27/2025) Modified on 9/2/2025 (lmh, COURT STAFF). (Entered: 08/29/2025) |
| 09/02/2025 | 142 | TRANSCRIPT ORDER for proceedings held on 8/27/2025 before Judge Eumi K. Lee by Bio–Rad Laboratories, Inc., for Recorded Proceeding – San Jose. (Walter, Derek) (Filed on 9/2/2025) **Transcriber – Tara Jauregui, email:** |

| | | |
|---|---|---|
| | | **echoreporting@yahoo.com** Modified on 9/2/2025 (lmh, COURT STAFF). (Entered: 09/02/2025) |
| 09/02/2025 | 143 | TRANSCRIPT ORDER for proceedings held on 08/27/2025 before Judge Eumi K. Lee by ChromaCode, Inc., California Institute of Technology, for Recorded Proceeding – San Jose. (Salen, Jesse) (Filed on 9/2/2025) **Transcriber – Tara Jauregui, email: echoreporting@yahoo.com** Modified on 9/2/2025 (lmh, COURT STAFF). (Entered: 09/02/2025) |
| 09/03/2025 | 144 | JOINT CASE MANAGEMENT STATEMENT *Joint Proposed Case Schedule and [Proposed] Order* filed by ChromaCode, Inc., California Institute of Technology. (Salen, Jesse) (Filed on 9/3/2025) (Entered: 09/03/2025) |
| 09/08/2025 | 145 | STIPULATION WITH PROPOSED ORDER *to Amend Initial Infringement Contentions for U.S. Patent No. 12,168,797* filed by ChromaCode, Inc., California Institute of Technology. (Salen, Jesse) (Filed on 9/8/2025) (Entered: 09/08/2025) |
| 09/09/2025 | 146 | **ORDER granting 145 Stipulation to Amend Initial Infringement Contentions for U.S. Patent No. 12,168,797. Signed by Magistrate Judge Virginia K. DeMarchi on 9/9/2025. (vkdlc1, COURT STAFF) (Filed on 9/9/2025) (Entered: 09/09/2025)** |
| 09/16/2025 | 147 | **Minute Entry for proceedings held before Magistrate Judge Virginia K. DeMarchi:**<br><br>Motion Hearing held on 9/16/2025.<br><br>The Court heard oral arguments. Order to be issued.<br><br>Plaintiff's Attorneys: Jesse Salen, Eric Gill.<br>Defendant's Attorney: Derek Walter.<br><br>No Reporter. Liberty Recording: 9:59 – 11:37 a.m. Total Time: 1hr 38 min.<br>Transcriber – Tara Jauregui, email: echoreporting@yahoo.com<br><br>*(This is a text–only entry generated by the court. There is no document associated with this entry.)* (smc, COURT STAFF) (Date Filed: 9/16/2025) Modified on 9/17/2025 (lmh, COURT STAFF). (Entered: 09/16/2025) |
| 09/17/2025 | 148 | TRANSCRIPT ORDER for proceedings held on 09/16/2025 before Magistrate Judge Virginia K. DeMarchi by ChromaCode, Inc., California Institute of Technology, for Recorded Proceeding – San Jose. (Salen, Jesse) (Filed on 9/17/2025) **Transcriber – Tara Jauregui, email: echoreporting@yahoo.com** Modified on 9/17/2025 (lmh, COURT STAFF). (Entered: 09/17/2025) |
| 09/18/2025 | 149 | TRANSCRIPT ORDER for proceedings held on 09/16/2025 before Magistrate Judge Virginia K. DeMarchi by Bio–Rad Laboratories, Inc., for Recorded Proceeding – San Jose. (Walter, Derek) (Filed on 9/18/2025). **Transcriber – Tara Jauregui, email: echoreporting@yahoo.com**. Modified on 9/18/2025 (jcf, COURT STAFF). (Entered: 09/18/2025) |
| 09/20/2025 | 150 | Transcript of Proceedings held on 09/16/25, before Judge Virginia K. DeMarchi. Court Reporter/Transcriber Echo Reporting, Inc., telephone number echoreporting@yahoo.com. Tape Number: 9:59 – 11:37. Per General Order No. 59 and Judicial Conference policy, this transcript may be viewed only at the Clerk's Office public terminal or may be purchased through the Court Reporter/Transcriber until the deadline for the Release of Transcript Restriction. After that date it may be obtained through PACER. Any Notice of Intent to Request Redaction, if required, is due no later than 5 business days from date of this filing. Redaction Request due 10/14/2025. Redacted Transcript Deadline set for 10/21/2025. Release of Transcript Restriction set for 12/19/2025. (Jauregui, Tara) (Filed on 9/20/2025) (Entered: 09/20/2025) |
| 09/22/2025 | 151 | **JOINT PROPOSED CASE SCHEDULE AND ORDER **AS MODIFIED**. Signed by Judge Eumi K. Lee on 9/22/2025. (lrt, COURT STAFF) (Filed on 9/22/2025) Modified on 9/22/2025 to correct date in docket text. (lrt, COURT STAFF). (Entered: 09/22/2025)** |

| 09/26/2025 | 152 | Transcript of Proceedings held on 08/27/25, before Judge Eumi K. Lee. Court Reporter/Transcriber Echo Reporting, Inc., telephone number echoreporting@yahoo.com. Tape Number: 1:58 – 3:08. Per General Order No. 59 and Judicial Conference policy, this transcript may be viewed only at the Clerk's Office public terminal or may be purchased through the Court Reporter/Transcriber until the deadline for the Release of Transcript Restriction. After that date it may be obtained through PACER. Any Notice of Intent to Request Redaction, if required, is due no later than 5 business days from date of this filing. (Re 142 Transcript Order, 143 Transcript Order, ) Redaction Request due 10/17/2025. Redacted Transcript Deadline set for 10/27/2025. Release of Transcript Restriction set for 12/26/2025. (Related documents(s) 142 , 143 ) (Jauregui, Tara) (Filed on 9/26/2025) (Entered: 09/26/2025) |
| 10/01/2025 | 153 | CLAIM CONSTRUCTION STATEMENT *Joint Claim Construction and Prehearing Statement* filed by ChromaCode, Inc., California Institute of Technology. (Salen, Jesse) (Filed on 10/1/2025) (Entered: 10/01/2025) |
| 10/09/2025 | 154 | **ORDER re 128 Granting in Part and Denying in Part ChromaCode's Motion for Leave to Amend Infringement Contentions. Signed by Magistrate Judge Virginia K. DeMarchi on 10/9/2025. (vkdlc1, COURT STAFF) (Filed on 10/9/2025) (Entered: 10/09/2025)** |
| 10/09/2025 | 155 | **ORDER re 127 137 Motions to Seal. Signed by Magistrate Judge Virginia K. DeMarchi on 10/9/2025. (vkdlc1, COURT STAFF) (Filed on 10/9/2025) (Entered: 10/09/2025)** |
| 10/16/2025 | 156 | NOTICE by ChromaCode, Inc. *Offer of Judgment* (Salen, Jesse) (Filed on 10/16/2025) (Entered: 10/16/2025) |
| 10/21/2025 | 157 | NOTICE of Appearance filed by Eric Gill on behalf of ChromaCode, Inc., California Institute of Technology (Gill, Eric) (Filed on 10/21/2025) (Entered: 10/21/2025) |
| 10/21/2025 | 158 | NOTICE of Appearance filed by Alexis Adian Smith on behalf of Bio–Rad Laboratories, Inc. (Smith, Alexis) (Filed on 10/21/2025) (Entered: 10/21/2025) |
| 10/23/2025 | 159 | EXHIBITS re 155 Order, Terminate Motions filed byChromaCode, Inc., California Institute of Technology. (Attachments: # 1 Exhibit 1 [Part 1 of 2] – Public Version, # 2 Exhibit 1 [Part 2 of 2] – Public Version, # 3 Exhibit 2 – Public Redacted Version, # 4 Exhibit 3 – Revised Public Redacted Version, # 5 Exhibit 6 – Public Version, # 6 Exhibit 7 – Public Redacted Version)(Related document(s) 155 ) (Salen, Jesse) (Filed on 10/23/2025) (Entered: 10/23/2025) |
| 10/29/2025 | 160 | CLAIM CONSTRUCTION STATEMENT *Opening Claim Construction Brief for the '797 Patent* filed by California Institute of Technology, ChromaCode, Inc.. (Attachments: # 1 Declaration of Bernhard H. Weigl in Support of Claim Construction Brief)(Salen, Jesse) (Filed on 10/29/2025) (Entered: 10/29/2025) |
| 10/29/2025 | 161 | Opening Claim Construction Brief for 797 Patent filed by Bio–Rad Laboratories, Inc.. (Attachments: # 1 Declaration of Derek C. Walter, # 2 Exhibit A, # 3 Exhibit B, # 4 Exhibit C, # 5 Exhibit D, # 6 Exhibit E, # 7 Exhibit F, # 8 Exhibit G)(Walter, Derek) (Filed on 10/29/2025) Modified text on 10/30/2025 (dhm, COURT STAFF). (Entered: 10/29/2025) |
| 11/03/2025 | 162 | STIPULATION WITH PROPOSED ORDER *to Extend the Deadline for Responsive Claim Construction Briefs* filed by California Institute of Technology, ChromaCode, Inc.. (Salen, Jesse) (Filed on 11/3/2025) (Entered: 11/03/2025) |
| 11/03/2025 | 163 | **ORDER GRANTING 162 STIPULATION TO EXTEND THE DEADLINE FOR RESPONSIVE CLAIM CONSTRUCTION BRIEFS. Signed by Judge Eumi K. Lee. (lrt, COURT STAFF) (Filed on 11/3/2025) (Entered: 11/03/2025)** |
| 11/05/2025 | 164 | MOTION to Strike *Plaintiffs' Opening Claim Construction Brief and Accompanying Declaration of Dr. Wiegl* filed by Bio–Rad Laboratories, Inc.. Motion Hearing set for 12/5/2025 01:30 PM in San Jose, Courtroom 7, 4th Floor before Judge Eumi K. Lee. Responses due by 11/19/2025. Replies due by 11/26/2025. (Attachments: # 1 Declaration of Derek C. Walter, # 2 Exhibit 1, # 3 Proposed Order, # 4 Certificate/Proof of Service)(Walter, Derek) (Filed on 11/5/2025) (Entered: 11/05/2025) |

| 11/05/2025 | 165 | MOTION to Expedite *Pursuant to Civ. L.R. 6−3 and 7−11* filed by Bio−Rad Laboratories, Inc.. (Attachments: # 1 Declaration of Derek C. Walter, # 2 Exhibit 1, # 3 Proposed Order)(Walter, Derek) (Filed on 11/5/2025) (Entered: 11/05/2025) |
|---|---|---|
| 11/07/2025 | 166 | OPPOSITION/RESPONSE (re 165 MOTION to Expedite *Pursuant to Civ. L.R. 6−3 and 7−11* ) filed byCalifornia Institute of Technology, ChromaCode, Inc.. (Attachments: # 1 Declaration of Jesse A. Salen in Support of Opposition to Motion to Expedite Briefing Schedule, # 2 Exhibit 1 − Draft Joint Proposed Schedule, Correspondence between Parties' Counsel, # 3 Exhibit 2 − Caltech's Patent L.R. 4−2 Disclosures, # 4 Proposed Order)(Salen, Jesse) (Filed on 11/7/2025) (Entered: 11/07/2025) |
| 11/10/2025 | 167 | **ORDER granting \*AS MODIFIED\* 165 Motion to Expedite Briefing Schedule. Signed by Judge Eumi K. Lee. (lrt, COURT STAFF) (Filed on 11/10/2025) (Entered: 11/10/2025)** |
| 11/12/2025 | 168 | OPPOSITION/RESPONSE (re 164 MOTION to Strike *Plaintiffs' Opening Claim Construction Brief and Accompanying Declaration of Dr. Wiegl* ) filed byCalifornia Institute of Technology, ChromaCode, Inc.. (Attachments: # 1 Declaration of Jesse A. Salen in Support of Opposition to Motion to Strike, # 2 Exhibit 1 − Draft Proposed Joint Schedule; Correspondence Between Parties' Counsel, # 3 Exhibit 2 − Caltech's Patent L.R. 4−2 Disclosures)(Salen, Jesse) (Filed on 11/12/2025) (Entered: 11/12/2025) |
| 11/13/2025 | 169 | Notice of Withdrawal of Motion *to Strike Plaintiffs' Opening Claim Construction Brief and Accompanying Declaration of Dr. Wiegl* (Walter, Derek) (Filed on 11/13/2025) (Entered: 11/13/2025) |
| 11/17/2025 | 170 | Administrative Motion to Consider Whether Another Party's Material Should Be Sealed filed by Bio−Rad Laboratories, Inc.. (Attachments: # 1 Proposed Order, # 2 Responsive Claim Construction Brief Under Seal, # 3 Exhibit J Under Seal)(Walter, Derek) (Filed on 11/17/2025) (Entered: 11/17/2025) |
| 11/17/2025 | 171 | Brief *Defendant Bio−Rad Laboratories, Inc.'s Responsive Claim Construction Brief for U.S. Patent No. 12,168,797* filed byBio−Rad Laboratories, Inc.. (Attachments: # 1 Declaration of Pallavi Shah, # 2 Declaration of Derek C. Walter, # 3 Exhibit H, # 4 Exhibit I, # 5 Exhibit J Redacted, # 6 Exhibit K, # 7 Exhibit L, # 8 Exhibit M, # 9 Exhibit N, # 10 Exhibit O, # 11 Exhibit P)(Walter, Derek) (Filed on 11/17/2025) (Entered: 11/17/2025) |
| 11/17/2025 | 172 | CLAIM CONSTRUCTION STATEMENT *Responsive Claim Construction Brief for the '797 Patent* filed by California Institute of Technology, ChromaCode, Inc.. (Salen, Jesse) (Filed on 11/17/2025) (Entered: 11/17/2025) |
| 12/03/2025 | 173 | **CLERK'S NOTICE REQUIRING REGISTRATION FOR ZOOM HEARING.** A Tutorial is set for 12/5/2025 at 1:30 PM. This proceeding will be held via a Zoom meeting.<br><br>**Court Appearances:** Advanced notice is required of counsel or parties who will be present at the hearing. A list of names and emails must be sent to the CRD at eklcrd@cand.uscourts.gov no later than 12/4/2025 at 3:00 PM PST.<br><br>**Civ LR 77−3(d).** Persons granted access to court proceedings held by telephone or videoconference are reminded that photographing, recording, and rebroadcasting of court proceedings, including screenshots or other visual copying of a hearing, is absolutely prohibited.<br><br>*(This is a text−only entry generated by the court. There is no document associated with this entry.)* (lrt, COURT STAFF) (Filed on 12/3/2025) (Entered: 12/03/2025) |
| 12/05/2025 | 174 | **ORDER REGARDING 170 DEFENDANT BIO−RAD LABORATORIES, INC.S ADMINISTRATIVE MOTION TO CONSIDER WHETHER PLAINTIFFS MATERIALS SHOULD BE SEALED. Signed by Judge Eumi K. Lee. (lrt, COURT STAFF) (Filed on 12/5/2025) (Entered: 12/05/2025)** |
| 12/05/2025 | 175 | **Minute Entry for proceedings held before Judge Eumi K. Lee: Tutorial Hearing held on 12/5/2025.**<br>**No Court Reporter.** |

**Plaintiff Attorney: Jaime Choi, Jesse Salen, Eric Gill, Darren Franklin, Stephen Chapman, Aditya Rajagopal.**
**Defendant Attorney: Derek Walter, Edward Reines, Lexi Smith, John Cassingham.**
*(This is a text−only entry generated by the court. There is no document associated with this entry.)* **(lrt, COURT STAFF) (Date Filed: 12/5/2025) (Entered: 12/05/2025)**

# EXHIBIT 2

SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
MARTIN R. BADER, SBN 222865
mbader@sheppardmullin.com
JESSE A. SALEN, Cal Bar No. 292043
jsalen@sheppardmullin.com
12275 El Camino Real, Suite 100
San Diego, California 92130-4092
Telephone:    858.720.8900
Facsimile:    858.509.3691

BRADLEY C. GRAVELINE, *pro hac vice*
bgraveline@sheppardmullin.com
321 North Clark Street, 32nd Floor
Chicago, Illinois 60654
Telephone:    312.499.6300
Facsimile:    312.499.6301

Attorneys for Plaintiffs and Counter-Defendants
CALIFORNIA INSTITUTE OF TECHNOLOGY
and CHROMACODE, INC.

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: CHROMACODE LITIGATION | Case No. 5:23-cv-04823-EKL (VKD) (Consolidated) **PLAINTIFFS' NOTICE OF MOTION AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR LEAVE TO AMEND INFRINGEMENT CONTENTIONS** Date: September 2, 2025 Time: 10:00 a.m. Ctrm: 2, 5th Floor Judge: Honorable Virginia K. DeMarchi |

1

**NOTICE OF MOTION**

2      PLEASE TAKE NOTICE that on Tuesday, September 2, 2025, at 10:00 a.m., or as soon

3  thereafter as this matter may be heard before the Honorable Virginia K. DeMarchi of the United

4  States District Court for the Northern District of California in Courtroom 2, 5th Floor, of 280

5  South 1st Street, San Jose, California, Plaintiffs and Counter-Defendants California Institute of

6  Technology ("Caltech") and ChromaCode, Inc. ("ChromaCode") (collectively "Plaintiffs") will

7  move for leave to amend their Patent L.R. 3-1 Infringement Contentions (the "Motion") pursuant

8  to Patent L.R. 3-6.

9      For the following reasons, Plaintiffs request that the Court allow Plaintiffs to amend their

10  Infringement Contentions.

11

12  Dated:  July 29, 2025

13                              SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

14

15                    By:  _____
                                    */s/ Jesse A. Salen*
16                                 Jesse A. Salen

17                         Attorneys for Plaintiffs CALIFORNIA
                           INSTITUTE OF TECHNOLOGY and
18                         CHROMACODE, INC.

19

20

21

22

23

24

25

26

27

28

Case No. 5:23-cv-04823-EKL (Consolidated)
MOTION TO AMEND INFRINGEMENT CONTENTIONS

# TABLE OF CONTENTS

Page

I.   INTRODUCTION ................................................................................................1

II.  ISSUE TO BE DECIDED .....................................................................................3

III. PROCEDURAL AND FACTUAL BACKGROUND ...........................................3

　　A.   Consolidated Cases ...................................................................................3

　　B.   Discovery ...................................................................................................4

　　　　1.   Plaintiffs' Preliminary Infringement Contentions..........................4

　　　　2.   Single Sample Volume. ...................................................................4

　　　　3.   Coding Tables. .................................................................................5

　　　　4.   Accused Assays. ..............................................................................6

　　　　5.   Bates Numbered Documents. ...........................................................6

　　　　6.   Claim Construction. .........................................................................6

　　C.   Bio-Rad's *Inter Partes Review* Petition. .................................................7

IV.  Proposed Changes to Plaintiffs' Infringement Contentions. ................................7

V.   MEET AND CONFER .........................................................................................9

VI.  LEGAL STANDARD ...........................................................................................9

VII. ARGUMENT ......................................................................................................10

　　A.   Plaintiffs Diligently Discovered and Disclosed the Proposed Amendments. ..........10

　　　　1.   Single Sample Volume....................................................................10

　　　　2.   Coding Tables. ...............................................................................11

　　　　3.   Assays Plaintiffs Learned of In Discovery....................................11

　　　　4.   URL Addresses. ..............................................................................12

　　B.   Caltech's Amendments Will Not Prejudice Bio-Rad...............................12

　　　　1.   Plaintiffs' Single Sample Volume and Coding Scheme Amendments Merely Narrow Their Theories; Plaintiffs Are Not Adding New Infringement Theories. ...........12

　　　　2.   Plaintiffs' Addition of an Accused Assays and Updated Citations to Evidence Likewise Do Not Add New Infringement Theories. ...................14

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

     3.    The Proposed Amendments Do Not Impact the Case Schedule, and Bio-Rad Will Have Ample Opportunity to Investigate and Conduct Discovery ....................................................................................................15

     4.    Regardless of Diligence, the Court Should Exercise Its Discretion and Grant Leave to Amend Because There Is No Prejudice.......................16

VIII.    CONCLUSION ...................................................................................................16

1

## TABLE OF AUTHORITIES

2

Page(s)

3

<u>Cases</u>

4

*Apple Inc. v. Samsung Elecs. Co.*
   No. CV 12-00630 LHK, 2012 WL 5632618 (N.D. Cal. Nov. 15, 2012) ..................... 9, 10, 14

5

*Asetek Danmark A/S v. CoolIT Systems Inc.*
   No. 19-cv-00410-EMC (LB), 2020 WL 6562319 (N.D. Cal. Nov. 9, 2020) ......................... 15

6

*Brandywine Commc'ns Techs., LLC v. AT&T Corp.*
   No. C 12-2494 CW, 2014 WL 1569544 (N.D. Cal. Apr. 18, 2014) ...................................... 14

7

8

*Facebook, Inc. v. BlackBerry Ltd.*
   No. 18-cv-05434-JSW (JSC), 2020 WL 864934 (N.D. Cal. Feb. 13, 2020), *report and
   recommendation adopted*, No. 18-cv-05434-JSW, 2020 WL 9422395 (N.D. Cal. Mar.
   30, 2020) ...................................................................................................................................... 11

9

10

11

*Finjan, Inc. v. Blue Coat Systems, Inc.*
   2014 WL 5305906 (N.D. Cal. Oct. 16, 2014) .......................................................................... 15

12

*Fitbit, Inc. v. Aliphcom*
   2017 WL 11673584 (N.D. Cal. July 21, 2017) ........................................................................ 15

13

14

*Fujifilm Corp. v. Motorola Mobility LLC*
   No. 12-cv-03587-WHO, 2014 WL 491745 (N.D. Cal. Feb. 5, 2014) ...................................... 9

15

16

*Horus Vision, LLC v. Applied Ballistics, LLC*
   2014 WL 12629930 (N.D. Cal. June 23, 2014) ....................................................................... 14

17

*Impinj, Inc. v. NXP USA, Inc.*
   2022 WL 2125133 (N.D. Cal. Mar. 4, 2022) .......................................................................... 14

18

19

*Karl Storz Endoscopy-Am., Inc. v. Stryker Corp.*
   No. 14-cv-00876-RS (JSC), 2016 WL 2855260 (N.D. Cal. May 13, 2016) ........................... 16

20

21

*OpenDNS, Inc. v. Select Notifications Media, LLC*
   2013 WL 2422623 (N.D. Cal., June 3, 2013) ................................................................... 13, 14

22

*Positive Techs., Inc. v. Sony Elecs., Inc.*
   No. 11-cv-02226 SI, 2013 WL 322556 (N.D. Cal. Jan. 28, 2013) ........................................... 9

23

24

*Twilio, Inc. v. TeleSign Corp.*
   2017 WL 3581186 (N.D. Cal. Aug. 18, 2017) ........................................................................ 16

25

26

*U.S. Ethernet Innovations, LLC v. Acer, Inc.*
   No. 10-cv-3724 CW, 2013 WL 5609325 (N.D. Cal. Oct. 11, 2013) ........................................ 9

27

28

*WhatsApp Inc. v. Intercarrier Commc'ns, LLC*
   No. 13-cv-04272 JST, 2014 WL 12703766 (N.D. Cal. Sept. 3, 2014) ................................... 10

Case No. 5:23-cv-04823-EKL (Consolidated)
MOTION TO AMEND INFRINGEMENT CONTENTIONS

APP.031

1

<u>Other Authorities</u>

Patent Local Rule 3-1 ........................................................................................................... 4

Patent Local Rule 3-6 ........................................................................................................... 9

**MEMORANDUM OF POINTS AND AUTHORITIES**

## I.   INTRODUCTION

Plaintiffs respectfully request leave to amend their Preliminary Infringement Contentions ("PICs"), served on March 21, 2024, to conform with positions Plaintiffs have taken throughout the duration of this dispute. *See* Declaration of Jesse A. Salen in Support of Plaintiffs' Motion for Leave to Amend ("Salen Dec.") Ex. 2 (proposed amended infringement contentions). The proposed changes are minor amendments to clarify Plaintiffs' infringement allegations, and they are consistent with Plaintiffs' PICs. As the parties have engaged in discovery over the course of the consolidated cases, Plaintiffs have ruled out or refined certain aspects of their infringement theories and have proposed amending their PICs accordingly. Indeed, Plaintiffs are largely removing infringement theories and thus streamlining the case. To the extent that Plaintiffs are adding anything to their PICs (three assays that Plaintiffs only learned of for the first time in discovery), Plaintiffs' infringement theory for these assays mirrors Plaintiffs' infringement theory for the other assays as detailed in Plaintiffs' original PICs. Despite the fact that Plaintiffs' proposed amendments are provided in the interests of consistency, concision, and clarity, and despite the fact that Plaintiffs' proposed amendments introduce no new theories of infringement, but instead narrow them, Bio-Rad opposes amendment.

Plaintiffs' proposed amendments fall into four categories:

**1.     *Single Sample Volume.*** Plaintiffs' PICs contained two infringement theories relating to single sample volume. Plaintiffs contended that "a single sample volume" could be either: (i) a droplet, or (ii) the solution before being partitioned into droplets.[1] However, as is consistent with the term's plain and ordinary meaning in view of the claim language and record, Plaintiffs' proposed amendment limits its infringement theory to droplets.

**2.     *Coding Tables.*** Plaintiffs' proposed amendments seek to clarify Plaintiffs' position with regard to certain coding tables contained in their infringement contentions. Plaintiffs' PICs provide citations to non-degenerate chromatogram cluster plots generated using data from the

---

[1] Neither party asked the Court to construe "single sample volume" during claim construction.

1   accused kits and assays.[2] Plaintiffs' PICs also provide exemplary coding tables that were intended

2   to reflect the fluorophore-analyte associations of the accused assays. However, Plaintiffs

3   subsequently learned that the exemplary coding tables it provided were degenerate, inadvertently

4   suggesting that Plaintiffs construed the accused kits or assays to be degenerate. Plaintiffs'

5   proposed amendments correct the exemplary coding tables to be non-degenerate as the term was

6   recently construed by the Court in its July 23, 2025 claim construction order (Dkt. 125 at 24), and

7   more directly map to non-degenerate chromatogram cluster plots, removing any inadvertent

8   suggestion that Plaintiffs construed the accused kits or assays to be degenerate.

9       **3.    _Accused Assays._**  Plaintiffs' proposed amendments add three accused assays: (i)

10  two assays performed by Verily Life Sciences ("Verily Assays") on Bio-Rad devices, and (ii) Bio-

11  Rad assay 3542. Plaintiffs learned of these assays for the first time through party and third-party

12  discovery.

13      **4.    _Insertion of Bates numbers._**  Finally, Plaintiffs' PICs cited to certain documents

14  using URL address citations. Through discovery, these documents were produced with Bates

15  numbers. Plaintiffs' proposed amendment substitutes the URL address citations with citations to

16  produced, Bates-stamped documents.

17      The proposed amendments are supported by good cause.  Plaintiffs were diligent in

18  discovering and disclosing the proposed amendments with sufficient time for Bio-Rad to

19  incorporate such changes into its invalidity contentions and discovery requests.  Allowing the

20  proposed amendments would not prejudice Bio-Rad.  The proposed case schedule provides an

21  overabundance of time for Bio-Rad to investigate the proposed amendments and adjust its

22  defenses, if even necessary.  In fact, Bio-Rad's position with respect to the proposed case schedule

23  is to extend fact discovery until June, 2026.  (Dkt. 123 at 2.)  Deadlines for expert discovery and a

24  trial date have yet to be set and are not even included in the parties' proposed case schedule.

25

26  _____

27  [2] The terms "degenerate" and "degeneracy" "generally describe a situation where a legitimate result is not definitive, because it can indicate more than one possibility in terms of the presence or absence of an analyte." Dkt. 125 at 24.  In contrast, non-degenerate or non-degeneracy "means a

28  result cannot indicate more than one possibility." _Id._

1   Thus, given the current schedule and the parties' proposed deadlines, there is no prejudice to Bio-

2   Rad from Plaintiffs' proposed amendments.

3   **II.    ISSUE TO BE DECIDED**

4          Whether Plaintiffs should be allowed to amend their preliminary infringement contentions.

5   **III.    PROCEDURAL AND FACTUAL BACKGROUND**

6          **A.    Consolidated Cases**

7          On September 20, 2023, ChromaCode sued Bio-Rad for a declaratory judgment of non-

8   infringement of Bio-Rad's U.S. Patent Nos. 9,222,128 and 9,921,154 (5:23-cv-04823-EKL).

9   (Dkt. 1.)  On October 5, 2023, ChromaCode and Caltech sued Bio-Rad for infringement of

10  Caltech's U.S. Patent Nos. 10,068,051 (the "'051 Patent"), 10,770,170 (the "'170 Patent"), and

11  11,827,921 (the "'921 Patent") (5:23-cv-06360-EJD).  (Dkts. 1, 12, 54.)  On February 18, 2025,

12  Caltech further sued Bio-Rad for infringement of Caltech's U.S. Patent No. 12,168,797 (the "'797

13  Patent") (5:25-cv-01701-EKL). (Dkt. 1.) The Court consolidated the 04823 and 06360 cases on

14  August 16, 2024, and further consolidated the 01701 case with the two previously filed cases on

15  June 18, 2025.

16         This Motion relates to the patents that Caltech and ChromaCode asserted in the former

17  6360 action, namely the '051 Patent, the '170 Patent, and the '921 Patent (collectively, the

18  "patents-at-issue").  The patents-at-issue are directed to methods of unambiguously detecting the

19  presence or absence of any combination of multiple target analytes in a biological sample (called

20  "non-degenerate" target multiplexing), and kits or assays capable of such non-degenerate

21  multiplexing.

22         As a result of the June 18, 2025 consolidation order, the parties proposed a joint case

23  schedule to the Court that contemplates separate deadlines under the Patent Local Rules for

24  Caltech's assertion of the '797 Patent, while merging and extending the deadlines for all other

25  portions of the consolidated case (e.g., close of fact discovery, expert disclosures, summary

26  judgment motions, etc.).  (Dkt 123.)  Under the proposed case schedule, fact discovery would not

27  close for at least six more months (under Plaintiffs' proposal) or 12 more months (under Bio-

28

1  Rad's proposal). Neither side proposed dates for expert discovery, *Daubert* motions, summary

2  judgment motions, or trial.  (*Id*.)

3      **B.      Discovery**

4          Notwithstanding the duration of this case, Bio-Rad has represented to the Court that

5  discovery is still in its early stages.  *See* Salen Dec., Ex. 3 at 27:4-6 (Bio-Rad's counsel at June 18,

6  2025 hearing on consolidation: "[I]t doesn't make sense to rush ahead with this case. We've

7  actually got a lot of [discovery] ahead of us.").  Based on correspondence from Bio-Rad's counsel,

8  Plaintiffs understand that Bio-Rad still intends to produce approximately 94,000 additional

9  documents, which Bio-Rad has refused to do until September 2025 at the earliest.  Salen Dec., Ex.

10  4 at 1; *id*., Ex. 11.  To date, Bio-Rad has produced only about 6,000 documents.  Because Bio-Rad

11  has delayed its document production, Plaintiffs have been unable to take any depositions of Bio-

12  Rad's witnesses. And Bio-Rad has not taken any depositions of Plaintiffs' witnesses. There has

13  been no expert discovery, and, as noted above, neither side has even proposed an expert discovery

14  schedule. The upshot is that Bio-Rad will have ample time to seek any discovery it needs

15  regarding Plaintiffs' amended infringement contentions without suffering any prejudice, and

16  certainly before any expert provides infringement or non-infringement opinions.

17              **1.      Plaintiffs' Preliminary Infringement Contentions.**

18          Pursuant to Patent Local Rule 3-1 and the Court's March 8, 2024 Scheduling Order (Dkt.

19  47), Plaintiffs served their PICs in the 6360 action on March 21, 2024.  Salen Dec., Ex. 1 at 15.

20              **2.      Single Sample Volume.**

21          Plaintiffs' PICs asserted infringement based on the "single sample volume" being a

22  droplet.  *Id*. at Appendix C, p. 19 (citing BIO_CCODE00007427 at 7450 ("Following droplet

23  generation, the droplets are run through a thermal cycler, which performs PCR amplification of the

24  nucleic acid target in each individual droplet.")).  In the alternative, Plaintiffs' PICs alleged that

25  "the detection is performed in a single sample volume that is subsequently partitioned into

26  multiple droplets."  *Id*. at 20.  Plaintiffs' proposed amendments simply eliminate Plaintiffs'

27  alternative theory based on a single sample volume being the original sample that is subsequently

28  partitioned into droplets.

MOTION TO AMEND INFRINGEMENT CONTENTIONS

1    **3.    Coding Tables.**

2    Plaintiffs' PICs also included allegations related to the claimed "coding schemes" in the

3    asserted patents.  That is, for accused kits or assays, Plaintiffs provided citations to chromatogram

4    cluster plots generated using data from the accused kits and assays, as well as exemplary coding

5    tables that were intended to reflect the fluorophore-analyte associations of the accused kits and

6    assays. For example, for the SARS-CoV-2 Wastewater Quantification Kit Assay, Plaintiffs cited

7    the following non-degenerate chromatogram cluster plot:[3]



15    *Id*. at Appendix C, p. 45 (citing BIO_CCODE00006971 at 6985-6990). For the same '3661 Assay,

16    Plaintiffs provided the following exemplary coding table:

| Analyte | FAM | HEX |
|---------|-----|-----|
| N2      | 1   | 0   |
| E       | 1   | 1   |
| MHV     | 0   | 1   |

21    *Id*. at Appendix C, p. 11.

22    Plaintiffs subsequently learned that the exemplary coding tables it provided were

23    degenerate,[4] inadvertently suggesting that Plaintiffs construed the accused kits and assays to be

---

[3]The chromatogram cluster plot is non-degenerate because, upon measuring fluorophore signal intensities near a given cluster, one can definitively determine the presence or absence of the specific combination of analytes associated with the given cluster. Degenerate chromatogram cluster plots, on the other hand, would have clusters wherein the centers of data clusters could not be distinguished from one another.

[4] The exemplary coding table derived for SARS-CoV-2 Wastewater Quantification Kit Assay is degenerate because upon measuring fluorophore signal values of "1" HEX and "1" FAM, one

1  degenerate. Plaintiffs' proposed amendments correct the exemplary coding tables to be non-

2  degenerate and more directly map to non-degenerate chromatogram cluster plots, removing any

3  inadvertent suggestion that Plaintiffs construed the accused kits or assays to be degenerate, which

4  would obviously be inconsistent with the asserted claims, Plaintiffs entire theory of the case, and

5  the Court's construction of the terms "degenerate" and "non-degenerate."

### 4.    Accused Assays.

6

7  Plaintiffs also provided non-degenerate chromatogram cluster plots, *id*. at Appendix C, pp.

8  44–49, and exemplary coding tables, *id*. at Appendix C, pp. 9–16, for each of the accused kits and

9  assays. Through third-party discovery, Plaintiffs subsequently learned of three more infringing

10  assays: (i) two assays performed by Verily Life Sciences ("Verily Assays") on Bio-Rad devices,

11  and (ii) Bio-Rad assay 3542. Plaintiffs' proposed amendments provide the same chromatogram

12  cluster plots and exemplary coding tables for each of these subsequently discovered assays.

### 5.    Bates Numbered Documents.

13

14  In their PICs, Plaintiffs cited to certain documents using online URL addresses. For

15  example, Plaintiffs cited "https://www.bio-rad.com/en-us/life-science/digital-pcr/qx200-droplet-

16  digital-pcr-system" and "https://www.bio-rad.com/webroot/web/pdf/lsr/literature/Bulletin_

17  6407.pdf" at various points in the PICs. *See id*. at Appendix C, pp. 1, 18–20, 25, 28–29, 40, 43,

18  57–58. In their proposed amendments, Plaintiffs merely substituted the URL addresses with the

19  Bates-stamped versions of the documents at the URL addresses, which Bio-Rad produced to

20  Plaintiffs in discovery.

### 6.    Claim Construction.

21

22  The Court conducted a claim construction hearing for the patents-at-issue on December 3,

23  2024 and recently issued its claim construction order on July 23, 2025 (Dkt. 125).  As noted

24  above, although Plaintiffs' PICs contend that a single sample volume could be either: (i) a droplet,

25  or (ii) the sample before being partitioned into droplets, neither side proposed a construction for

26

27  cannot definitively distinguish between the presence of (a) the N2 and MHV analytes and the
absence of E analyte, or (b) the presence of the E analyte and the absence of the N2 and MHV

28  analytes.

the term. (Dkt. 51.) However, the plain claim language requires that the "analytes are amplified in the single sample volume." '921 Patent, Claim 1.  And, here, the analytes in the Accused Products are amplified within single droplets, meaning that the Accused Products' "single sample volume" must be the droplets (as opposed to the pre-partitioned sample).

### C.    Bio-Rad's *Inter Partes Review* Petition.

On September 16, 2024, Bio-Rad filed a Petition for *Inter Partes Review* of the '921 Patent.  Salen Dec., Ex. 5 at 80.  In line with Plaintiffs' PICs, Bio-Rad's IPR arguments contemplated two alternative interpretations of the claimed "single sample volume."  First, Bio-Rad argued that "[t]he claimed 'single sample volume' encompasses nothing more than a portion of an original sample that may be *later* partitioned into sub-volumes for amplification."  *Id*. at 51 (emphasis in original).  Alternatively, Bio-Rad argued that if "'single sample volume' is limited to a single partition from the original sample solution (e.g., a single droplet), the claims are still invalid."  *Id*.  Plaintiffs' proposed amendments, which narrow Plaintiffs' infringement theories to single sample volume being a single droplet, do not prejudice Bio-Rad.

### IV.    Proposed Changes to Plaintiffs' Infringement Contentions.

Plaintiffs request leave to make four types of revisions to their Infringement Contentions.

*First*, Plaintiffs seek to narrow their infringement contentions related to "single sample volume."  Plaintiffs' PICs contended that single sample volume could be either: (i) a droplet, or (ii) the solution before being partitioned into droplets. Plaintiffs' proposed revision eliminates one of these two alternative interpretations, thus narrowing the scope of Plaintiffs' infringement theories and streamlining this case.  Specifically, Plaintiffs propose removing all instances of "the detection is performed in a single sample volume that is subsequently partitioned into multiple droplets" and replacing such instances with "[t]he analytes are amplified in the single sample volume, such as in a droplet or a well."  Salen Dec., Ex. 7 at Appendix C, p. 70.

*Second*, Plaintiffs request leave to remove any inadvertent suggestion that Plaintiffs construed the accused kits or assays to be degenerate. As explained above, Plaintiffs' PICs cite to non-degenerate chromatogram cluster plots constructed using data from the accused kits and assays.  Plaintiffs' PICs also contain exemplary coding tables that were intended to reflect the

1    fluorophore-analyte associations of the accused kits and assays based on their chromatogram

2    cluster plots.  However, Plaintiffs later learned that the PICs inadvertently provided exemplary

3    coding tables that were degenerate and, as such, did not map to the non-degenerate chromatogram

4    plots that Plaintiffs also provided in its PICs. Indeed, the PICs' use of erroneous exemplary coding

5    tables was inconsistent with Plaintiffs' infringement theory disclosed in their PICs that clearly

6    maps the asserted claims to non-degenerate chromatogram plots for the accused assays and kits.

7    Plaintiffs' proposed amendments correct the exemplary coding tables to use normalized decimals

8    instead of integers in order to more directly and correctly map to the cluster-centers displayed on

9    the non-degenerate chromatogram cluster plots.  *Id.* at Appendix C, pp.20-53. The revised values,

10   in effect, remove any inference that Plaintiffs construed the accused kits or assays to be degenerate

11   (they did not), while also clarifying the link between the exemplary coding tables and non-

12   degenerate chromatogram cluster plots.

13        ***Third***, Plaintiffs request leave to add two accused assays that are performed by third-party

14   Verily Life Sciences on Bio-Rad's devices, as well as explicitly call out a Bio-Rad assay ("the

15   '3542 Assay") that was implicitly included in Plaintiffs' original PICs through the PICs listing of

16   Bio-Rad's SARS-CoV-2 ddPCR Kit.  These amendments are based on information that Plaintiffs

17   learned for the first time through discovery, including from third-party Verily and Bio-Rad itself.

18   For example, through documents received from Verily, Plaintiffs learned that Verily uses and has

19   used infringing assays that are performed on Bio-Rad devices.  Salen Dec., Ex. 8.  As shown in

20   Appendix C, two Verily assays performed on Bio-Rad's devices infringe the patents-at-issue

21   under the same infringement theories that Caltech and ChromaCode previously asserted in their

22   PICs.  *See e.g.*, Salen Dec., Ex. 7 at Appendix C, p. 1.  In addition, Plaintiffs' proposed

23   amendments add "Bio-Rad's Expert Design Assay ID dEXD28563542(2019-nCoV CDC ddPCR

24   Triplex Probe Assay") ("the '3542 Assay") to the list of exemplary products that Caltech and

25   ChromaCode accuse of infringing claims 1-17 and 19 of the '921 Patent.  *Id.*  The accusation of

26   infringement by the '3542 Assay is not new.  In fact, the '3542 Assay is included in Bio-Rad's

27   SARS-CoV-2 ddPCR Kit, which was accused in Plaintiffs' PICs.  Salen Dec., Ex. 6 at 1 ("Below

28   is the relevant information from the Bio-Rad website for the SARS CoV-2 dPCR ddPCR Assay

1  [run via the SARS-CoV-2 ddPCR Kit] … Assay ID: dEXD28563542"); *see also id*., Ex. 1 at 3.

2  Plaintiffs seek to specifically call out the '3542 Assay in the amended infringement contentions to

3  clarify that both the SARS-CoV-2 Kit, and the '3542 Assay contained within it, are accused of

4  infringing the kit and assay claims of the '921 Patent.

5       *Fourth*, Plaintiffs request leave to substitute citations to URL addresses in the PICs with

6  citations to produced, Bates-stamped documents.  In each case, the former URL address citation

7  directs the user to the exact same document that is now cited by Bates number.

8  **V.**     **MEET AND CONFER**

9       Plaintiffs reached out to Bio-Rad on May 30, 2025 to request Bio-Rad's assent to the

10 proposed amendments.  On June 8, Bio-Rad indicated that it needed further information to assess

11 the proposed changes.  Salen Dec., Ex. 9 at 3-4.  The parties met and conferred on June 12, and

12 Plaintiffs followed up on June 17 with the additional information requested by Bio-Rad as well as

13 explanation for the amendments.  *Id*. at 2.  Bio-Rad responded on June 27 to confirm its

14 opposition to the proposed amendments.  *Id*. at 1.

15 **VI.**     **LEGAL STANDARD**

16      Under this District's Patent Local Rules, a party may amend its infringement contentions

17 upon a timely showing of good cause and by order of the Court.  Patent L.R. 3-6.  The good cause

18 inquiry asks: (1) whether the moving party was diligent in amending its contentions; and (2)

19 whether the non-moving party would suffer prejudice if the motion to amend were to be granted.

20 *See Fujifilm Corp. v. Motorola Mobility LLC*, No. 12-cv-03587-WHO, 2014 WL 491745, at *3

21 (N.D. Cal. Feb. 5, 2014) (citation omitted).  "[T]he diligence required for a showing of good cause

22 has two subparts: (1) diligence in discovering the basis for amendment; and (2) diligence in

23 seeking amendment once the basis for amendment has been discovered."  *Positive Techs., Inc. v.*

24 *Sony Elecs., Inc.*, No. 11-cv-02226 SI, 2013 WL 322556, at *2 (N.D. Cal. Jan. 28, 2013).

25      However, the court retains discretion to grant leave to amend even in the absence of

26 diligence, so long as there is no undue prejudice to the opposing party.  *See, e.g., Apple Inc. v.*

27 *Samsung Elecs. Co.*, No. CV 12-00630 LHK, 2012 WL 5632618, at *5-6 (N.D. Cal. Nov. 15,

28 2012); *U.S. Ethernet Innovations, LLC v. Acer, Inc.*, No. 10-cv-3724 CW, 2013 WL 5609325, at

*3 (N.D. Cal. Oct. 11, 2013).  "Courts have allowed amendments when the movant made an honest mistake, the request to amend did not appear to be motivated by gamesmanship, or where there was still ample time left in discovery."  *Apple*, 2012 WL 5632618, at *5.  Prejudice is typically found when the proposed amendment would disrupt the case schedule or other court orders.  *See WhatsApp Inc. v. Intercarrier Commc'ns, LLC*, No. 13-cv-04272 JST, 2014 WL 12703766 , at *4 (N.D. Cal. Sept. 3, 2014).

## VII.    ARGUMENT

There is good cause to allow Plaintiffs to amend their infringement contentions to: (1) narrow their position on the term "single sample volume" in the '921 patent; (2) remove any inadvertent suggestion that Plaintiffs construed the accused kits or assays to be degenerate; (3) disclose additional accused assays uncovered through discovery; and (4) substitute citations to URL addresses used in the PICs with citations to documents produced in this litigation.

Good cause exists here because Plaintiffs' proposed amendments do not expand any of Plaintiffs' pre-existing infringement theories.  Plaintiffs' proposed changes merely refine and clarify their prior infringement theories, focusing the infringement theories on a subset of the theories Plaintiffs previously asserted in their original PICs and adding, under these same theories, three assays that were revealed during the discovery process. Moreover, Plaintiffs discovered the basis for the amendments and provided notice to Bio-Rad in a timely and diligent manner.  In addition, permitting amendment will not prejudice Bio-Rad, as the amendments do not impact the case schedule. Ample time (at least six months to one year) remains to conduct fact discovery, and dates for expert discovery have not even been proposed, let alone set.  Accordingly, Plaintiffs have good cause to amend their PICs and the Court should grant this Motion.

### A.    Plaintiffs Diligently Discovered and Disclosed the Proposed Amendments.

#### 1.    Single Sample Volume.

Plaintiffs were unquestionably diligent in disclosing their theory mapping a single sample volume to droplets. As an initial matter, Plaintiffs ***included*** their single droplet theory in their PICs.  As such, the requested amendment does not introduce a new infringement theory. And. Bio-Rad was indisputably aware of this theory, because it incorporated arguments substantively

responding to this theory in its IPR Petition dated September 16, 2024.  Furthermore, Plaintiffs

notified Bio-Rad of both of their alternative "single sample volume" infringement theories through

their PICs approximately three months prior to claim construction, affording Bio-Rad ample

opportunity to respond.  *See Facebook, Inc. v. BlackBerry Ltd.*, No. 18-cv-05434-JSW (JSC),

2020 WL 864934, at *10 (N.D. Cal. Feb. 13, 2020), *report and recommendation adopted*, No. 18-

cv-05434-JSW, 2020 WL 9422395 (N.D. Cal. Mar. 30, 2020) (finding no lack of diligence where,

among other things, opposing party had notice of proposed amendments for over one month prior

to claim construction hearing). In fact, Plaintiffs could not have been more diligent in disclosing

their multiple "single sample volume" infringement theories, and Plaintiffs' requested amendment

merely seeks to narrow its multiple "single sample volume" infringement theories to one

previously disclosed theory.  Doing so narrows the issues for fact and expert discovery, dispositive

motions, and for trial.  There is certainly good cause for such amendment.

## 2.    Coding Tables.

Similarly, Plaintiffs disclosed their infringement theories relating to the coding tables in

Plaintiffs' PICs.  Plaintiffs' proposed amendments do not change, expand or include new theories

relating to the coding tables.  Rather, Plaintiffs' proposed amendments correct the exemplary

coding tables to use normalized decimals instead of integers, clarifying the non-degenerate aspect

of the exemplary coding tables and enabling them to be directly mapped to the accused non-

degenerate chromatogram cluster plots. Salen Dec., Ex. 7 at Appendix C, pp. 20-53. The

amendment, in effect, clarifies that Plaintiffs are only accusing non-degenerate kits or assays of

infringement (which is obviously consistent with the claims), while also clarifying the link

between the exemplary coding tables and non-degenerate chromatogram cluster plots.  As with its

"single sample volume" amendment, Plaintiffs' coding table amendment also narrows the issues

for fact and expert discovery, dispositive motions, and for trial.  As such, there is also good cause

for this amendment.

## 3.    Assays Plaintiffs Learned of In Discovery.

Plaintiffs also were diligent in discovering and disclosing the three assays that Plaintiffs

seek to identify in their amended infringement contentions.  The third party (Verily) did not

1    produce the information supporting Plaintiffs' proposed amendment on the two Verily assays until

2    January 21, 2025.  Salen Dec., ¶ 4.  Plaintiffs then sought to depose Verily in order to authenticate

3    the information produced.  However, Verily refused to sit for a deposition, and after several

4    attempts to obtain a deposition, Plaintiffs decided to amend their infringement contentions prior to

5    deposing Verily.  Salen Dec., Ex. 10 at 2.  Plaintiffs then promptly informed Bio-Rad of their

6    intention to seek leave to amend on May 30, 2025.

7            With respect to the addition of the '3542 assay, Plaintiffs were diligent because the '3542

8    assay was implicitly included in Plaintiffs' PICs.  The '3542 assay is part of the SARS-CoV-2 Kit,

9    which was explicitly mapped in the PICs.  Salen Dec., Ex. 6 at 1 ("Below is the relevant

10   information from the Bio-Rad website for the SARS CoV-2 ddPCR ddPCR Assay [run via the

11   SARS-CoV-2 ddPCR Kit] … Assay ID: dEXD28563542"); *id*., Ex. 1 at 3.  The proposed addition

12   of the '3542 assay does not change or expand any of Plaintiffs' infringement theories—it simply

13   adds an additional accused assay.  Thus, Plaintiffs also have good cause for this amendment.

14                        **4.    URL Addresses.**

15           In Plaintiffs' PICs, Plaintiffs cited to documents using public URL addresses to

16   substantiate various infringement allegations.  The proposed amendment seeks to swap the

17   citations to URL addresses with citations to the Bates-stamped produced versions of documents

18   previously cited with the URL addresses.  Accordingly, Bio-Rad was on notice of the documents

19   cited by Plaintiffs as of March 21, 2024.  The revised citations do not change Plaintiffs'

20   infringement theories in any way, but simply map previously disclosed evidence to documents that

21   were produced in this case.  Thus, there is also good cause for this amendment.

22       **B.    Caltech's Amendments Will Not Prejudice Bio-Rad.**

23               **1.    Plaintiffs' Single Sample Volume and Coding Scheme Amendments Merely
                 Narrow Their Theories; Plaintiffs Are Not Adding New Infringement
24               Theories.**

25           Bio-Rad will not be prejudiced by Plaintiffs' proposed single sample volume and coding

26   scheme amendments, because Plaintiffs' PICs included Plaintiffs' infringement theories based on

27   (1) a single sample volume being a droplet, and (2) non-degenerate coding schemes.  Where the

28   party objecting to the amendment has been on notice of the proposed changes for months before

the close of fact discovery, and where the amendment actually narrows the infringement theory, leave to amend is warranted.  *See, e.g.*, *OpenDNS, Inc. v. Select Notifications Media, LLC*, 2013 WL 2422623, at *3 (N.D. Cal., June 3, 2013) ("Because the 'amendment' does not appear to change the infringement theory and, in any event, Open DNS received notice of the proposed amendment months before the close of discovery, leave to amend should not prejudice OpenDNS.").  As discussed below, that is precisely the case with Plaintiffs' first two amendments proposed here.

First, with respect to Plaintiffs' single sample volume amendment, Plaintiffs' PICs referred to "single sample volume" as a sample that is subsequently partitioned into droplets or, alternatively, as the droplets themselves.  Salen Dec., Ex. 1, Appendix C at 29 (citing BIO_CCODE00007427 at 7450 ("Following droplet generation, the droplets are run through a thermal cycler, which performs PCR amplification of the nucleic acid target in each individual droplet.")).  Bio-Rad clearly understood these alternative positions, as shown by the fact that Bio-Rad substantively addressed both positions in its IPR Petition.  *See* Salen Dec., Ex. 5 at 51-2.  Accordingly, Bio-Rad has had over a year to investigate, conduct discovery, develop its defenses, and advance claim construction arguments that responded to Plaintiffs' alternative theories.  Notably, Bio-Rad did not even propose a construction of "single sample volume" during claim construction. Bio-Rad will not be prejudiced by this amendment.

Second, with respect to their second proposed amendment, Plaintiffs' PICs similarly disclosed the chromatogram cluster plots generated using data from the accused assays and kits.  Salen Dec., Ex. 1 at Appendix C, pp. 44–49.  However, in their PICs, Plaintiffs inadvertently used degenerate exemplary coding tables to illustrate fluorophore-analyte associations of the accused kits and assays (*id*. at Appendix C, pp. 9–16), which suggested that Plaintiffs had construed the accused kits or assays to be degenerate when they had not. Indeed, Plaintiffs' PICs still linked the accused assays and kits to non-degenerate chromatogram cluster plots.  To avoid confusion, and remove any such inadvertent suggestion, Plaintiffs' amendment merely corrects their example coding tables to be non-degenerate. The corrected coding tables directly map to the non-degenerate chromatogram cluster plots that Plaintiffs had previously disclosed in their PICs.

1  Since Bio-Rad already had notice of Plaintiffs' use of non-degenerate chromatograms to map to

2  the accused assays and kits through Plaintiffs' original PICs, Bio-Rad has will not be prejudiced

3  by this amendment.

4           **2.    <u>Plaintiffs' Addition of an Accused Assays and Updated Citations to
                    Evidence Likewise Do Not Add New Infringement Theories.</u>**

5

6           Bio-Rad also will not be prejudiced by Plaintiffs' third and fourth proposed amendments to

7  add accused assays discovered through discovery and update evidentiary citations, respectively.

8  Courts in this district consistently grant leave to amend where the proposed amendments

9  "essentially expand" on previous infringement theories and do not change the underlying theory of

10 infringement.  *See, e.g.*, *Brandywine Commc'ns Techs., LLC v. AT&T Corp.*, No. C 12-2494 CW,

11 2014 WL 1569544, at *16 (N.D. Cal. Apr. 18, 2014) (highlighting a lack of prejudice where

12 Plaintiff's "supplemental contentions essentially expand on its previous infringement contentions

13 and do not add any new patent claims or products"); *Apple Inc. v. Samsung Elecs. Co.*, No. CV

14 12-00630 LHK, 2012 WL 5632618, at *3 (N.D. Cal. Nov. 15, 2012) (granting leave to amend and

15 noting that the proposed amendment did not add new claims or theories of infringement);

16 *OpenDNS, Inc. v. Select Notifications Media, LLC*, 2013 WL 2422623, at *3 (N.D. Cal., June 3,

17 2013) ("Because the 'amendment' does not appear to change the infringement theory and, in any

18 event, Open DNS received notice of the proposed amendment months before the close of

19 discovery, leave to amend should not prejudice OpenDNS."); *Horus Vision, LLC v. Applied

20 Ballistics, LLC*, 2014 WL 12629930, at *1 (N.D. Cal. June 23, 2014) ("Horus's amended

21 infringement contentions contain the same theory of infringement, only laid out in more explicit

22 detail, than the original preliminary infringement contentions."); *Impinj, Inc. v. NXP USA, Inc.*,

23 2022 WL 2125133, at *2 (N.D. Cal. Mar. 4, 2022) (same).  Similarly, here, Plaintiffs' third and

24 fourth proposed amendments do not change the underlying theory of infringement and, thus, will

25 not prejudice Bio-Rad.

26           First, Bio-Rad will not be prejudiced by Plaintiffs' amendment to add an accused assay

27 discovered through third party discovery at least because the newly added assays adhere to the

28 same infringement theory Plaintiffs have applied to other Bio-Rad assays and kits. Salen Dec., Ex.

7 at Appendix C, pp.20-53. Second, it should go without saying that substituting Bates-numbers

for URL addresses will not prejudice Bio-Rad in any way as it is merely clerical in nature and

does not change anything whatsoever about Plaintiffs' infringement theory or which products are

being accused.

### 3. The Proposed Amendments Do Not Impact the Case Schedule, and Bio-Rad Will Have Ample Opportunity to Investigate and Conduct Discovery

It is also not plausible that Bio-Rad will be prejudiced by Plaintiffs' proposed amendments

because the amendments do not impact the case schedule whatsoever, which is still in the fact

discovery stage. *See, e.g., Fitbit, Inc. v. Aliphcom*, 2017 WL 11673584, at *4 (N.D. Cal. July 21,

2017) (finding defendants would not be prejudiced by amendments where fact discovery did not

close for another month and expert reports were not due for two months); *Finjan, Inc. v. Blue

Coat Systems, Inc.*, 2014 WL 5305906, at *3 (N.D. Cal. Oct. 16, 2014) ("With several months left

in the fact discovery period, Blue Coat faces little prejudice from an amendment that does not add

any new patent or product to the mix."); *Asetek Danmark A/S v. CoolIT Systems Inc.*, No. 19-cv-

00410-EMC (LB), 2020 WL 6562319, at *5 (N.D. Cal. Nov. 9, 2020) (granting motion for leave

to amend where the record demonstrated "a lack of discovery deadlines, motion deadlines, or trial

dates" that would prevent the parties from addressing any issues through discovery). Indeed, Bio-

Rad itself has proposed a schedule under which fact discovery will not close for almost a year.

Dkt. 123 ("The later of June 30, 2026 or 30 days after the Court's claim construction order").

Alternatively, Plaintiffs' proposal for the close of fact discovery—"[t]he later of January 30, 2026

or 30 days after the Court's claim construction order"—still leaves more than six months for Bio-

Rad to conduct any discovery that it thinks it needs. Under either party's proposal, Bio-Rad has

more than ample time (six months to a year) to investigate and respond to Plaintiffs' proposed

amendments. Notably, neither side has taken a party deposition, and no such deposition is likely to

be taken until Bio-Rad produces its tens-of-thousands of ESI documents, which it has refused to

do until at least September. Nor has expert discovery begun and, to date, neither side has even

proposed an expert report deadline or trial date in the proposed case schedules. With the close of

fact discovery so far out, with no trial date scheduled, and with no deadlines set for any expert

1  discovery, Plaintiffs' proposed amendments simply do not impact the case schedule.  Bio-Rad has

2  plenty of time to conduct any relevant discovery.

3       In light of the above, Bio-Rad is not prejudiced by Plaintiffs' proposed amendments

4  because they do not impact the case schedule and Bio-Rad will have plenty of time to take

5  discovery regarding these assays.

6       **4.  Regardless of Diligence, the Court Should Exercise Its Discretion and Grant Leave to Amend Because There Is No Prejudice**

7

8       Even if the Court somehow finds that Plaintiffs were not diligent (they were), the Court

9  still may grant leave to amend because Bio-Rad is not prejudiced by Plaintiffs' proposed

10  amendments.  *See Twilio, Inc. v. TeleSign Corp.*, 2017 WL 3581186, at **3-6 (N.D. Cal. Aug. 18,

11  2017).  The lack of prejudice to Bio-Rad, particularly in light of the proposed case schedule, puts

12  this case squarely alongside those in which far-off discovery deadlines are a determinative factor

13  in the prejudice analysis.  For example, in *Twilio, Inc. v. TeleSign Corp.*, TeleSign sought to

14  amend its invalidity contentions to provide additional prior art mappings.  *See* 2017 WL 3581186,

15  at *3 (N.D. Cal. Aug. 18, 2017).  Despite a finding that TeleSign lacked diligence, the Court

16  granted leave to amend because the discovery cutoff date was nine months out, Twilio was on

17  notice of the proposed changes for a month prior to the motion for leave, and TeleSign had

18  recently produced thousands of pages of technical documents which provided relevant

19  information.  *Id*. at *4.  "As a result, in light of the early stage of the proceedings, the Court

20  f[ound] there is no prejudice[.]"  *Id.  See also Karl Storz Endoscopy-Am., Inc. v. Stryker Corp.*,

21  No. 14-cv-00876-RS (JSC), 2016 WL 2855260, at *7 (N.D. Cal. May 13, 2016) (holding that

22  leave to amend should be granted despite a lack of diligence because there was no prejudice, and

23  collecting cases holding the same).  Accordingly, should the Court find that Plaintiffs were not

24  diligent (they were), the lack of prejudice to Bio-Rad supports granting leave to amend.

25  **VIII.  CONCLUSION**

26       For the foregoing reasons, the Court should grant Plaintiffs' motion for leave to amend

27  their Infringement Contentions.

28

Dated:  July 29, 2025

SHEPPARD, MULLIN, RICHTER & HAMPTON LLP


By:  _____
                    /s/ Jesse A. Salen
                    Jesse A. Salen

Attorneys for Plaintiffs CALIFORNIA
INSTITUTE OF TECHNOLOGY and
CHROMACODE, INC.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**<u>CERTIFICATE OF SERVICE</u>**

  I hereby certify that on July 29, 2025, a true and correct copy of the foregoing has been served on all counsel of record who are deemed to have consented to electronic service, via the Court's CM/ECF system pursuant to Civil Local Rule 5.1(h).

             */s/ Jesse A. Salen*
             Jesse A. Salen

# EXHIBIT 3

1

2

3

4

5                              UNITED STATES DISTRICT COURT

6                           NORTHERN DISTRICT OF CALIFORNIA

7                                    SAN JOSE DIVISION

8

9    IN RE CHROMACODE LITIGATION               Case No.  23-cv-04823-EKL (VKD)

10
                                               **ORDER GRANTING IN PART AND**
11                                             **DENYING IN PART CHROMACODE'S**
                                               **MOTION FOR LEAVE TO AMEND**
12                                             **INFRINGEMENT CONTENTIONS**

13                                             Re: Dkt. No. 128

14

15            Plaintiffs California Institute of Technology and ChromaCode, Inc. (collectively,

16    "ChromaCode") move for leave to amend their infringement contentions for two patents asserted

17    against defendant Bio-Rad Laboratories, Inc. ("Bio-Rad").  Dkt. No. 128.  Bio-Rad opposes the

18    motion.  Dkt. No. 132.  The Court held a hearing on this matter on September 16, 2025.  Dkt. Nos.

19    147, 150 (transcript).

20            For the reasons explained below, the Court grants in part and denies in part ChromaCode's

21    motion for leave to amend its infringement contentions.

22    **I.       BACKGROUND**

23            In this consolidated action, ChromaCode asserts that Bio-Rad infringes U.S. Patent No.

24    10,068,051 ("the '051 patent"), U.S. Patent No 10,770,170 ("the '170 patent"), and U.S. Patent

25    No. 11,827,921 ("the '921 patent").  *See* Dkt. No. 111 at 3.

26            On March 21, 2024, ChromaCode served its Patent Local Rule 3-1 infringement

27    contentions for all three asserted patents.  Dkt. No. 128 at 4.  On September 16, 2024, Bio-Rad

28    filed a petition for *inter partes review* of the '921 patent.  *Id.* at 7.  That petition relied, in part, on

United States District Court
Northern District of California

ChromaCode's contentions for the '921 patent in this action. *Id.* Meanwhile, the parties briefed questions of claim construction in this action, and the presiding judge issued a claim construction order on July 22, 2025. *See* Dkt. No. 125. That order found the asserted claims of the '051 patent indefinite and construed disputed claim terms for the other two patents. *Id.*

On May 30, 2025, ChromaCode asked Bio-Rad to stipulate to proposed amendments to ChromaCode's infringement contentions. Dkt. No. 128 at 9. Over the next few weeks, the parties conferred and ChromaCode provided additional information. *Id.* On June 27, 2025, Bio-Rad responded that it opposed the proposed amendments. *Id.*

ChromaCode filed this motion for leave to amend its infringement contentions on July 29, 2025.

## II.    LEGAL STANDARD

A party may amend its infringement contentions "only by order of the Court upon a timely showing of good cause," such as the "[r]ecent discovery of nonpublic information about the Accused Instrumentality." Patent L.R. 3-6. In assessing whether good cause exists, the Court first considers whether the moving party was diligent in seeking to amend its contentions, and then whether the non-moving party would suffer prejudice if the amendment were permitted. *Apple Inc. v. Samsung Elecs. Co.*, No. 12-cv-00630 LHK, 2012 WL 5632618, at *2 (N.D. Cal. Nov. 15, 2012) (citation omitted).

Whether a party has been diligent encompasses two considerations: (1) diligence in discovering the basis for amendment, and (2) diligence in seeking amendment once the basis for amendment has been discovered. *Monolithic Power Sys., Inc. v. Silergy Corp.*, No. 14-cv-01745-VC (KAW), 2015 WL 5440674, at *2 (N.D. Cal. Sept. 15, 2015) (citing *Positive Techs., Inc. v. Sony Elecs., Inc.*, No. 11-cv-2226 SI, 2013 WL 322556, at *2 (N.D. Cal. Jan. 28, 2013)). The party seeking leave to amend carries the burden of establishing diligence. *Id.* (citing *Radware Ltd. v. F5 Networks, Inc.*, No. 13-cv-02021-RMW, 2014 WL 3728482, at *1 (N.D. Cal. July 28, 2014)). "Diligence is a fact intensive inquiry, and courts do not apply a mechanical rule in assessing a party's diligence but instead consider the factual circumstances in total." *Word to Info Inc. v. Facebook Inc.*, No. 15-cv-3485-WHO, 2016 WL 6276956, at *6 (N.D. Cal. Oct. 27, 2016).

1    "If the court determines that the moving party was not diligent, the inquiry may end there."

2    *Twilio, Inc. v. TeleSign Corp.*, No. 16-cv-06925-LHK (SVK), 2017 WL 3581186, at *2 (N.D. Cal.

3    Aug. 18, 2017) (citation omitted).  "However, the court retains discretion to grant leave to amend

4    in the absence of diligence where there is no prejudice to the opposing party."  *Id.* (citations

5    omitted); *see also Karl Storz Endoscopy-Am., Inc. v. Stryker Corp.*, No. 14-cv-00876-RS (JSC),

6    2016 WL 2855260, at *7 (N.D. Cal. May 13, 2016) (collecting cases).

7    **III.    DISCUSSION**

8    ChromaCode's proposed amendments concern its infringement contentions for the '170

9    patent and the '921 patent.  *See* Dkt. No. 150 at 3:7-9, 22:12-16, 37:3-5.  The amendments fall into

10    four categories that ChromaCode describes as follows:  (1) "single sample volume"; (2) coding

11    tables; (3) accused assays; and (4) insertion of Bates numbers.  Dkt. No. 128 at 1-2.  ChromaCode

12    characterizes its proposed amendments as either narrowing or clarifying its existing contentions.

13    *Id.*  Bio-Rad does not object to the fourth category of proposed amendments—insertion of Bates

14    numbers—but it characterizes the other amendments as adding new theories of infringement and

15    new accused products.  Dkt. No. 132 at 1, 6 n.6.  Bio-Rad objects to these proposed amendments,

16    citing both diligence and prejudice concerns.  *Id.* at 1.

17    As there is no dispute regarding ChromaCode's proposal to amend its infringement

18    contentions to substitute citations to Bates numbered documents for existing citations to

19    documents at their URL addresses, *see* Dkt. No. 132 at 6 n.6, the Court grants this portion of

20    ChromaCode's motion as unopposed.  The Court addresses the proposed amendments that are

21    disputed below.

22    **A.    Single sample volume**

23    "Single sample volume" is a claim term that appears in the asserted claims of the '921

24    patent.  *ChromaCode, Inc. et al. v. Bio-Rad Laboratories, Inc.,* No. 23-cv-06360-EKL, Dkt. No.

25    54-3 at 48.  In its original infringement contentions for limitation 1(c) of claim 1 of the '921

26    patent, ChromaCode asserted, in relevant part:

27    For all of Bio-Rad's infringing ddPCR assays and kits, the detection
     is performed in a single sample volume that is subsequently
28

United States District Court
Northern District of California

3

partitioned into multiple droplets.

[Image]

*See* Dkt. No. 127-3 at ECF 377; *see also id.* at ECF 374-382.  Further, with respect to limitation 1(e) of the same claim, ChromaCode asserted:

> The analytes are amplified in the single sample volume. For example, the single sample is partitioned into individual droplets:
>
> [Image]
>
> . . . Following droplet generation, the sample is amplified in a thermal cycler:

*Id.* at ECF 384-385.

ChromaCode proposes to amend its "single sample volume" contentions by deleting the clause "the detection is performed in a single sample volume that is subsequently partitioned into multiple droplets" and replacing it with the clause "[t]he analytes are amplified in the single sample volume, such as in a droplet or well."  Dkt. No. 128 at 7.  ChromaCode's redline shows the pertinent changes to its contentions for limitation 1(c) of claim 1 of the '921 patent as follows:

> ~~For all of Bio-Rad's infringing ddPCR assays and kits, the detection is performed in a single sample volume that is subsequently partitioned into multiple droplets.~~
>
> <u>The analytes are amplified in the single sample volume, such as in a droplet or a well</u>:
> . . .
>
> <u>Following droplet generation, the sample is amplified in a thermal cycler</u>:
> . . .
>
> <u>Following amplification, each droplet is analyzed individually for color detection.</u>

Dkt. No. 127-6 at ECF 581-582; *see also id.* at ECF 577-606.  Similarly, ChromaCode's redline shows the pertinent changes to its contentions for limitation 1(e) of the same claim as follows:

> The analytes are amplified in the single sample volume.~~ For example, the single sample is partitioned into individual droplets~~<u>, such as in a droplet or a well</u>:

4

. . .

Following droplet generation, the sample is amplified in a thermal cycler:

. . .

<u>Following amplification, each droplet is analyzed individually for color detection.</u>

*Id.* at ECF 609-610.

ChromaCode describes these proposed amendments as narrowing its contentions regarding the "single sample volume" limitation.  Dkt. No. 128 at 4, 7.  According to ChromaCode, its original contentions asserted that a single sample volume could be either:  (1) a droplet, or (2) the solution before being partitioned into droplets.  *Id.* at 1, 4, 7.  It explains that the proposed amendments rely exclusively on the "single droplet theory" and eliminate the "alternative theory based on a single sample volume being the original sample that is subsequently partitioned into droplets."  Dkt. No. 128 at 4, 10-11.

Bio-Rad characterizes the proposed amendments differently.  According to Bio-Rad, after originally contending that the "single sample volume" could be a volume of liquid that is *subsequently* partitioned into droplets, ChromaCode now seeks to amend its contentions to specify that the "single sample volume" is limited to liquid volumes that have *already* been partitioned into droplets.  Dkt. No. 132 at 4.  Bio-Rad argues that the proposed amendments represent a fundamental change in ChromaCode's infringement theory based on a new claim construction that was never briefed by the parties or resolved by the district court.[1]  *Id.* at 1, 4, 9; *see also* Dkt. No. 150 at 50:9-51:6.

Infringement contentions are not merely a vehicle for the disclosure of evidence; they force patentees to crystallize their theories of infringement and adhere to those theories after they have been disclosed.  *Alberta Telecomms. Rsch. Ctr. v. Rambus Inc.*, No. 06-cv-02595 RMW (RS), 2007 WL 4170564, at *1 (N.D. Cal. Nov. 19, 2007) ("Patent Local Rule 3-1 requires parties to crystallize their theories of the case early in the litigation and to adhere to those theories once they have been disclosed.") (internal quotations and revisions omitted).  However, nothing in the Patent

---

[1] No party asked the presiding judge to construe "single sample volume."

APP.056

United States District Court
Northern District of California

1    Local Rules requires a patentee to continue to press a theory of infringement that it has concluded

2    is not supported by the evidence.

3         During the hearing on this motion, the Court and the parties addressed at length the nature

4    of ChromaCode's proposed amendments.  Both sides appear to agree that ChromaCode's original

5    contentions *do* encompass both the single droplet theory and the alternative pre-partition theory of

6    infringement for the single sample volume limitation.  *See* Dkt. No. 128 at 1, 4, 7; Dkt. No. 132 at

7    3 (Bio-Rad summarizing PTAB characterization of the parties' interpretation of the scope of

8    "sample volume"); Dkt. No. 150 at 10:17-11:24, 14:18-15:7.  Despite some ambiguity in its

9    moving papers regarding the basis for amendment, ChromaCode clarified during the hearing that it

10   lacks evidentiary support for its contention that Bio-Rad meets the single sample volume

11   limitation under the alternative pre-partition theory, and so ChromaCode no longer wishes to

12   pursue that theory of infringement. Dkt. No. 150 at 12:16-13:5, 14:14-15:23.  Moreover,

13   ChromaCode conceded that the claim language can be interpreted to encompass both of its

14   original theories of infringement, and it affirmed that it is not advocating a narrower claim

15   construction—i.e. one that is limited to the single droplet theory.  *See id.* at 12:6-13:5, 19:23-

16   20:19, 21:24-22:8, 56:14-21.  In these circumstances, the Court agrees that ChromaCode's

17   proposed amendments are correctly understood as eliminating one of two disclosed theories of

18   infringement, without implying any change to the broader claim construction on which

19   ChromaCode relied when it served its original contentions.

20        *Diligence.*  ChromaCode does not address the question of diligence in its opening motion,

21   except to emphasize that it is not adding any new contentions but merely eliminating one of two

22   previously disclosed contentions.  While it remains unclear to the Court when ChromaCode

23   determined its alternative pre-partition theory of infringement lacked evidentiary support, and

24   whether it should have amended its contentions at an earlier date, the Court is not persuaded that

25   delay in making this kind of amendment—eliminating a previously disclosed theory of

26   infringement without changing the underlying claim construction—presents the same concerns as

27   a failure to disclose a contention in the first instance.  Indeed, parties typically stipulate to such

28   amendments.  Thus, while the Court cannot determine whether ChromaCode was or was not

6

1    diligent in discovering the basis for the amendments and seeking to make the amendments, the

2    proposed narrowing amendments are permissible, absent prejudice to Bio-Rad.

3         *Prejudice*.  Bio-Rad's principal objection to the proposed amendments is that ChromaCode

4    is not merely narrowing its infringement theories but also changing the underlying claim

5    construction, and this change prejudices Bio-Rad's ability to sustain arguments it has already

6    made in a pending IPR before the PTAB based on ChromaCode's original infringement

7    contentions.  Dkt. No. 132 at 8-9.  In addition, Bio-Rad argues that because ChromaCode waited

8    until after claim construction in this action had been briefed and argued before disclosing its

9    proposed amendments, Bio-Rad did not have an opportunity to take the proposed amendments

10   into account in deciding whether to seek construction of the claim term "single sample volume."

11   *Id.* at 9.  However, as ChromaCode concedes that it does not advocate a narrower claim

12   construction, but only a narrower infringement theory, the proposed amendments will not have

13   any impact on claim construction in this action, nor should they have any impact on proceedings

14   before the PTAB.

15        Accordingly, the Court concludes that ChromaCode may amend its infringement

16   contentions to eliminate its alternative pre-partition theory of infringement for the single sample

17   volume limitation of claim 1 the '921 patent, while retaining the previously-disclosed single

18   droplet theory of infringement.

19   **B.    Coding tables**

20        ChromaCode proposes to amend its infringement contentions for the '170 patent and the

21   '921 patent by deleting the original "exemplary coding tables," which use integers to represent

22   different thresholds (e.g., image at left below), and replacing them with different coding tables,

23   which use decimals to represent different thresholds (e.g., image at right below):

24
25
26
27

| Analyte | FAM | HEX |
|---------|-----|-----|
| N2 | 1 | 0 |
| E | 1 | 1 |
| MHV | 0 | 1 |

| Analyte | FAM | HEX |
|---------|-----|-----|
| N2[7] | 1 | 0.1 |
| E[8] | 0.6 | 0.6 |
| MHV | 0 | 1 |

28   Dkt. No. 128 at 8, 11; *compare* original contentions at Dkt. No. 127-3 at ECF 368 *with* proposed

United States District Court
Northern District of California

7

amended contentions at Dkt. No. 127-6 at ECF 538.  ChromaCode explains that the coding tables

are meant to be a descriptive of the chromatogram cluster plots generated using data from Bio-

Rad's accused assays.  Dkt. No. 128 at 2, 5.  Although ChromaCode's original contentions state

the accused assays meet the claim limitations of the asserted patents that require a "non-

degenerate" coding scheme capable of yielding a definitive result, *see, e.g.,* Dkt. No. 127-3 at ECF

395[2], ChromaCode acknowledges that the coding tables accompanying those contentions reflect a

degenerate coding scheme, not a non-degenerate coding scheme.[3]  Dkt. No. 128 at 5-6 & n.4.

According to ChromaCode, the purpose of the proposed amendments is to "correct the exemplary

coding tables to be non-degenerate and [to] more directly map to non-degenerate chromatogram

cluster plots, removing any inadvertent suggestion that Plaintiffs construed the accused kits or

assays to be degenerate . . . ."  *Id.* at 6; *see also id.* at 8, 11; Dkt. No. 150 at 26:19-27:12, 29:2-12.

Again, Bio-Rad characterizes ChromaCode's proposed amendments differently.

According to Bio-Rad, the proposed amendments introduce new coding schemes that "raise

entirely new issues relating to the acceptable tolerances of signals that are considered non-

degenerate."  Dkt. No. 132 at 12.  Bio-Rad emphasizes that it relied on ChromaCode's original

contentions, including its integer-based coding tables, since those contentions were served in

March 2024 to develop its non-infringement and invalidity arguments in this action and its

invalidity arguments in the co-pending IPR proceeding.  *Id.* at 10-12; *see also* Dkt. No. 150 at

61:23-64:8, 65:4-66:9.  In addition, Bio-Rad argues that because ChromaCode waited until after

claim construction in this action had been briefed and argued before disclosing its proposed

amendments, Bio-Rad did not have an opportunity to take the proposed amendments into account

in developing its claim construction positions.  Dkt. No. 132 at 12.

The Court agrees with Bio-Rad that ChromaCode's proposed amendments, swapping out

integer-based coding tables and replacing them with decimal-based coding tables, are more than

an immaterial clarification or correction of its original contentions.  ChromaCode argues that the

---

[2] The same text appears, for example, in the proposed amendments at Dkt. No. 127-6 at ECF 650.

[3] The terms "degenerate," "degeneracy," and "non-degenerately" have been construed by the
Court.  *See* Dkt. No. 125 at 24-25.

United States District Court
Northern District of California

8

1    chromatogram cluster plots included in its original contentions and retained in the proposed

2    amended contentions show that the accused assays "are clearly non-degenerate."  Dkt. No. 138 at

3    10.  But that validity of that assertion is not-self-evident, and it is contested by ChromaCode.

4    While the proposed amended contentions retain some of the same text and material as the original

5    contentions, the coding table changes reflect changes in ChromaCode's view of *how* it believes the

6    accused Bio-Rad assays infringed the asserted claims of the '170 patent and the '921 patent.

7        *Diligence*.  ChromaCode does not address the question of diligence in its opening motion,

8    except to emphasize that it is not adding any new contentions but merely "clarifying" its existing

9    contentions.  *See* Dkt. No. 128 at 11; Dkt. No. 138 at 8-9.  When pressed to address the question

10   of diligence in more detail at the hearing, ChromaCode eventually explained that it discovered the

11   "error" while reviewing its contentions in connection with the proposed amendments regarding the

12   "single sample volume" limitations.  Dkt. No. 150 at 30:2-21.  This explanation is not persuasive.

13   Because the proposed amendments to the coding tables represent a material change in

14   ChromaCode's contentions about how it believes the Bio-Rad accused assays infringe,

15   ChromaCode's failure to show, let alone address, the question of diligence in its motion papers is

16   fatal here.  On the record presented, the Court concludes that, at a minimum, ChromaCode was not

17   diligent in discovering the basis for the proposed amendments.

18       *Prejudice*.  Because the Court concludes that ChromaCode has not acted diligently with

19   respect to amending its contentions regarding the coding scheme, it need not reach the question of

20   whether Bio-Rad would suffer prejudice if the amendments were permitted.  *O2 Micro Int'l Ltd. v.*

21   *Monolithic Power Sys., Inc.*, 467 F.3d 1355, 1368 (Fed. Cir. 2006); *Synopsys, Inc. v. ATopTech,*

22   *Inc.*, No. 13-cv-02965-MMC (DMR), 2016 WL 4945489, at *4-5 (N.D. Cal. Nov. 9, 2016).

23   Nevertheless, the Court agrees with Bio-Rad that if the amendments were permitted, Bio-Rad

24   would be prejudiced in its ability to timely develop claim construction, non-infringement, and

25   invalidity positions responsive to ChromaCode's changed infringement theory regarding how the

26   accused assays satisfy the claim limitations requiring a non-degenerate coding scheme.

27       Accordingly, the Court denies ChromaCode's motion for leave to amend its infringement

28   contentions to change the coding tables and to make other amendments associated with those

United States District Court
Northern District of California

9

1    proposed new coding tables.

2        C.    **Accused assays**

3        ChromaCode proposes to amend its infringement contentions for the '170 patent and the

4    '921 patent to add three new accused instrumentalities:  (1) Bio-Rad assay 3542 ("3542 assay"),

5    and (2) two assays performed by non-party Verily Life Sciences ("Verily assays").  Dkt. No. 128

6    at 2.  ChromaCode explains that it learned of these three additional assays during discovery after

7    serving its original infringement contentions.  *Id.* at 8, 11-12.  ChromaCode emphasizes that it

8    relies on the same infringement theories for these three new assays as it does for the assays

9    identified in its original infringement contentions.  *Id.* at 8, 14.  Bio-Rad opposes the proposed

10   amendments principally on the ground that ChromaCode was not diligent in discovering the bases

11   for the amendments or seeking leave to amend.[4]  Dkt. No. 132 at 5, 14.

12       *Diligence*.  In its opening motion, ChromaCode does not explain when or how it

13   discovered the 3542 assay, or otherwise address the question of diligence.  However, in its reply,

14   ChromaCode claims that it discovered the 3542 assay after taking discovery of a non-party in

15   March of 2025.  Dkt. No. 138 at 12-13.  It argues that it would have learned of this assay sooner

16   had Bio-Rad not failed to disclose it in response to an interrogatory.  *Id.* at 12.  The Court will not

17   consider ChromaCode's belated arguments regarding diligence made for the first time in its reply.

18   *See, e.g.*, *United States v. Romm*, 455 F.3d 990, 997 (9th Cir. 2006) (declining to consider an

19   argument first raised on reply because "arguments not raised by a party in its opening brief are

20   deemed waived"); *Turtle Island Restoration Network v. U.S. Dep't of Com.*, 672 F.3d 1160, 1166

21   n.8 (9th Cir. 2012).  However, because it appears that the 3542 assay is either part of or essentially

22   identical to an assay or kit that ChromaCode included in its original contentions, the Court

23   concludes that the proposed amendment adding the 3542 assay is permissible, absent prejudice to

24   Bio-Rad.

25

26   [4] During the hearing, Bio-Rad argued that the Verily assays are distinct from other accused assays
     because they are the only assays that are alleged to infringe the asserted method claims of the '170
27   patent that require a minimum number of targets.  Dkt. No. 150 at 70:17-71:9.  Bio-Rad did not
     make this argument in its opposition brief, and the Court will not consider it here.  In any event,
28   the point appears to be disputed.  *See id.* at 84:1-6 (ChromaCode responding during hearing that it
     has already accused Bio-Rad of "doing tests . . . for the '170 [patent] with five targets or more.").

United States District Court
Northern District of California

1    With respect to the Verily assays, ChromaCode concedes that it learned of the Verily

2    assays in September 2024 and January 2025 when it received detailed documentation about

3    them—i.e. 4-8 months before it asked Bio-Rad to stipulate to the amendments, and 6-10 months

4    before it sought leave to amend.  Dkt. No. 128 at 12; Dkt. No. 138 at 14 & n.4; *see also* Dkt. No.

5    127-7 (Verily production document).  ChromaCode does not dispute that its proposed amendments

6    rely on this same documentation it has had since September 2024.  *See* Dkt. No. 132 at 13; Dkt.

7    No. 138 at 14 & n.4.  To the extent ChromaCode believed deposition testimony from non-party

8    Verily was necessary to developing its proposed amendments, the record does not reflect that it

9    was diligent in obtaining (or asking the Court to compel) such testimony.  As to the Verily assays,

10    the Court concludes that ChromaCode was not diligent in seeking amendment once the basis for

11    amendment has been discovered.

12    *Prejudice.*  With respect to the 3542 assay, Bio-Rad relies solely on a conclusory argument

13    that if the amendment is permitted it will not have an opportunity to consider this new assay in

14    developing its claim construction arguments.  Dkt. No. 132 at 14-15.  However, Bio-Rad does not

15    explain how the addition of a new assay that is not materially different from any of the other

16    accused Bio-Rad assays implicates any claim construction issues.  Indeed, during the hearing, Bio-

17    Rad acknowledged it did not develop its argument regarding prejudice for this assay.  Dkt. No.

18    150 at 69:7-12.  The Court finds that Bio-Rad would not suffer prejudice if ChromaCode were

19    permitted to amend its contentions to add the 3542 assay.

20    With respect to the Verly assays, because the Court concludes that ChromaCode has not

21    acted diligently in seeking amendment with respect to the Verily assays, it need not reach the

22    question of whether Bio-Rad would suffer prejudice if the amendments were permitted.  *O2*

23    *Micro*, 467 F.3d at 1368; *Synopsys*, 2016 WL 4945489, at *4-5.  However, the Court notes that

24    Bio-Rad also did not identify any concrete prejudice with respect to the Verily assays in its

25    opposition.

26    Accordingly, the Court grants ChromaCode's motion for leave to amend its infringement

27    contentions to add the 3542 assay and denies its motion to add the Verily assays.

28

United States District Court
Northern District of California

**IV.    CONCLUSION**

In sum, the Court orders as follows with respect to the four categories of proposed amendments at issue:

1. Single sample volume:  ChromaCode's motion is granted, as set forth above; ChromaCode may amend its infringement contentions to eliminate its alternative pre-partition theory of infringement for the single sample volume limitation of claim 1 the '921 patent, while retaining the previously-disclosed single droplet theory of infringement.

2. Coding tables:  ChromaCode's motion is denied.

3. Accused assays:  ChromaCode's motion is granted with respect to the 3542 assay, but denied with respect to the Verily assays.

4. Insertion of Bates numbers:  ChromaCode's motion is granted.

ChromaCode shall serve its amended infringement contentions, in accordance with this order, no later than **October 23, 2025**, unless the parties agree to a different date.

**IT IS SO ORDERED.**

Dated: October 9, 2025

_Virginia K. DeMarchi_
Virginia K. DeMarchi
United States Magistrate Judge

APP.063

# EXHIBIT 4

1  SHEPPARD, MULLIN, RICHTER & HAMPTON, LLP
   MARTIN R. BADER, SBN 222865
2  mbader@sheppardmullin.com
   JESSE A. SALEN, SBN 292043
3  jsalen@sheppardmullin.com
   12275 El Camino Real, Suite 100
4  San Diego, California 92130-4092
   Telephone:    858.720.8900
5  Facsimile:    858.509.3691

6  BRADLEY C. GRAVELINE, *pro hac vice*
7  bgraveline@sheppardmullin.com
   321 North Clark St., 32nd Floor
8  Chicago, Illinois 60654
   Telephone:    312.499.6300
9  Facsimile:    312.499.6301

10

11 Attorneys for Plaintiffs and Counter-Defendants
   CALIFORNIA INSTITUTE OF TECHNOLOGY
12 and CHROMACODE, INC.

13                 UNITED STATES DISTRICT COURT

14               NORTHERN DISTRICT OF CALIFORNIA

15

16 IN RE: CHROMACODE LITIGATION          CASE NO.: 5:23-cv-04823-EKL (VKD)
                                         (Consolidated)
17
                                         **PLAINTIFFS AND COUNTER-**
18                                       **DEFENDANTS' NOTICE OF SECOND**
                                         **AMENDED SUBPOENA TO NON-PARTY**
19                                       **VERILY LIFE SCIENCES LLC TO**
                                         **APPEAR FOR REMOTE DEPOSITION**
20
                                         **Date:  December 1, 2025**
21                                       **Time:  9:00 a.m. (CST)**

22

23

24        PLEASE TAKE NOTICE that IN ACCORDANCE WITH Rules 26, 30 and 45 of the

25 Federal Rules of Civil Procedure, Plaintiffs and Cross-Defendants ChromaCode, Inc. and

26 California Institute of Technology ("Plaintiffs") intend to serve a second amended subpoena to

27 testify at a deposition and to produce documents in a civil action on Non Party Verily Life

28

                                -1-    Case No. 5:23-cv-04823-EKL (Consolidated)
SMRH:4923-1120-7221      PLAINTIFFS/COUNTER-DEFENDANTS' NOTICE OF DEPOSITION SUBPOENA TO
                               NON-PARTY VERILY LIFE SCIENCES LLC

                                                                              APP.065

1  Sciences LLC ("Verily").  A true and correct copy of the second amended subpoena is attached as
2  Exhibit 1.

3       The oral and videotaped deposition will take place at Sheppard Mullin Richter Hampton
4  LLP, 2200 Ross Avenue, 20th Floor, Dallas, TX 75201, commencing at 9:00 a.m. (CST) on
5  December 1, 2025 or at such other time and location mutually agreed upon in advance by
6  Plaintiffs and Verily, and will continue until completed.  The deposition will take place before an
7  officer authorized by law to administer oaths.

8       Pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure, Verily shall designate
9  one or more of its officers, directors, managing agents, or other persons who consent to testify on
10  Verily's behalf and designated as the most knowledgeable regarding the subject matters and topics
11  described in Schedule A of the second amended subpoena. The second amended subpoena is
12  attached as Exhibit 1 to this Notice.

13       In accordance with the provisions of Rule 30(b)(3) and 45 of the Federal Rules of Civil
14  Procedure, the deposition shall be conducted upon oral examination before a court reporter, and
15  will be recorded by stenographic, videographic, audiovisual and/or real-time computer means.  All
16  counsel of record are invited to attend and cross examine.

17       Dated:  November 14, 2025

18                   SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
19

20                 By             */s/Jesse A. Salen*
21                         JESSE A. SALEN

22                 Attorneys for Plaintiffs and Counter-Defendants
23                 ChromaCode, Inc. and California Institute of
                     Technology
24

25

26

27

28

## CERTIFICATE OF SERVICE

I, Jesse A. Salen, hereby certify that on November 14, 2025, a copy of the foregoing document was served via email, on the following:

Derek C. Walter
JONES DAY
555 California Street, 26th Floor,
San Francisco, CA 94104
Email: dwalter @jonesday.com
        BioRad-Chromacode@jonesday.com

Edward Reines
JONES DAY
1755 Embarcadero Road
Palo Alto, CA 94303
Email: ereines@jonesday.com
        BioRad-Chromacode@jonesday.com

*Attorneys for Defendant and Counter-Plaintiff*
**BIO-RAD LABORATORIES, INC.**


                                    */s/ Jesse A. Salen*
                                    JESSE A. SALEN

                        Attorneys for Plaintiffs and Counter-Defendants
                        ChromaCode, Inc. and California Institute of
                        Technology

SMRH:4923-1120-7221

APP.067

# EXHIBIT 1

AO 88A (Rev. 12/20) Subpoena to Testify at a Deposition in a Civil Action

# UNITED STATES DISTRICT COURT
### for the
### NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| IN RE: CHROMACODE LITIGATION | ) | |
| *Plaintiff* | ) | |
| v. | ) | Civil Action No. 5:23-cv-04823-EKL(Consolid.) |
| | ) | |
| | ) | |
| *Defendant* | ) | |

### <u>SECOND AMENDED</u> SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To:

VERILY LIFE SCIENCES LLC, 2999 Olympus Blvd, Ste 1000, Dallas, Texas 75019
*(Name of person to whom this subpoena is directed)*

☒ Testimony: YOU ARE COMMANDED to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action. If you are an organization, you must promptly confer in good faith with the party serving this subpoena about the following matters, or those set forth in an attachment, and you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about these matters: **See Schedule A, attached hereto, which sets forth a list of Deposition Topics.**

| Place: Sheppard Mullin Richter Hampton LLP 2200 Ross Avenue, 20th Floor Dallas, TX 75201 | Date and Time: December 1, 2025 at 9:00 a.m. (CST) |
|---|---|

The deposition will be recorded by this method:  stenographic and videotaped

☒ *Production:* You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material: **See Schedule B, attached hereto, which sets forth a list of documents to be produced. For any documents responsive to this document request that you have not produced previously, please send them, at least 5 days before the deposition, to Sheppard Mullin Richter Hampton LLP, 2200 Ross Avenue, 20th Floor, Dallas, TX 75201, or by e-mail to Jesse Salen at jsalen@sheppardmullin.com.**

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 11/14/2025

*CLERK OF COURT*

OR

_____            */s/Jennifer Klein Ayers*
*Signature of Clerk or Deputy Clerk*                *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*  ChromaCode, Inc. and California Institute of Technology (Plaintiffs) , who issues or requests this subpoena, are:
Jennifer Klein Ayers, Sheppard, Mullin, Richter & Hampton LLP, 2200 Ross Ave, 20th Floor, Dallas, TX 75201; tel: (469) 391-7400; email: jayers@sheppardmullin.com.

### Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88A (Rev. 12/20) Subpoena to Testify at a Deposition in a Civil Action (Page 2)

Civil Action No. 5:23-cv-04823-EKL(Consolid.)

## PROOF OF SERVICE

### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named individual as follows: _____

_____

_____ on *(date)* _____ ;or

☐ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ _____ .

I declare under penalty of perjury that this information is true.

Date: _____                    _____

                                              *Server's signature*

                                      _____

                                              *Printed name and title*

                                      _____

                                              *Server's address*

Additional information regarding attempted service, etc.:

APP.070

AO 88A (Rev. 12/20) Subpoena to Testify at a Deposition in a Civil Action (Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

  **(1) For a Trial, Hearing, or Deposition.** A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
    **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
    **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
      **(i)** is a party or a party's officer; or
      **(ii)** is commanded to attend a trial and would not incur substantial expense.

  **(2) For Other Discovery.** A subpoena may command:
    **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
    **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  **(1) Avoiding Undue Burden or Expense; Sanctions.** A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

  **(2) Command to Produce Materials or Permit Inspection.**
    **(A)** Appearance Not Required. A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
    **(B)** Objections. A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
      **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  **(3) Quashing or Modifying a Subpoena.**

    **(A)** When Required. On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

      **(i)** fails to allow a reasonable time to comply;
      **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
      **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      **(iv)** subjects a person to undue burden.
    **(B)** When Permitted. To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

      **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
      **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
    **(C)** Specifying Conditions as an Alternative. In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  **(1) Producing Documents or Electronically Stored Information.** These procedures apply to producing documents or electronically stored information:

    **(A)** Documents. A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
    **(B)** Form for Producing Electronically Stored Information Not Specified. If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
    **(C)** Electronically Stored Information Produced in Only One Form. The person responding need not produce the same electronically stored information in more than one form.
    **(D)** Inaccessible Electronically Stored Information. The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2) Claiming Privilege or Protection.**
  **(A)** Information Withheld. A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      **(i)** expressly make the claim; and
      **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
    **(B)** Information Produced. If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

---

*In Re ChromaCode Litigation*
Case No. 5:23-cv-04823-EKL(Consolid.)

## SCHEDULE A TO SECOND AMENDED SUBPOENA TO TESTIFY
## AT A DEPOSITION IN A CIVIL ACTION

### *[To: Verily Life Sciences LLC]*

### <u>DEFINITIONS</u>

1.      The terms "Verily," "You," and "Your" mean Non-Party Verily Life Sciences LLC, as well as each of its predecessors and successors, subsidiaries and related companies and their present and former officers, directors, employees, agents, representatives, consultants, attorneys, accountants, entities they were formerly known as, and others acting or purporting to act on their behalf or subject to their control.

2.      The terms "Defendant" and "Bio-Rad" mean Defendant Bio-Rad Laboratories, Inc., as well as each of its predecessors and successors, subsidiaries and related companies and their present and former officers, directors, employees, agents, representatives, consultants, attorneys, accountants, entities they were formerly known as, and others acting or purporting to act on their behalf or subject to their control.

3.      The term "ChromaCode" means Plaintiff ChromaCode, Inc., as well as each of its predecessors and successors, subsidiaries and related companies and their present and former officers, directors, employees, agents, representatives, consultants, attorneys, accountants, entities they were formerly known as, and others acting or purporting to act on their behalf or subject to their control.

4.      The term "Caltech" means Plaintiff California Institute of Technology, as well as each of its present and former officers, directors, employees, agents, representatives, attorneys, and others acting or purporting to act on their behalf or subject to their control.

5.      The terms "Plaintiff" and "Plaintiffs" means ChromaCode and Caltech, individually and collectively.

1

6.      The term "Accused Bio-Rad Products" includes but is not limited to the QX600, QXONE, and QX200 systems and all devices, accessories, components, assays, and kits compatible with these systems and that are used to perform tests using the Relevant Technology.

7.      The term "Relevant Technology" refers to any test performed on any digital PCR device in which there are more targets or analytes to be identified in a droplet than the number of channels (i.e., colors) or distinct fluorophores used in the test.

8.      The term "Your Relevant Tests" refers to all tests You have performed on any Bio-Rad Digital PCR Device that use the Relevant Technology, including but not limited to the tests reflected in the Produced Documents.

9.      The "Document Subpoena" means the Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action served on Verily on August 8, 2024 in connection with *ChromaCode Inc. v. Bio Rad Labs. Inc*., No. 5:23-cv-06360-EKL.

10.     "Produced Documents" means any and all Documents produced by Verily in response to the Document Subpoena and includes all Documents identified by Verily in response to the Document Subpoena, including but not limited to the articles and publications identified by Verily's counsel in an email to Caltech and Bio-Rad's counsel on January 21, 2025.

11.     The terms "Communication," "Communications," or "Communicated" mean any transmission, conveyance, or exchange of information or data whether by written, oral, or other means, including but not limited to electronic communications, electronic mail, documents (as set forth below), meetings, telephone conversations, interviews, correspondence, memoranda, contracts, agreements, or other documents and verbal or nonverbal actions intended or actually conveying information or data.

12.     The terms "Document" and "Documents" are defined to be synonymous in meaning and equal in scope to the use of the term "documents or electronically stored information in Federal Rule of Civil Procedure 34(a)(1)(A) and include, without limitation, any written, printed, recorded, electronic, or graphic matter that is or has been in Your actual or

2

constructive possession or control, regardless of the medium on which it is produced, reproduced or stored (whether on paper, cards, charts, files, or printouts; tapes, discs, belts, videotapes, audiotapes, tape recordings, cassettes, or other types of video recording or transcription; computer tapes, databases, emails; pictures, photographs, slides, films, microfilms, motion pictures; or any other medium), and any other tangible item or thing of readable, recorded, or visual material of whatever nature, including without limitation originals, drafts (sent or unsent), electronic documents with included metadata, and all non-identical copies of each document (which, by reason of any variation, such as the presence or absence of handwritten notes or underlining, represent a distinct version).

13.     The terms "Thing" and "Things" mean and include any tangible item other than a document.

14.     The term "Person" means, unless otherwise specified, any natural person, firm, entity, company, corporation, partnership, trust, proprietorship, association, joint venture, government or government agency or other form of business organization or arrangement of every nature and type, and its agents and employees.

15.     The terms "Third Party" and "Third Parties" mean any person or entity not named as a party to this lawsuit, including any individual, firm, association, organization, joint venture, partnership, or corporation other than the parties to this lawsuit.

16.     The term "Date" means the exact day, month, and year, if ascertainable, or if not, the best approximation thereof.

17.     The terms "Regarding," "Concerning," "Relate To," "Refer To," "Relating To," "Referring," or "Related To" shall be construed in the broadest sense to mean, in whole or in part, directly or indirectly, addressing, analyzing, concerning, constituting, containing, connected with, commenting on, contradicting, discussing, describing, embodying, evidencing, identifying, indicating, involving, memorializing, referencing, reflecting, reporting on, supporting, stating, dealing with, or in any manner pertaining to, in any way, in whole or in part, the subject matter of the Request.

3

18.     The terms "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of any request all information that might otherwise be construed to be outside of its scope.

19.     "Any" shall be understood to include and encompass "all" and vice-versa. "Any" and "all" should be understood to include "each and every."

20.     "Including" means including without limitation and shall be understood to include and encompass "all" and vice-versa.

21.     Use of the singular also includes the plural and vice-versa.

22.     The present tense includes the past and future tenses, and vice-versa.

23.     When Referring to a person, "to identify" or "identification" means to give, to the extent known, the person's full name, present or last known address, and when Referring to a natural person, additionally, the present or last known place of employment. Once a person has been identified in accordance with this subparagraph, only the name of that person need be listed in response to subsequent discovery requesting the identification of that person.

24.     When Referring to Documents, "to identify" or "identification" means to give, to the extent known, the (i) type of Document; (ii) general subject matter; (iii) Date of the Document; and (iv) author(s), addressee(s), and recipient(s).

## INSTRUCTIONS

1.     If You object to the scope or time period of a Topic and refuse to provide testimony for that scope or time period, You shall state Your objection and the scope or time period You believe is appropriate.

2.     If You cannot respond to any of the following Topics in full after exercising due diligence to secure the requested information, please so state and respond to the extent possible, specifying Your inability to answer the remainder and, when testifying, stating whatever testimony You have concerning the unanswered portion. If Your response is qualified in any way, set forth the details of such qualification.

4

3.      If You have no information in response to a particular Topic, You are to state that no responsive information exists.

4.      If You do not testify concerning a Topic, or any part thereof, because of a claim of privilege or any other claim, set forth the privilege claimed, the facts upon which You rely to support the claim or privilege, and furnish a list identifying each item of information for which privilege is claimed, including:

      a.      a brief description of the allegedly privileged subject matter and nature of the asserted privilege;

      b.      the Date the information was acquired or came into existence and the Date it was transmitted or communicated; and

      c.      the name and title of the individual(s) who generated, provided, and/or received the information.

## DEPOSITION TOPICS

**TOPIC NO. 1:**

Authentication of all Produced Documents.

**TOPIC NO. 2:**

The past and present storage location(s) of the Produced Documents.

**TOPIC NO. 3:**

Facts and circumstances Regarding Your Relevant Tests, including tests reflected in the Produced Documents and the instruments used to conduct such testing.

**TOPIC NO. 4:**

For Your Relevant Tests, including each test reflected in the Produced Documents: the identity and number of targets, the number of channels (or colors) used in the test, the fluorophores associated with each target, the amount of primer(s) used for each target, the amount of each probe for each target, any encoding scheme or other means used to identify each target with particular channels and intensities of light, and whether each test is non-degenerate.

5

**TOPIC NO. 5:**

Facts and circumstances Regarding any instructions or guidance You received from Bio-Rad in connection with using Bio-Rad instruments or other Bio-Rad Accused Products to conduct Your Relevant Tests or in connection with designing or preparing such Tests for use on Accused Bio-Rad Products or other Bio-Rad instruments, including the testing reflected in the Produced Documents.

**TOPIC NO. 6:**

Your comparative use of Accused Bio-Rad Products or other Bio-Rad instruments to conduct Your Relevant Tests relative to Your use of the Relevant Technology on digital PCR devices not produced by Bio-Rad.

**TOPIC NO. 7:**

Your comparative use of Accused Bio-Rad Products or other Bio-Rad instruments to conduct Your Relevant Tests relative to Your use of Accused Bio-Rad Products or other Bio-Rad instruments to conduct digital PCR tests other than Your Relevant Tests.

**TOPIC NO. 8:**

The extent to which information concerning the presence or absences of targets is transmitted through a computer network in connection with Your Relevant Tests.

**TOPIC NO. 9:**

The use of computers in connection with Your Relevant Tests.

**TOPIC NO. 10:**

The use of thermal cyclers in connection with Your Relevant Tests.

**TOPIC NO. 11:**

Your Relevant Tests that identify five or more targets using between one and four fluorophores, including the design of such Tests and the extent You performed such Tests and plan or expect to perform such Tests.

6

**<u>TOPIC NO. 12</u>:**

       The importance to You (or any of Your potential customers or partners) of the Relevant Technology or the ability to conduct Your Relevant Tests.

7

**SCHEDULE B TO SECOND AMENDED SUBPOENA TO TESTIFY
AT A DEPOSITION IN A CIVIL ACTION**

*[To:  Verily Life Sciences LLC]*

You are required to produce documents at the place, date, and time specified in the attached subpoena, or at such other time as may be agreed to, in accordance with the Federal Rules of Civil Procedure and the following Definitions and Instructions.

## DEFINITIONS

Notwithstanding any definition set forth below, each word, term, or phrase used in this Subpoena is intended to have the broadest meaning permitted under the Federal Rules of Civil Procedure.  The following definitions apply to the foregoing Requests for Production:

1.      The terms "Verily," "You," and "Your" mean Non-Party Verily Life Sciences LLC, as well as each of its predecessors and successors, subsidiaries and related companies and their present and former officers, directors, employees, agents, representatives, consultants, attorneys, accountants, entities they were formerly known as, and others acting or purporting to act on their behalf or subject to their control.

2.      The terms "Defendant" and "Bio-Rad" mean Defendant Bio-Rad Laboratories, Inc., as well as each of its predecessors and successors, subsidiaries and related companies and their present and former officers, directors, employees, agents, representatives, consultants, attorneys, accountants, entities they were formerly known as, and others acting or purporting to act on their behalf or subject to their control.

3.      The term "ChromaCode" means Plaintiff ChromaCode, Inc., as well as each of its predecessors and successors, subsidiaries and related companies and their present and former officers, directors, employees, agents, representatives, consultants, attorneys, accountants,

entities they were formerly known as, and others acting or purporting to act on their behalf or subject to their control.

4.      The term "Caltech" means Plaintiff California Institute of Technology, as well as each of its present and former officers, directors, employees, agents, representatives, attorneys, and others acting or purporting to act on their behalf or subject to their control.

5.      The terms "Plaintiff" and "Plaintiffs" means ChromaCode and Caltech, individually and collectively.

6.      The terms "document" and "documents" are defined to be synonymous in meaning and equal in scope to the use of the term "documents or electronically stored information" in Federal Rule of Civil Procedure 34(a)(1)(A) and include, without limitation, any written, printed, recorded, electronic, or graphic matter that is or has been in Your actual or constructive possession or control, regardless of the medium on which it is produced, reproduced or stored (whether on paper, cards, charts, files, or printouts; tapes, discs, belts, videotapes, audiotapes, tape recordings, cassettes, or other types of video recording or transcription; computer tapes, databases, emails; pictures, photographs, slides, films, microfilms, motion pictures; or any other medium), and any other tangible item or thing of readable, recorded, or visual material of whatever nature, including without limitation originals, drafts (sent or unsent), electronic documents with included metadata, and all non-identical copies of each document (which, by reason of any variation, such as the presence or absence of handwritten notes or underlining, represent a distinct version).

7.      The terms "thing" and "things" mean and include any tangible item other than a document.

8.      The term "Accused Bio-Rad Products" includes but is not limited to the QX600, QXONE, and QX200 systems and all devices, accessories, components, assays, and kits compatible with these systems and that are used to perform tests using the Relevant Technology.

9.      The term "Bio-Rad Digital PCR Device" refers to the QX200 Droplet Digital PCR System, the QX600 Droplet Digital PCR System, and the QX ONE Droplet Digital PCR System.

10.     The term "Relevant Technology" refers to any test performed on any digital PCR device in which there are more targets or analytes to be identified in a droplet than the number of channels (i.e., colors) or distinct fluorophores used in the test.

11.     The term "Your Relevant Tests" refers to all tests You have performed on any Bio-Rad Digital PCR Device that use the Relevant Technology.

12.     The term "Target" refers to a nucleic acid that is amplified in a digital PCR test.

## **INSTRUCTIONS**

1.      In responding to the document requests below, please furnish all information that is available to You or within Your possession, custody, or control.  This Subpoena shall apply to all Documents in Your possession, custody, or control as of the date of service hereof or subsequently coming into your possession, custody, or control.

2.      The Documents shall be produced as they are kept in the usual course of business and must be organized and labeled to correspond to the categories in the request, pursuant to Federal Rule of Civil Procedure 34(b)(2)(E).  Electronic records and computerized information shall be produced in an intelligible format or together with a description of the system from which it was derived sufficient to permit rendering the materials intelligible.

3.      If You cannot fully comply with any document request, comply to the maximum extent possible and explain:  (a) what information You refuse to produce and/or (b) why full

compliance is not possible.  If You object to any request or subpart of a request, state with specificity the grounds for each such objection.

4.      Each page of each Document produced by You in response to these requests should include a unique production number.

5.      These requests are deemed continuing so as to require You to serve supplemental responses should you learn of additional Documents or tangible things called for by these document requests between the time your responses are served and the time of trial.  In accordance with Federal Rule of Civil Procedure 26(e), supplemental responses shall be served within a reasonable time after the discovery of such additional information or documents.

6.      Any information provided by you will be treated according to the Protective Order in this case.  If requested, the Protective Order will be provided to you separately.

## REQUESTS FOR PRODUCTION

**REQUEST NO. 1:**

Documents sufficient to identify all of Your Relevant Tests.

**REQUEST NO. 2:**

Documents sufficient to show the time period over which You performed each of Your Relevant Tests, including when You began performing each of Your Relevant Tests.

**REQUEST NO. 3:**

All documents showing the design of each of Your Relevant Tests, including the identity and number of targets, the number of channels (or colors) used in the test, the fluorophores associated with each target, the amount of primer(s) used for each target, the amount of each probe for each target, and any encoding scheme or other means used to identify each target with particular channels and intensities of light.

**REQUEST NO. 4:**

Documents sufficient to show how targets are differentiated in each of Your Relevant Tests.

**REQUEST NO. 5:**

Documents sufficient to identify the Bio-Rad Digital PCR Device used to perform each of Your Relevant Tests.

**REQUEST NO. 6:**

Documents sufficient to show the number of times You have performed each of Your Relevant Tests and the frequency with which You have performed each of them over time (e.g., the number of times per month during each month in which You have performed Your Relevant Tests).

**REQUEST NO. 7:**

All documents discussing or reflecting the importance to You (or any of Your potential customers or partners) of the Relevant Technology or the ability to conduct Your Relevant Tests.

**REQUEST NO. 8:**

All documents discussing, reflecting, or comparing different ways to perform the Relevant Technology or Your Relevant Tests that You considered or tested.

**REQUEST NO. 9:**

All documents discussing or reflecting how You developed the design of Your Relevant Tests.

**REQUEST NO. 10:**

All documents discussing the Relevant Technology as compared to digital PCR tests in which the number of Targets to be identified is equal to or less than the number of channels (i.e.,

colors) or distinct fluorophores used in the test, including any assessment of the suitability or value of such different tests.

**REQUEST NO. 11:**

All documents reflecting a comparison of Your Relevant Tests to digital PCR tests in which the number of Targets to be identified is equal to or less than the number of channels (i.e., colors) or distinct fluorophores used in the test, including any assessment of the suitability or value of such different tests.

**REQUEST NO. 12:**

Documents sufficient to show all revenue generated in connection with Your Relevant Tests.

**REQUEST NO. 13:**

All documents reflecting a projection of revenue in connection with Your Relevant Tests.

**REQUEST NO. 14:**

All documents reflecting interest by third parties in Your Relevant Tests.

**REQUEST NO. 15:**

Documents sufficient to show the relative usage of Your Bio-Rad Digital PCR Devices to perform each of Your Relevant Tests as well as other tests that do not use the Relevant Technology.

APP.084

## CERTIFICATE OF SERVICE

I, Jesse A. Salen, hereby certify that on this 14th day of November, 2025, a copy of the

foregoing **SECOND AMENDED SUBPOENA TO TESTIFY AT A DEPOSITION IN A**

**CIVIL ACTION [To: Verily Life Sciences LLC]** was served by email, on the following:

> Derek C. Walter
> JONES DAY
> 555 California Street, 26th Floor
> San Francisco, CA 94104
> Email: dwalter@jonesday.com
>       BioRad-Chromacode@jonesday.com
>
> Edward Reines
> JONES DAY
> 1755 Embarcadero Road
> Palo Alto, CA 94303
> Email: ereines@jonesday.com
>       BioRad-Chromacode@jonesday.com
>
> *Attorneys for Defendant and Counter-Plaintiff*
> **BIO-RAD LABORATORIES, INC.** and
> *Third Party* **VERILY LIFE SCIENCES LLC**

I declare under the laws of the United States of America that the foregoing is true

and correct. Executed this 14th day of November, 2025, at San Diego, California.


/s/ Jesse A. Salen
JESSE A. SALEN

Attorneys for Plaintiffs and Counter-Defendants
ChromaCode, Inc. and California Institute of
Technology

SMRH:4901-0811-1738                                CERTIFICATE OF SERVICE

APP.085

# EXHIBIT 5

APP.086

1  EDWARD R. REINES (SBN 135960)
   ereines@jonesday.com
2  JONES DAY
   1755 Embarcadero Road
3  Palo Alto, CA  94303
   Telephone:    +1.650.739.3982
4  Facsimile:    +1.650.739.3900

5  DEREK C. WALTER (SBN 246322)
   dwalter@jonesday.com
6  JONES DAY
   555 California Street, 26th floor
7  San Francisco, CA  94104
   Telephone: +1.415.875.5791
8  Facsimile: +1.415.875.5700

9  ALEXIS SMITH (SBN 274429)
   asmith@jonesday.com
10 JONES DAY
   555 South Flower Street, 50th Floor
11 Los Angeles, CA  90071
   Telephone:    +1.213.243.2653
12 Facsimile:    +1.213.243.2539

13 *Attorneys for Non-Party*,
   VERILY LIFE SCIENCES LLC

14

15                **UNITED STATES DISTRICT COURT**

16            **NORTHERN DISTRICT OF CALIFORNIA**

17                    **SAN JOSE DIVISION**

18 IN RE: CHROMACODE LITIGATION        Case No.: 5:23-cv-04823-EKL
                                            (Consolidated)
19
                                       **NON-PARTY VERILY LIFE SCIENCE LLC'S**
20                                     **OBJECTIONS AND RESPONSES TO**
                                       **PLAINTIFFS' SECOND AMENDED**
21                                     **SUBPOENA TO TESTIFY AT A**
                                       **DEPOSITION IN A CIVIL ACTION**
22
                                       Judge Eumi K. Lee
23

24

25

26

27

28
   VERILY'S OBJECTIONS AND RESPONSES           CASE NO. 5:23-CV-04823-EKL
   TO SUBPOENA

1    Non-party Verily Life Sciences LLC ("Verily") hereby serves its objections and responses to

2    ChromaCode, Inc.'s and California Institute of Technology's ("Plaintiffs") Second Amended

3    Subpoena to Testify at a Deposition In a Civil Action and Plaintiffs' accompanying requests for

4    production in schedule B attached the Subpoena (collectively, "Subpoena").  Verily's research and

5    review concerning the Subpoena are continuing, and Verily reserves the right to supplement or amend

6    this response if and when warranted.

7    <u>**GENERAL OBJECTIONS AND**</u>

8    <u>**OBJECTIONS TO INSTRUCTIONS AND DEFINITIONS**</u>

9    1.    Verily incorporates its April 25, 2025 Objections and Responses to Plaintiffs' Subpoena

10    to Testify at a Deposition In a Civil Action and its September 6, 2024 Objections and Responses to the

11    nearly identical set of requests for production of documents.

12    2.    Verily objects to the Subpoena as unduly burdensome, irrelevant, and disproportionate

13    to the needs of the case.  This Subpoena was served by Plaintiffs' counsel knowing that the Court has

14    denied Plaintiffs' motion to amend its infringement contentions to accuse any of Verily's assays.  *See*

15    *In re ChromaCode*, 5:23-cv-04823-EKL, ECF No. 154 at 11 (Oct. 10, 2025).  Verily is a non-party to

16    this litigation, its products are not accused of infringement, and Plaintiffs' continued request for a

17    deposition disregards Plaintiffs have disregarded the requirement of Fed. R. Civ. P. 45 to take

18    reasonable steps to avoid imposing undue burden or expense on a nonparty.

19    3.    Verily objects to the Subpoena to the extent that Plaintiffs seek discovery pertaining to

20    patents that they do not have standing to assert.  In particular, Verily objects insofar as Caltech does not

21    own all rights in the patents at issue in the above captioned matter

22    4.    Verily objects to the Subpoena to the extent it is overly broad, unduly burdensome, and

23    not relevant to any claim or defense in the underlying action because there are no Verily products that

24    are accused of infringement.

25    5.    Verily objects to the Subpoena because Verily previously complied with a Subpoena to

26    Produce Documents from Plaintiff and has no further duty to provide additional discovery in this matter,

27

28

VERILY'S OBJECTIONS AND RESPONSES    2    CASE No. 5:23-cv-04823-EKL
TO SUBPOENA

including additional documents.  Verily stands by and incorporates herein the objections that it previously asserted in response to the prior Subpoena to Produce Documents.

6.      Verily objects to the Subpoena to the extent it requires any witness to travel more than 100 miles of where that witness resides, is employed, or regularly transacts business in person.  Verily also objects to in-person attendance for this deposition.  In its prior Subpoenas, Plaintiffs sought only a virtual appearance and Plaintiffs have not indicated why that should now change.

7.      Verily objects to the Subpoena to the extent it requires Verily to identify and prepare a witness for deposition where there are no reasonably identifiable, competent witnesses to testify to the stated subject matter.  To the extent the Subpoena seeks to have Verily prepare witnesses on the subject matters identified in the Subpoena, it is unreasonably burdensome for a third-party.

8.      Verily objects to the Subpoena, including the Definitions and Instructions because it attempts to impose obligations other than, or beyond those imposed or authorized by, the Federal Rules of Civil Procedure, the Local Rules of the United States District Court for the Northern District of California, or other applicable law.

9.      Verily objects as unduly burdensome to the date and time set forth for response in the Subpoena.

10.      Verily objects to the definition of "You" as vague, ambiguous, overly broad, and unduly burdensome to the extent it seeks to include any corporation, business, or entity other than the recipient of the subpoena, Verily Life Sciences LLC ("Verily").  Verily's objections and responses are limited to Verily, its knowledge, and materials in its possession, custody, or control.

11.      Verily objects to the definition of "Document" and "Documents" as being overly broad and "without limitation," and to the extent that it imposes obligations on Verily beyond what is required under the Federal Rules of Civil Procedure, the Local Rules of this Court, and/or any other governing law.

12.      Verily objects to the Subpoena, including the Definitions and Instructions in each reference to an objection to the Subpoena, to the extent it seeks information that is not relevant to any party's claim or defense and proportional to the needs of the underlying case.  For example, Plaintiff's

1    Topics are unduly burdensome and costly to the extent they seek information where the burden or

2    expense of searching for, collecting, and/or producing outweighs its likely benefits under Federal Rule

3    of Civil Procedure 26(b)(2)(C)(iii).

4        13.    Verily objects to the Subpoena, including the Definition of "You," to the extent it seeks

5    information protected from disclosure by the attorney-client privilege, attorney work product doctrine

6    and any other applicable immunity protecting against disclosure.  Verily deems such protected materials

7    not intended to be within the scope of Plaintiffs' Topics and will not, and does not intend these responses

8    to, waive the privilege afforded such privileged and/or immune communications.  For the sake of clarity,

9    Verily hereby asserts such privileges and/or exemptions Inadvertent disclosure of any privileged or

10   protected information or documents in response to these Topics shall not be deemed a waiver of the

11   applicable privilege or protection, or of any other basis for objecting to discovery, or of Verily's right

12   to object to the use of, and seek the return of, any such inadvertently disclosed information.

13       14.    Verily objects to the Subpoena to the extent it calls for confidential information of third

14   parties that are subject to Court orders or other confidentiality obligations that do not authorize Verily

15   to testify to such information to Plaintiff.  For example, Verily objects to testifying to information

16   subject to the terms of Protective Orders entered in other cases, which restrict disclosure of such

17   information.  As a further example, Verily objects to providing information restricted from disclosure

18   under applicable contracts with the United States government, as well as local, state, and international

19   governments.

20       15.    Verily objects to the Subpoena to the extent it seeks information that is obtainable from

21   some other source, including party sources and public sources, that are more convenient, less

22   burdensome, or less expensive.

23       16.    Verily objects to the Subpoena to the extent it seeks information protected from

24   disclosure under any Protective Order entered in the underlying case.  Verily deems such information

25   not intended to be within the scope of Plaintiff's Topics and will not, and does not intend these responses

26   to, waive the protections afforded such information.

27

28

VERILY'S OBJECTIONS AND RESPONSES          4          CASE NO. 5:23-cv-04823-EKL
TO SUBPOENA

17.    Verily objects to the Subpoena to the extent it incorporates claim terms whose meaning may be in dispute and/or otherwise call for a legal conclusion.

18.    Verily objects to the Subpoena to the extent it calls for testimony or documents, either electronically stored or stored in hard copy, that are not readily accessible.

19.    Verily makes these responses without waiving the right to object on any ground to the use of these responses or the information contained therein in any lawsuit, administrative lawsuit, investigation, proceeding, or other litigation, including in the trial of this or any other case.  Appearing to testify does not imply an agreement or concession that the testimony contains information that is relevant to (or admissible in) any proceeding.

20.    Verily objects to Plaintiff's Topics to the extent they are unlimited in time.

21.    Verily reserves the right to assert further objections to Plaintiff's Topics in addition to the objections set forth herein, including any objections necessary after Plaintiff clarifies the meaning of vague or ambiguous terms in its Topics.

22.    To the extent that Verily in its objections or responses uses any term or terms for which Plaintiff has offered a definition, such usage is not a representation that Verily adopts, accepts, affirms, or admits the definitions Plaintiff offered are accurate or appropriate.  Notwithstanding Verily's use of any defined term or terms it reserves the right to maintain its objection to such term or terms.

23.    Verily objects to the Subpoena on the grounds that the Topics are not proportional to the needs of the case under Federal Rule of Civil Procedure 26(b)(1), as they apply to Verily, a non-party to any of the disputes.  The Topics impose undue burden and expense, the cost to respond is disproportionate compared to the resources of the parties, the litigation lacks significant public policy issues, the parties' access to the requested information from other, more appropriate sources, renders third-party involvement unnecessary and unduly burdensome, and the relationship between the requested information from Verily and the claims and defenses in the litigation is at best tangential.

24.    These General Responses and Objections are made without waiving, or intending to waive, but, on the contrary, expressly preserving: (a) all challenges as to competence, relevance, materiality, privilege, and admissibility as evidence for any purpose in any aspect of this or any other

1    litigation, action, proceeding, or investigation; (b) the right to object on any ground to any other set of

2    requests to produce discovery involving or relating to the subject matter of the information sought by

3    the Subpoena; and (c) the right at any time to amend and/or supplement these responses and objections

4    as appropriate.

5        25.    Verily's General Responses and Objections are incorporated in full into the specific

6    responses set forth below.

7    <u>**OBJECTIONS AND RESPONSES TO DEPOSITION TOPICS**</u>

8        The following objections and responses are made subject to and without waiver of the foregoing

9    General Objections and Objections to Definitions and Instructions, which are incorporated into each

10   response as though fully set forth therein.  To the extent particular objections set forth above are restated

11   in a specific response, they are provided because they are particularly applicable to the specific Topic

12   and such inclusion is not to be construed as a waiver of any other objection or a waiver of the included

13   general objection in Topics where not included. To the extent that a specific objection set forth below

14   indicates that a Topic or Request for Production is duplicative of other enumerated Topics or Requests

15   for Production, Verily hereby incorporates by reference into that specific objection its objections to the

16   duplicated Topic so enumerated.  Verily's objections cover both the request for a deposition and the

17   request for documents on these Topics.

18   **TOPIC NO. 1:**

19       Authentication of all Produced Documents.

20   **RESPONSE TO TOPIC NO. 1:**

21       In addition to its General Objections and Objections to Instructions and Definitions, Verily

22   objects to this Topic as unduly burdensome and costly to the extent it imposes an additional burden

23   upon Verily who is not a party to this litigation and when Verily understands authenticity of Verily's

24   documents is not disputed.  Verily also objects to use of a deposition to authenticate documents when

25   less burdensome means are available and have been offered to Plaintiff.

26       Verily does not intend to offer a witness on this Topic.

27

28

1  **TOPIC NO. 2:**

2       The past and present storage location(s) of the Produced Documents

3  **RESPONSE TO TOPIC NO. 2:**

4       In addition to its General Objections and Objections to Instructions and Definitions, Verily

5  objects to this Topic as unduly burdensome and unnecessarily broad to the extent that it seeks former

6  storage information over an indefinite period of time.  Verily objects to the term "storage location(s)"

7  as overbroad and vague.  Verily objects to this Request on the grounds that it is not reasonably calculated

8  to lead to the discovery of relevant, admissible evidence, but is an overbroad intrusion into confidential

9  matters at Verily.  Verily objects to this Topic on the grounds that the requested information is not

10 readily or reasonably available to Verily.  The burden and expense of complying with the scope of the

11 Topic as drafted far outweighs any likely benefit of obtaining that discovery, and therefore is not

12 proportional to the needs of the case, especially when Verily understands authenticity of Verily's

13 documents is not disputed.  Verily also objects to use of a deposition to authenticate documents when

14 less burdensome means are available and have been offered to Plaintiff.  Verily further objects that this

15 Topic fails to identify the subject matter sought with reasonable particularity.  Verily further objects to

16 this Request as it seeks information regarding the storage of documents that are in Plaintiff's possession.

17 Verily further objects to this request as duplicative and unduly burdensome to a third party as

18 information relevant to this Topic has already been produced to Plaintiff.

19      Verily does not intend to offer a witness on this Topic.

20 **TOPIC NO. 3:**

21      Facts and circumstances Regarding Your Relevant Tests, including tests reflected in the

22 Produced Documents and the instruments used to conduct such testing.

23 **RESPONSE TO TOPIC NO. 3:**

24      In addition to its General Objections and Objections to Instructions and Definitions, Verily

25 objects to this Topic as unduly burdensome and unnecessarily broad, including because the terms

26 "circumstances," "all testing," "reflected," and "instruments" are vague, ambiguous, and lacking

27 sufficient precision or particularity to permit a response.  Verily objects to this Topic as unduly

28

VERILY'S OBJECTIONS AND RESPONSES          7          CASE NO. 5:23-CV-04823-EKL
TO SUBPOENA

1    burdensome and costly to the extent it seeks information that, if it exists, should be in the possession,

2    custody or control of a party to the underlying lawsuit, public sources, and/or other third-parties. Verily

3    also objects to this Topic as unduly burdensome and costly to the extent it seeks information concerning

4    "all testing" and is unlimited in time. In particular, Verily objects to this Topic as overly broad, unduly

5    burdensome, and not directed to any issue relevant to the lawsuit to the extent it seeks testimony

6    concerning tests that are not accused in this matter. Verily also objects to this Topic as overly broad

7    and unduly burdensome to the extent it seeks information irrelevant to any party, claim or defense in

8    the underlying lawsuit. The burden and expense of complying with this Topic far outweighs any likely

9    benefit of obtaining that discovery, and therefore is not proportional to the needs of the case. Verily

10   also objects to this Topic to the extent it seeks information that is protected from disclosure by any

11   confidentiality agreement or any third-party confidentiality.

12        Verily does not intend to offer a witness on this Topic.

13   **TOPIC NO. 4:**

14        For Your Relevant Tests, including each test reflected in the Produced Documents: the identity

15   and number of targets, the number of channels (or colors) used in the test, the fluorophores associated

16   with each target, the amount of primer(s) used for each target, the amount of each probe for each target,

17   any encoding scheme or other means used to identify each target with particular channels and intensities

18   of light, and whether each test is non-degenerate.

19   **RESPONSE TO TOPIC NO. 4:**

20        In addition to its General Objections and Objections to Instructions and Definitions, Verily

21   objects to this Topic as unduly burdensome and costly to the extent it seeks information that, if it exists,

22   should be in the possession, custody or control of a party to the underlying lawsuit, public sources,

23   and/or other third-parties. Verily also objects to this Topic as unduly burdensome and costly to the

24   extent it seeks testimony concerning "each test reflected in the Produced Documents" and is unlimited

25   in time. In particular, Verily objects to this Topic as overly broad, unduly burdensome, and not directed

26   to any issue relevant to the lawsuit to the extent it seeks testimony concerning tests that are not accused

27   in this matter. Verily also objects to this Topic as overly broad and unduly burdensome to the extent it

28

seeks information irrelevant to any party, claim or defense in the underlying lawsuit. The burden and expense of complying with this Topic far outweighs any likely benefit of obtaining that discovery, and therefore is not proportional to the needs of the case. Verily also objects to this Topic on the grounds that it is vague and ambiguous, including without limitation in its use of the language "design," "identity," "amount," and "encoding scheme or other means used to identify each target with particular channels or intensities of light," which are undefined and subject to multiple interpretations. Verily also objects to this Topic to the extent it incorporates claim terms, such as "fluorophore" and "probe," whose meaning may be in dispute and/or otherwise call for a legal conclusion. Verily also objects to this Topic to the extent it seeks information that is protected from disclosure by any confidentiality agreement or any third-party confidentiality obligations. Verily further objects that this Topic fails to identify the subject matter sought with reasonable particularity. Verily further objects to this request as duplicative and unduly burdensome to a third party as information relevant to this Topic has already been produced to Plaintiff. Moreover, it is Verily's understanding that the Court adopted Plaintiffs' construction of "degenerate," *see* ECF No. 125 at 24, and that degenerate can describe situations where a legitimate result is not definitive. Given the broadness of this definition, preparing to speak as to whether each test is non-degenerate is unduly burdensome.

Verily does not intend to offer a witness on this Topic.

**TOPIC NO. 5:**

Facts and circumstances Regarding any instructions or guidance You received from Bio-Rad in connection with using Bio-Rad instruments or other Bio-Rad Accused Products to conduct Your Relevant Tests or in connection with designing or preparing such Tests for use on Accused Bio-Rad Products or other Bio-Rad instruments, including the testing reflected in the Produced Documents.

**RESPONSE TO TOPIC NO. 5:**

In addition to its General Objections and Objections to Instructions and Definitions, Verily objects to this Topic as unduly burdensome and costly to the extent it seeks information that, if it exists, should be in the possession, custody or control of a party to the underlying lawsuit, public sources or other third-parties. Verily also objects to this Topic as unduly burdensome and costly to the extent it

1   seeks information concerning tests that are not accused in this matter.  Verily also objects to this Topic

2   as overly broad and unduly burdensome to the extent it seeks information irrelevant to any party, claim

3   or defense in the underlying lawsuit.  The burden and expense of complying with this Topic far

4   outweighs any likely benefit of obtaining that discovery, and therefore is not proportional to the needs

5   of the case.  Verily also objects to this Topic on the grounds that it is vague and ambiguous, including

6   without limitation in its use of the language "circumstances," "instructions," "guidance," "designing,"

7   "preparing," and "testing" which are undefined and subject to multiple interpretations.  Verily also

8   objects to this Topic to the extent it seeks information that is protected from disclosure by any

9   confidentiality agreement or any third-party confidentiality obligations.  Verily also objects that the

10   Topic is vague and overbroad and fails to identify the subject matter sought with reasonable

11   particularity.  Verily further objects that the Topic is overbroad because it seeks information about any

12   and all Bio-Rad instruments, regardless of whether they are at issue in the underlying litigation.  Verily

13   further objects to this request as duplicative and unduly burdensome to a third party as information

14   relevant to this Topic has already been produced to Plaintiff.

15        Verily does not intend to offer a witness on this Topic.

16   **TOPIC NO. 6:**

17        Your comparative use of Accused Bio-Rad Products or other Bio-Rad instruments to conduct

18   Your Relevant Tests relative to Your use of the Relevant Technology on digital PCR devices not

19   produced by Bio-Rad.

20   **RESPONSE TO TOPIC NO. 6:**

21        In addition to its General Objections and Objections to Instructions and Definitions, Verily

22   objects to this Topic as unduly burdensome and costly to the extent it seeks information that, if it exists,

23   should be in the possession, custody or control of a party to the underlying lawsuit, public sources or

24   other third-parties. Verily also objects to this Topic as unduly burdensome and costly to the extent it

25   seeks information concerning tests that are not accused in this matter.  Verily also objects to this Topic

26   as overly broad and unduly burdensome to the extent it seeks information irrelevant to any party, claim

27   or defense in the underlying lawsuit.  The burden and expense of complying with this Topic far

28

VERILY'S OBJECTIONS AND RESPONSES          10          CASE NO. 5:23-CV-04823-EKL
TO SUBPOENA

outweighs any likely benefit of obtaining that discovery, and therefore is not proportional to the needs of the case.  Verily also objects to this Topic on the grounds that it is vague and ambiguous, including without limitation in its use of the language "comparative," "relative," and "identified," which are undefined and subject to multiple interpretations.  Verily also objects to this Topic to the extent it incorporates claim terms, such as "fluorophore," whose meaning may be in dispute and/or otherwise call for a legal conclusion.  Verily also objects to this Topic to the extent it seeks information that is protected from disclosure by any confidentiality agreement or any third-party confidentiality obligations.  Verily also objects that the Topic is vague and overbroad and fails to identify the subject matter sought with reasonable particularity.  Verily further objects to this Topic to the extent is calls for expert testimony or speculation.

Verily does not intend to offer a witness on this Topic.

**TOPIC NO. 7:**

Your comparative use of Accused Bio-Rad Products or other Bio-Rad instruments to conduct Your Relevant Tests relative to Your use of Accused Bio-Rad Products or other Bio-Rad instruments to conduct digital PCR tests other than Your Relevant Tests.

**RESPONSE TO TOPIC NO. 7:**

In addition to its General Objections and Objections to Instructions and Definitions, Verily objects to this Topic as unduly burdensome and costly to the extent it seeks information that, if it exists, should be in the possession, custody or control of a party to the underlying lawsuit, public sources, or other third-parties. Verily also objects to this Topic as unduly burdensome and costly to the extent it seeks information relating to tests that are not accused in this matter.  Verily also objects to this Topic as overly broad and unduly burdensome to the extent it seeks information irrelevant to any party, claim or defense in the underlying lawsuit.  The burden and expense of complying with this Topic far outweighs any likely benefit of obtaining that discovery, and therefore is not proportional to the needs of the case.  Verily also objects to this Topic on the grounds that it is vague and ambiguous, including without limitation in its use of the language "information," "concerning," "transmitted," and "connection," which are undefined and subject to multiple interpretations.  Verily also objects to this

1  Topic to the extent it seeks information that is protected from disclosure by any confidentiality

2  agreement or any third-party confidentiality obligations.  Verily also objects that the Topic is vague

3  and overbroad and fails to identify the subject matter sought with reasonable particularity.

4      Verily does not intend to offer a witness on this Topic.

5  **TOPIC NO. 8:**

6      The extent to which information concerning the presence or absences of targets is transmitted

7  through a computer network in connection with Your Relevant Tests.

8  **RESPONSE TO TOPIC NO. 8:**

9      In addition to its General Objections and Objections to Instructions and Definitions, Verily

10  objects to this Topic as unduly burdensome and costly to the extent it seeks information that, if it exists,

11  should be in the possession, custody or control of a party to the underlying lawsuit, public sources, or

12  other third-parties.  Verily also objects to this Topic as unduly burdensome and costly to the extent it

13  seeks information relating to tests that are not accused in this matter.  Verily also objects to this Topic

14  as overly broad and unduly burdensome to the extent it seeks information irrelevant to any party, claim

15  or defense in the underlying lawsuit.  The burden and expense of complying with this Topic far

16  outweighs any likely benefit of obtaining that discovery, and therefore is not proportional to the needs

17  of the case.  Verily also objects to this Topic on the grounds that it is vague and ambiguous, including

18  without limitation in its use of the language "information," "concerning," "transmitted," and

19  "connection," and "through a computer network," which are undefined and subject to multiple

20  interpretations.  Verily also objects to this Topic to the extent it seeks information that is protected from

21  disclosure by any confidentiality agreement or any third-party confidentiality obligations.  Verily also

22  objects that the Topic is vague and overbroad and fails to identify the subject matter sought with

23  reasonable particularity.

24      Verily does not intend to offer a witness on this Topic.

25  **TOPIC NO. 9:**

26      The use of computers in connection with Your Relevant Tests.

27

28

VERILY'S OBJECTIONS AND RESPONSES    12    CASE No. 5:23-cv-04823-EKL
TO SUBPOENA

**RESPONSE TO TOPIC NO. 9:**

In addition to its General Objections and Objections to Instructions and Definitions, Verily objects to this Topic as unduly burdensome and costly to the extent it seeks information that, if it exists, should be in the possession, custody or control of a party to the underlying lawsuit, public sources, or other third-parties. Verily also objects to this Topic as unduly burdensome and costly to the extent it seeks information vaguely relating to "[t]he use of computers" and "Your Relevant Tests" and is unlimited in time. In particular, Verily objects to this Topic as overly broad, unduly burdensome, and not directed to any issue relevant to the underlying lawsuit to the extent it seeks information concerning tests that are not accused in this matter. Verily also objects to this Topic as overly broad and unduly burdensome to the extent it seeks information irrelevant to any party, claim or defense in the underlying lawsuit. The burden and expense of complying with this Topic far outweighs any likely benefit of obtaining that discovery, and therefore is not proportional to the needs of the case. Verily also objects to this Topic on the grounds that it is vague and ambiguous, including without limitation in its use of the language "[t]he use of computers" and "in connection," which are undefined and subject to multiple interpretations. Verily also objects to this Topic to the extent it seeks information that is protected from disclosure by any confidentiality agreement or any third-party confidentiality obligations. Verily also objects that the Topic is vague and overbroad and fails to identify the subject matter sought with reasonable particularity.

Verily does not intend to offer a witness on this Topic.

**TOPIC NO. 10:**

The use of thermal cyclers in connection with Your Relevant Tests.

**RESPONSE TO TOPIC NO. 10:**

In addition to its General Objections and Objections to Instructions and Definitions, Verily objects to this Topic as unduly burdensome and costly to the extent it seeks information that, if it exists, should be in the possession, custody or control of a party to the underlying lawsuit, public sources or other third-parties. Verily also objects to this Topic as unduly burdensome and costly to the extent it seeks information relating to tests that are not accused in this matter. Verily also objects to this Topic

1  as overly broad and unduly burdensome to the extent it seeks information irrelevant to any party, claim

2  or defense in the underlying lawsuit.  The burden and expense of complying with this Topic far

3  outweighs any likely benefit of obtaining that discovery, and therefore is not proportional to the needs

4  of the case.  Verily also objects to this Topic on the grounds that it is vague and ambiguous, including

5  without limitation in its use of the language "thermal cyclers" and "in connection with," which are

6  undefined and subject to multiple interpretations.  Verily also objects to this Topic to the extent it seeks

7  information that is protected from disclosure by any confidentiality agreement or any third-party

8  confidentiality obligations.  Verily also objects that the Topic is vague and overbroad and fails to

9  identify the subject matter sought with reasonable particularity.

10       Verily does not intend to offer a witness on this Topic.

11  **TOPIC NO. 11:**

12       Your Relevant Tests that identify five or more targets using between one and four fluorophores,

13  including the design of such Tests and the extent You performed such Tests and plan or expect to

14  perform such Tests.

15  **RESPONSE TO TOPIC NO. 11:**

16       In addition to its General Objections and Objections to Instructions and Definitions, Verily

17  objects to this Topic as unduly burdensome and costly to the extent it seeks information that, if it exists,

18  should be in the possession, custody or control of a party to the underlying lawsuit, public sources or

19  other third-parties.  Verily also objects to this Topic as unduly burdensome and costly to the extent it

20  seeks information relating to tests that are not accused in this matter.  Verily also objects to this Topic

21  as overly broad and unduly burdensome to the extent it seeks information irrelevant to any party, claim

22  or defense in the underlying lawsuit.  The burden and expense of complying with this Topic far

23  outweighs any likely benefit of obtaining that discovery, and therefore is not proportional to the needs

24  of the case.  Verily also objects to this Topic on the grounds that it is vague and ambiguous, including

25  without limitation in its use of the language "identify," "design," and "expect," which are undefined

26  and subject to multiple interpretations.  Verily also objects to this Topic to the extent it incorporates

27  claim terms, such as "fluorophores," whose meaning may be in dispute and/or otherwise call for a legal

28

VERILY'S OBJECTIONS AND RESPONSES          14          CASE NO. 5:23-CV-04823-EKL
TO SUBPOENA

1  conclusion.  Verily also objects to this Topic to the extent that the phrase "the extent You performed

2  such Tests and plan or expect to perform such Tests" uses vague terminology calling for Verily to

3  speculate over an indefinite time period.  Verily also objects to this Topic to the extent it seeks

4  information that is protected from disclosure by any confidentiality agreement or any third-party

5  confidentiality obligations.  Verily also objects that the Topic is vague and overbroad and fails to

6  identify the subject matter sought with reasonable particularity.

7       Verily does not intend to offer a witness on this Topic.

8  **TOPIC NO. 12:**

9       The importance to You (or any of Your potential customers or partners) of the Relevant

10  Technology or the ability to conduct Your Relevant Tests.

11  **RESPONSE TO TOPIC NO. 12:**

12       In addition to its General Objections and Objections to Instructions and Definitions, Verily

13  objects to this Topic as unduly burdensome and costly to the extent it seeks information that, if it exists,

14  should be in the possession, custody or control of a party to the underlying lawsuit, public sources or

15  other third-parties. Verily also objects to this Topic as unduly burdensome and costly to the extent it

16  seeks information relating to tests that are not accused in this matter.  Verily also objects to this Topic

17  as overly broad and unduly burdensome to the extent it seeks information irrelevant to any party, claim

18  or defense in the underlying lawsuit.   The burden and expense of complying with this Topic far

19  outweighs any likely benefit of obtaining that discovery, and therefore is not proportional to the needs

20  of the case.  Verily also objects to this Topic on the grounds that it is vague and ambiguous, including

21  without limitation in its use of the language "importance," "the ability to conduct," and "potential

22  customers" which are undefined and subject to multiple interpretations.  Verily also objects to this Topic

23  to the extent it seeks information that is protected from disclosure by any confidentiality agreement or

24  any third-party confidentiality obligations.  Verily also objects that the Topic is vague and overbroad

25  and fails to identify the subject matter sought with reasonable particularity.  Verily further objects that

26  testimony about any purchase and use of any non-Bio-Rad kits, assays, or tests is irrelevant and not

27  directed to any issue relevant to the case.

28

VERILY'S OBJECTIONS AND RESPONSES                   15                   CASE NO. 5:23-cv-04823-EKL
TO SUBPOENA

1    Verily does not intend to offer a witness on this Topic.

2    **OBJECTIONS AND RESPONSES TO REQUESTS FOR PRODUCTION**

3    **REQUEST NO. 1:**

4    Documents sufficient to identify all of Your Relevant Tests.

5    **RESPONSE TO REQUEST NO. 1:**

6    In addition to its General Objections and Objections to Instructions and Definitions, Verily

7    objects to this Request as unduly burdensome and costly to the extent it seeks documents that, if they

8    exist, should be in the possession, custody or control of a party to the underlying lawsuit, public sources,

9    or other third-parties.  Verily also objects to this Request as unduly burdensome and costly to the extent

10    it seeks documents sufficient to identify "all of Your Relevant Tests" and is unlimited in time.  Verily

11    objects to this Request as overly broad, unduly burdensome, and not directed to any issue relevant to

12    the lawsuit to the extent it seeks documents sufficient to identify tests that are not accused of

13    infringement.  The burden and expense of complying with the scope of the Request as drafted far

14    outweighs any likely benefit of obtaining that discovery, and therefore is not proportional to the needs

15    of the case.  Verily also objects to this Request on the grounds that it is vague and ambiguous, including

16    without limitation in its use of the language "identify," which is undefined and subject to multiple

17    interpretations.  Verily also objects to this Request to the extent it seeks information that is protected

18    from disclosure by any confidentiality agreement or any third-party confidentiality obligations.

19    Subject to Verily's General Objections and Objections to Instructions and Definitions and the

20    foregoing specific objections, Verily has produced, pursuant to the terms of the May 24, 2024 Stipulated

21    Protective Order, documents sufficient to identify the number of "Relevant Tests" used for commercial

22    purposes (*See, e.g.*, VLS00001, 41).

23    **REQUEST NO. 2:**

24    Documents sufficient to show the time period over which You performed each of Your Relevant

25    Tests, including when You began performing each of Your Relevant Tests.

26

27

28

**RESPONSE TO REQUEST NO. 2:**

In addition to its General Objections and Objections to Instructions and Definitions, Verily objects to this Request as unduly burdensome and costly to the extent it seeks documents that, if they exist, should be in the possession, custody or control of a party to the underlying lawsuit, public sources or other third-parties. Verily also objects to this Request as unduly burdensome and costly to the extent it seeks documents concerning "each of Your Relevant Tests" and is unlimited in time. Verily objects to this Request as overly broad, unduly burdensome, and not directed to any issue relevant to the lawsuit to the extent it seeks documents concerning tests that are not accused of infringement. The burden and expense of complying with the scope of the Request as drafted far outweighs any likely benefit of obtaining that discovery, and therefore is not proportional to the needs of the case. Verily also objects to this Request to the extent it seeks information that is protected from disclosure by any confidentiality agreement or any third-party confidentiality obligations.

Subject to Verily's General Objections and Objections to Instructions and Definitions and the foregoing specific objections, Verily has produced, pursuant to the terms of the May 24, 2024 Stipulated Protective Order, documents sufficient to identify the time period of "Relevant Tests" used for commercial purposes (*See, e.g.*, VLS00001, 41).

**REQUEST NO. 3:**

All documents showing the design of each of Your Relevant Tests, including the identity and number of targets, the number of channels (or colors) used in the test, the fluorophores associated with each target, the amount of primer(s) used for each target, the amount of each probe for each target, and any encoding scheme or other means used to identify each target with particular channels and intensities of light.

**RESPONSE TO REQUEST NO. 3:**

In addition to its General Objections and Objections to Instructions and Definitions, Verily objects to this Request as unduly burdensome and costly to the extent it seeks documents that, if they exist, should be in the possession, custody or control of a party to the underlying lawsuit, public sources or other third-parties. Verily also objects to this Request as unduly burdensome and costly to the extent

it seeks documents concerning "each of Your Relevant Tests" and is unlimited in time. Verily objects to this Request as overly broad, unduly burdensome, and not directed to any issue relevant to the lawsuit to the extent it seeks documents concerning tests that are not accused of infringement. The burden and expense of complying with the scope of the Request as drafted far outweighs any likely benefit of obtaining that discovery, and therefore is not proportional to the needs of the case. Verily also objects to this Request on the grounds that it is vague and ambiguous, including without limitation in its use of the language "design," "identity," "amount," and "encoding scheme or other means used to identify each target with particular channels or intensities of light," which are undefined and subject to multiple interpretations. Verily also objects to this Request to the extent it incorporates claim terms, such as "fluorophore" and "probe," whose meaning may otherwise call for a legal conclusion. Verily also objects to this Request to the extent it seeks information that is protected from disclosure by any confidentiality agreement or any third-party confidentiality obligations.

Subject to Verily's General Objections and Objections to Instructions and Definitions and the foregoing specific objections, Verily has produced, pursuant to the terms of the May 24, 2024 Stipulated Protective Order, documents sufficient to show the manner in which Verily uses the "Relevant Tests" (*See, e.g.*, VLS00002-40, 58-334).

**REQUEST NO. 4:**

Documents sufficient to show how targets are differentiated in each of Your Relevant Tests.

**RESPONSE TO REQUEST NO. 4:**

In addition to its General Objections and Objections to Instructions and Definitions, Verily objects to this Request as unduly burdensome and costly to the extent it seeks documents that, if they exist, should be in the possession, custody or control of a party to the underlying lawsuit, public sources or other third-parties. Verily also objects to this Request as unduly burdensome and costly to the extent it seeks documents concerning "each of Your Relevant Tests" and is unlimited in time. Verily objects to this Request as overly broad, unduly burdensome, and not directed to any issue relevant to the lawsuit to the extent it seeks documents concerning tests that are not accused of infringement. The burden and expense of complying with the scope of the Request as drafted far outweighs any likely benefit of

1  obtaining that discovery, and therefore is not proportional to the needs of the case.  Verily also objects

2  to this Request on the grounds that it is vague and ambiguous, including without limitation in its use of

3  the language "targets," and "differentiated," which are undefined and subject to multiple interpretations.

4  Verily also objects to this Request to the extent it seeks information that is protected from disclosure

5  by any confidentiality agreement or any third-party confidentiality obligations.

6         Subject to Verily's General Objections and Objections to Instructions and Definitions and the

7  foregoing specific objections, Verily has produced, pursuant to the terms of the May 24, 2024 Stipulated

8  Protective Order, documents sufficient to show the manner in which Verily uses the "Relevant Tests"

9  (*See, e.g.*, VLS00002-40, 58-334).

10  **REQUEST NO. 5:**

11         Documents sufficient to identify the Bio-Rad Digital PCR Device used to perform each of Your

12  Relevant Tests.

13  **RESPONSE TO REQUEST NO. 5:**

14         In addition to its General Objections and Objections to Instructions and Definitions, Verily

15  objects to this Request as unduly burdensome and costly to the extent it seeks documents that, if they

16  exist, should be in the possession, custody or control of a party to the underlying lawsuit, public sources

17  or other third-parties. Verily also objects to this Request as unduly burdensome and costly to the extent

18  it seeks documents concerning "each of Your Relevant Tests" and is unlimited in time.  Verily objects

19  to this Request as overly broad, unduly burdensome, and not directed to any issue relevant to the lawsuit

20  to the extent it seeks documents concerning tests that are not accused of infringement.  The burden and

21  expense of complying with the scope of the Request as drafted far outweighs any likely benefit of

22  obtaining that discovery, and therefore is not proportional to the needs of the case.  Verily also objects

23  to this Request on the grounds that it is vague and ambiguous, including without limitation in its use of

24  the language "identify," which is undefined and subject to multiple interpretations.  Verily also objects

25  to this Request to the extent it seeks information that is protected from disclosure by any confidentiality

26  agreement or any third-party confidentiality obligations.

27

28

VERILY'S OBJECTIONS AND RESPONSES          19                    CASE NO. 5:23-cv-04823-EKL
TO SUBPOENA

Subject to Verily's General Objections and Objections to Instructions and Definitions and the foregoing specific objections, Verily has produced, pursuant to the terms of the May 24, 2024 Stipulated Protective Order, documents sufficient to show the Bio-Rad Digital PCR Device used in commercial tests (*See, e.g.*, VLS00001, 41).

**REQUEST NO. 6:**

Documents sufficient to show the number of times You have performed each of Your Relevant Tests and the frequency with which You have performed each of them over time (e.g., the number of times per month during each month in which You have performed Your Relevant Tests).

**RESPONSE TO REQUEST NO. 6:**

In addition to its General Objections and Objections to Instructions and Definitions, Verily objects to this Request as unduly burdensome and costly to the extent it seeks documents that, if they exist, should be in the possession, custody or control of a party to the underlying lawsuit, public sources or other third-parties. Verily also objects to this Request as unduly burdensome and costly to the extent it seeks documents concerning "each of Your Relevant Tests" and is unlimited in time. Verily objects to this Request as overly broad, unduly burdensome, and not directed to any issue relevant to the lawsuit to the extent it seeks documents concerning tests that are not accused of infringement. The burden and expense of complying with the scope of the Request as drafted far outweighs any likely benefit of obtaining that discovery, and therefore is not proportional to the needs of the case. Verily also objects to this Request on the grounds that it is vague and ambiguous, including without limitation in its use of the language "frequency," which is undefined and subject to multiple interpretations. Verily also objects to this Request to the extent it seeks information that is protected from disclosure by any confidentiality agreement or any third-party confidentiality obligations.

Subject to Verily's General Objections and Objections to Instructions and Definitions and the foregoing specific objections, Verily has produced, pursuant to the terms of the May 24, 2024 Stipulated Protective Order, documents sufficient to identify the number of "Relevant Tests" used for commercial purposes (*See, e.g.*, VLS00001, 41).

1  **REQUEST NO. 7:**

2       All documents discussing or reflecting the importance to You (or any of Your potential

3  customers or partners) of the Relevant Technology or the ability to conduct Your Relevant Tests.

4  **RESPONSE TO REQUEST NO. 7:**

5       In addition to its General Objections and Objections to Instructions and Definitions, Verily

6  objects to this Request as unduly burdensome and costly to the extent it seeks documents that, if they

7  exist, should be in the possession, custody or control of a party to the underlying lawsuit, public sources

8  or other third-parties. Verily also objects to this Request as unduly burdensome and costly to the extent

9  it seeks "all" documents and is unlimited in time.  In particular, Verily objects to this Request as overly

10  broad, unduly burdensome, and not directed to any issue relevant to the underlying lawsuit to the extent

11  it seeks documents concerning the Relevant Technology or "the ability to conduct Your Relevant Tests"

12  that are beyond the relevant time period or relate to tests that are not accused.  Verily also objects to

13  this Request as unduly burdensome and costly to the extent it purports to impose on Verily an obligation

14  to determine or discern "any of Your potential customers or partners." Verily also objects to this Request

15  as overly broad and unduly burdensome to the extent it seeks information irrelevant to any party, claim

16  or defense in the underlying lawsuit.  In particular, Verily objects to this Request as overly broad, unduly

17  burdensome and not directed to any issue relevant to the lawsuit to the extent it seeks discovery about

18  Verily's and/or other third parties' perceptions of value, which is not relevant to whether Bio-Rad is

19  liable for direct and/or indirect infringement or to calculation of damages therefor. The burden and

20  expense of complying with the scope of the Request as drafted far outweighs any likely benefit of

21  obtaining that discovery, and therefore is not proportional to the needs of the case.  Verily also objects

22  to this Request on the grounds that it is vague, ambiguous, overly broad and unduly burdensome,

23  including without limitation in its use of the language "reflecting," "importance," "ability to conduct,"

24  and "potential customers which are undefined and subject to multiple interpretations.  Verily also

25  objects to this Request to the extent it seeks information that is protected from disclosure by any

26  confidentiality agreement or any third-party confidentiality obligations.

27       Subject the foregoing, Verily will not produce documents responsive to this request.

28

VERILY'S OBJECTIONS AND RESPONSES            21            CASE No. 5:23-cv-04823-EKL
TO SUBPOENA

**REQUEST NO. 8:**

All documents discussing, reflecting, or comparing different ways to perform the Relevant Technology or Your Relevant Tests that You considered or tested.

**RESPONSE TO REQUEST NO. 8:**

In addition to its General Objections and Objections to Instructions and Definitions, Verily objects to this Request as unduly burdensome and costly to the extent it seeks documents that, if they exist, should be in the possession, custody or control of a party to the underlying lawsuit, public sources or other third-parties. Verily also objects to this Request as unduly burdensome and costly to the extent it seeks "all" documents and is unlimited in time. Verily objects to this Request as overly broad, unduly burdensome, and not directed to any issue relevant to the underlying lawsuit to the extent it seeks documents concerning the Relevant Technology or Relevant Tests that are not accused of infringement. Verily also objects to this Request as overly broad and unduly burdensome to the extent it seeks information irrelevant to any party, claim or defense in the underlying lawsuit. The burden and expense of complying with the scope of the Request as drafted far outweighs any likely benefit of obtaining that discovery, and therefore is not proportional to the needs of the case. Verily also objects to this Request on the grounds that it is vague, ambiguous, overly broad, and unduly burdensome, including without limitation in its use of the language "reflecting", "different ways to perform", and "that You considered or tested," which is undefined and subject to multiple interpretations. Verily also objects to this Request to the extent it seeks information that is protected from disclosure by any confidentiality agreement or any third-party confidentiality obligations.

Subject to Verily's General Objections and Objections to Instructions and Definitions and the foregoing specific objections, Verily has produced, pursuant to the terms of the May 24, 2024 Stipulated Protective Order and Verily's prior meet and confer with Plaintiff regarding this same request that was previously served, responsive documents located after a reasonable search (See, e.g., VLS000043-57).

**REQUEST NO. 9:**

All documents discussing or reflecting how You developed the design of Your Relevant Tests.

**RESPONSE TO REQUEST NO. 9:**

In addition to its General Objections and Objections to Instructions and Definitions, Verily objects to this Request as unduly burdensome and costly to the extent it seeks documents that, if they exist, should be in the possession, custody or control of a party to the underlying lawsuit, public sources or other third-parties. Verily also objects to this Request as unduly burdensome and costly to the extent it seeks "all" documents and is unlimited in time.  In particular, Verily objects to this Request as overly broad, unduly burdensome, and not directed to any issue relevant to the underlying lawsuit to the extent it seeks documents concerning Relevant Tests that are not accused of infringement.  The burden and expense of complying with the scope of the Request as drafted far outweighs any likely benefit of obtaining that discovery, and therefore is not proportional to the needs of the case.  Verily also objects to this Request on the grounds that it is vague and ambiguous, including without limitation in its use of the language "how You developed the design," which is undefined and subject to multiple interpretations.  Verily also objects to this Request to the extent it seeks information that is protected from disclosure by any confidentiality agreement or any third-party confidentiality obligations.

Subject to Verily's General Objections and Objections to Instructions and Definitions and the foregoing specific objections, Verily has produced, pursuant to the terms of the May 24, 2024 Stipulated Protective Order, documents sufficient to show the manner in which Verily uses the "Relevant Tests."

**REQUEST NO. 10:**

All documents discussing the Relevant Technology as compared to digital PCR tests in which the number of Targets to be identified is equal to or less than the number of channels or distinct fluorophores used in the test, including any assessment of the suitability or value of such different tests.

**RESPONSE TO REQUEST NO. 10:**

In addition to its General Objections and Objections to Instructions and Definitions, Verily objects to this Request as unduly burdensome and costly to the extent it seeks documents that, if they exist, should be in the possession, custody or control of a party to the underlying lawsuit, public sources or other third-parties. Verily also objects to this Request as unduly burdensome and costly to the extent it seeks "all" documents and is unlimited in time.  Verily also objects to this Request as unduly

1    burdensome and costly to the extent it is duplicative of any other requests, including without limitation

2    Request No. 11.  The burden and expense of complying with the scope of the Request as drafted far

3    outweighs any likely benefit of obtaining that discovery, and therefore is not proportional to the needs

4    of the case.  Verily also objects to this Request on the grounds that it is vague and ambiguous, including

5    without limitation in its use of the language "as compared to" and "any assessment of the suitability or

6    value of such different tests," which is undefined and subject to multiple interpretations.  Verily also

7    objects to this Request to the extent it incorporates claim terms, such as "fluorophores," whose meaning

8    may be in dispute and/or otherwise call for a legal conclusion.  Verily also objects to this Request to

9    the extent it seeks information that is protected from disclosure by any confidentiality agreement or any

10   third-party confidentiality obligations.

11        Subject to Verily's General Objections and Objections to Instructions and Definitions and the

12   foregoing specific objections, Verily states after a reasonable search it does not believe to have

13   documents responsive to this request.

14   **REQUEST NO. 11:**

15        All documents reflecting a comparison of Your Relevant Tests to digital PCR tests in which the

16   number of Targets to be identified is equal to or less than the number of channels (i.e., colors) or distinct

17   fluorophores used in the test, including any assessment of the suitability or value of such different tests.

18   **RESPONSE TO REQUEST NO. 11:**

19        In addition to its General Objections and Objections to Instructions and Definitions, Verily

20   objects to this Request as unduly burdensome and costly to the extent it seeks documents that, if they

21   exist, should be in the possession, custody or control of a party to the underlying lawsuit, public sources

22   or other third-parties. Verily also objects to this Request as unduly burdensome and costly to the extent

23   it seeks "all" documents and is unlimited in time.  Verily objects to this Request as overly broad, unduly

24   burdensome, and not directed to any issue relevant to the underlying lawsuit to the extent it seeks

25   documents concerning Relevant Tests that are not accused of infringement.  Verily also objects to this

26   Request as unduly burdensome and costly to the extent it is duplicative of any other requests, including

27   without limitation Request No. 10.  The burden and expense of complying with the scope of the Request

28

1   as drafted far outweighs any likely benefit of obtaining that discovery, and therefore is not proportional

2   to the needs of the case.  Verily also objects to this Request on the grounds that it is vague and

3   ambiguous, including without limitation in its use of the language "reflecting a comparison of" and

4   "any assessment of the suitability or value of such different tests," which is undefined and subject to

5   multiple interpretations.  Verily also objects to this Request to the extent it incorporates claim terms,

6   such as "fluorophores," whose meaning may be in dispute and/or otherwise call for a legal conclusion.

7   Verily also objects to this Request to the extent it seeks information that is protected from disclosure

8   by any confidentiality agreement or any third-party confidentiality obligations.

9        Subject to Verily's General Objections and Objections to Instructions and Definitions and the

10   foregoing specific objections, Verily states after a reasonable search it does not believe to have

11   documents responsive to this request.

12   **REQUEST NO. 12:**

13        Documents sufficient to show all revenue generated in connection with Your Relevant Tests.

14   **RESPONSE TO REQUEST NO. 12:**

15        In addition to its General Objections and Objections to Instructions and Definitions, Verily

16   objects to this Request as unduly burdensome and costly to the extent it seeks documents that, if they

17   exist, should be in the possession, custody or control of a party to the underlying lawsuit, public sources

18   or other third-parties, including without limitation documents reflecting the revenue generated by other

19   entities "in connection with Your Relevant Tests," if such documents exist. Verily also objects to this

20   Request as unduly burdensome and costly to the extent it seeks documents sufficient to show "all"

21   revenue and is unlimited in time.  Verily objects to this Request as overly broad, unduly burdensome,

22   and not directed to any issue relevant to the underlying lawsuit to the extent it seeks documents

23   concerning Relevant Tests that are not accused of infringement.  Verily also objects to this Request as

24   overly broad and unduly burdensome to the extent it seeks information irrelevant to any party, claim or

25   defense in the underlying lawsuit.  In particular, Verily objects to this Request as overly broad, unduly

26   burdensome and not directed to any issue relevant to the lawsuit to the extent it seeks discovery about

27   Verily's own revenue, which is not relevant to whether Bio-Rad is liable for direct and/or indirect

28

1    infringement or to calculation of damages therefor. The burden and expense of complying with the

2    scope of the Request as drafted far outweighs any likely benefit of obtaining that discovery, and

3    therefore is not proportional to the needs of the case.  Verily also objects to this Request on the grounds

4    that it is vague and ambiguous, including without limitation in its use of the language "all revenue

5    generated in connection with Your Relevant Tests," which is undefined and subject to multiple

6    interpretations.  Verily also objects to this Request to the extent it seeks information that is protected

7    from disclosure by any confidentiality agreement or any third-party confidentiality obligations.

8           Subject to the foregoing, Verily will not produce documents responsive to this request.

9    **REQUEST NO. 13:**

10          All documents reflecting a projection of revenue in connection with Your Relevant Tests.

11   **RESPONSE TO REQUEST NO. 13:**

12          In addition to its General Objections and Objections to Instructions and Definitions, Verily

13   objects to this Request as unduly burdensome and costly to the extent it seeks documents that, if they

14   exist, should be in the possession, custody or control of a party to the underlying lawsuit, public sources

15   or other third parties, including without limitation documents reflecting revenue projections for other

16   entities "in connection with Your Relevant Tests," if such documents exist. Verily also objects to this

17   Request as unduly burdensome and costly to the extent it seeks "all" documents and is unlimited in

18   time.  Verily objects to this Request as overly broad, unduly burdensome, and not directed to any issue

19   relevant to the underlying lawsuit to the extent it seeks documents concerning Relevant Tests that are

20   not accused of infringement.  Verily also objects to this Request as overly broad and unduly burdensome

21   to the extent it seeks information irrelevant to any party, claim or defense in the underlying lawsuit.  In

22   particular, Verily objects to this Request as overly broad, unduly burdensome and not directed to any

23   issue relevant to the lawsuit to the extent it seeks discovery about Verily's own revenue, which is not

24   relevant to whether Bio-Rad is liable for direct and/or indirect infringement or to calculation of damages

25   therefor. The burden and expense of complying with the scope of the Request as drafted far outweighs

26   any likely benefit of obtaining that discovery, and therefore is not proportional to the needs of the case.

27   Verily also objects to this Request on the grounds that it is vague and ambiguous, including without

28

1  limitation in its use of the language "reflecting a projection of revenue in connection with Your Relevant

2  Tests," which is undefined and subject to multiple interpretations.  Verily also objects to this Request

3  to the extent it seeks information that is protected from disclosure by any confidentiality agreement or

4  any third-party confidentiality obligations.

5       Subject to the foregoing, Verily will not produce documents responsive to this request.

6  **REQUEST NO. 14:**

7       All documents reflecting interest by third parties in Your Relevant Tests.

8  **RESPONSE TO REQUEST NO. 14:**

9       In addition to its General Objections and Objections to Instructions and Definitions, Verily

10  objects to this Request as unduly burdensome and costly to the extent it seeks documents that, if they

11  exist, should be in the possession, custody or control of a party to the underlying lawsuit, public sources

12  or other third parties. Verily also objects to this Request as unduly burdensome and costly to the extent

13  it seeks "all" documents and is unlimited in time.  Verily objects to this Request as overly broad, unduly

14  burdensome, and not directed to any issue relevant to the underlying lawsuit to the extent it seeks

15  documents concerning Relevant Tests that are not accused of infringement.  Verily also objects to this

16  Request as overly broad and unduly burdensome to the extent it seeks information irrelevant to any

17  party, claim or defense in the underlying lawsuit.  In particular, Verily objects to this Request as overly

18  broad, unduly burdensome and not directed to any issue relevant to the lawsuit to the extent it seeks

19  discovery about third-party interest in Verily's offerings, which is not relevant to whether Bio-Rad is

20  liable for direct and/or indirect infringement or to calculation of damages therefor.  The burden and

21  expense of complying with the scope of the Request as drafted far outweighs any likely benefit of

22  obtaining that discovery, and therefore is not proportional to the needs of the case.  Verily also objects

23  to this Request on the grounds that it is vague and ambiguous, including without limitation in its use of

24  the language "reflecting interest by third parties in Your Relevant Tests," which is undefined and subject

25  to multiple interpretations.  Verily also objects to this request because it calls for speculation as to other

26  third parties' motives.  Verily also objects to this Request to the extent it seeks information that is

27

28

1  protected from disclosure by any confidentiality agreement or any third-party confidentiality

2  obligations.

3         Subject to the foregoing, Verily will not produce documents responsive to this request.

4  **REQUEST NO. 15:**

5         Documents sufficient to show the relative usage of Your Bio-Rad Digital PCR Devices to

6  perform each of Your Relevant Tests as well as other tests that do not use the Relevant Technology.

7  **RESPONSE TO REQUEST NO. 15:**

8         In addition to its General Objections and Objections to Instructions and Definitions, Verily

9  objects to this Request as unduly burdensome and costly to the extent it seeks documents that, if they

10  exist, should be in the possession, custody or control of a party to the underlying lawsuit, public sources

11  or other third parties. Verily also objects to this Request as unduly burdensome and costly to the extent

12  it seeks documents concerning "each of Your Relevant Tests" and is unlimited in time.  Verily objects

13  to this Request as overly broad, unduly burdensome, and not directed to any issue relevant to the

14  underlying lawsuit to the extent it seeks documents concerning Relevant Tests that are not accused of

15  infringement.  Verily also objects to this Request as overly broad and unduly burdensome to the extent

16  it seeks information irrelevant to any party, claim or defense in the underlying lawsuit.  In particular,

17  Verily objects to this Request as overly broad, unduly burdensome and not directed to any issue relevant

18  to the lawsuit to the extent it seeks discovery about "other tests that do not use the Relevant

19  Technology," which is not relevant to whether Bio-Rad is liable for direct and/or indirect infringement

20  or to calculation of damages therefor. The burden and expense of complying with the scope of the

21  Request as drafted far outweighs any likely benefit of obtaining that discovery, and therefore is not

22  proportional to the needs of the case.  Verily also objects to this Request on the grounds that it is vague

23  and ambiguous, including without limitation in its use of the language "relative usage," which is

24  undefined and subject to multiple interpretations.  Verily also objects to this Request to the extent it

25  seeks information that is protected from disclosure by any confidentiality agreement or any third-party

26  confidentiality obligations.

27

28

1         Subject to Verily's General Objections and Objections to Instructions and Definitions and the

2    foregoing specific objections, Verily has produced, pursuant to the terms of the May 24, 2024 Stipulated

3    Protective Order, documents sufficient to identify the number of "Relevant Tests"used for commercial

4    purposes.

5

6    Dated: November 28, 2025                    Respectfully submitted,

7                                               By:*/s/ Derek C. Walter*_____
                                               Derek C. Walter
8

9                                               EDWARD R. REINES (Bar No. 135960)
                                               ereines@jonesday.com
10                                              JONES DAY
                                               1755 Embarcadero Road
11                                              Palo Alto, CA 94303
                                               Telephone: +1.650.739.3939
12                                              Facsimile: +1.650.739.3900

13                                              DEREK C. WALTER (Bar No. 246322)
                                               dwalter@jonesday.com
14                                              JONES DAY
                                               555 California Street, 26th floor
15                                              San Francisco, CA 94104
                                               Telephone: +1.415.626.3939
16                                              Facsimile: +1.415.875.5700

17                                              ALEXIS SMITH (SBN 274429)
                                               asmith@jonesday.com
18                                              JONES DAY
                                               555 South Flower Street, 50th Floor
19                                              Los Angeles, CA 90071
                                               Telephone: +1.213.243.2653
20                                              Facsimile: +1.213.243.2539

21                                              *Attorneys for Non-Party,*
                                               Verily Life Sciences, LLC
22

23

24

25

26

27

28

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## DECLARATION OF SERVICE

I am a citizen of the United States, more than 18 years old, and not a party to this action.  My place of employment and business address 555 S. Flower Street, 50th Floor, Los Angeles, CA.  On November 28, 2025, I caused a copy of:

**NON-PARTY VERILY LIFE SCIENCE LLC'S OBJECTIONS AND RESPONSES TO PLAINTIFFS' SECOND AMENDED SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION**

to be served as follows:

[XX] BY ELECTRONIC SERVICE I am readily familiar with the business practice at my place of business for electronically mailing a true and correct copy through Jones Day's electronic mail system to the e-mail address(es) set forth below, or as stated on the attached service list per agreement in accordance with Code of Civil Procedure § 1010.6.


SHEPPARD, MULLIN, RICHTER & HAMPTON, LLP
legaltm-cc-caltech-v-biorad@sheppardmullin.com
MARTIN R. BADER
mbader@sheppardmullin.com
JESSE A. SALEN
jsalen@sheppardmullin.com
12275 El Camino Real, Suite 100
San Diego, California 92130-4092


BRADLEY C. GRAVELINE
bgraveline@sheppardmullin.com
321 North Clark St., 32nd Floor
Chicago, Illinois 60654

*Attorneys for Plaintiff and Counter-Defendant California Institute of Technology*

Executed on November 28, 2025 at Los Angeles, CA I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

*/s/ Alexis A. Smith*
Alexis A. Smith

# EXHIBIT 6

| | |
|---|---|
| **From:** | Jesse Salen <JSalen@sheppardmullin.com> |
| **Sent:** | Thursday, December 4, 2025 2:45 PM |
| **To:** | Smith, Lexi; Eric Gill; Leslie Sharpe; Walter, Derek C.; Reines, Edward; BioRad-Chromacode |
| **Cc:** | LegalTm-CC-Caltech-v-BioRad; Jennifer Klein Ayers |
| **Subject:** | RE: In Re Chromacode Litigation - Second Amended Subpoena to Verily |

---

**This Message Is From an External Sender**

If you are concerned about the message's content, highlight the email in your inbox and click "Report Suspicious" in the Outlook ribbon -or- contact 6Help.

> Report Suspicious

---

Lexi,

Thank you for your email. However, as we have now explained multiple times (including in our prior meet and confer), Verily cannot use Judge DeMarchi's order on Caltech's motion to amend its infringement contentions to justify ignoring Caltech's subpoenas to Verily. First, the fact that Verily's <u>own</u> infringing assays are not expressly identified in Caltech's infringement contentions is only relevant to the '921 patent. Caltech's Second Amended Subpoena for Deposition Testimony tailored the topics for testimony to exclude the specific Verily assays at issue in Judge DeMarchi's order. Caltech is still entitled, however, to testimony relating to Verily's use of Bio-Rad's QX600 in accordance with instructions that Bio-Rad provided to Verily and which are accused in Caltech's original infringement contentions for the '170 patent's method claims. As you know, Caltech's infringement contentions (as originally served) map to third-party uses of Bio-Rad's QX600 and QXONE instruments in accordance with Bio-Rad's instructions. The *DCG Sys.* and *Uniloc USA* cases we sent you clearly state that, under such circumstances, the patent owner's infringement contentions do <u>not</u> need to identify by name specific third-party infringers to maintain indirect infringement claims, *even where the indirect infringement depends on the specifics of how a third party used the accused device. See DCG Sys. v. Checkpoint Techs.*, LLC, No. C 11-03792 PSG, 2012 U.S. Dist. LEXIS 53193, at *8 (N.D. Cal. Apr. 16, 2012). For example, in the *DCG* case, the court recognized:

> Because the disputed contentions disclose information sufficient for Checkpoint to determine DCG's theories of infringement, dismissing DCG's indirect infringement claim is unwarranted at this point. The contentions identify a specific product line, the Checkpoint 300-Series, and thus provide Checkpoint indirectly infringes the Asserted Patents when a 300-Series product is integrated by a customer with, for example, an automated test system. While the contentions do not identify which specific customers perform this integration, Checkpoint has identified no case requiring a disclosure under Rule 3-1(d) of the specific third party committing any underlying act of direct infringement.

*Id*. Similarly, here, contrary to your assertion, Caltech's indirect infringement claims do <u>not</u> "turn[] on the specifics of how a third party uses [an accused] general purpose instrument." Instead, Caltech's infringement contentions *identify* how Bio-Rad provides instruments (the QX600 and QXONE) designed to perform the asserted method claims, and instructs third-parties, through Bio-Rad's user guide and other documents, to use such instruments in an infringing way. As such, just as was the case in *DCG*, Caltech's indirect infringement theory merely relies on Bio-Rad customers, like Verily and others, following Bio-Rad's instructions to directly infringe the '170 patent claims. Caltech has, therefore, tailored its deposition topics to Verily to specifically seek testimony about Verily's use of the QX600 in accordance with Bio-Rad's instructions. Such evidence is highly relevant and Caltech is entitled to Verily's testimony on the deposition topics Caltech included in the Subpoena.

Second, as we have also now told you multiple times, independent of any dispute over the sufficiency of Caltech's infringement contentions, Caltech is also entitled to testimony from Bio-Rad customers for the accused products regarding the importance of the multiplexing features to their purchase decisions. Such testimony is directly relevant to the market demand for the infringing uses of Bio-Rad's instruments as it applies to Bio-Rad's apportionment theory. As a Bio-Rad customer for the QX600, and a user of the QX600's multiplexing features, Verily's testimony on this point is highly relevant and Caltech is entitled to Verily's testimony on the deposition topics Caltech included in the Subpoena.

With respect to enforcement of Caltech's subpoena, the Northern District of Texas has sole jurisdiction and is the appropriate forum to adjudicate the issue. *See Russell v. Maman*, No. 18-cv-06691-RS (AGT), 2021 U.S. Dist. LEXIS 142242, at *3 (N.D. Cal. July 29, 2021) (interpreting Fed. R. Civ. P. 45(g) as requiring challenges to a subpoena for third-party depositions be brought in "the court for the district where compliance is required."). Verily resides in the Northern District of Texas, and that is where compliance with the subpoena was required, so that is the only forum where this issue can be adjudicated. Furthermore, under N.D. Tex. procedure, Caltech has only one option to enforce the subpoena—it must file a motion to hold Verily in contempt under Fed. R. Civ. P. 45(g). *See Traut v. Quantum Servicing, LLC*, No. 3:18-mc-14-D-BN, 2018 U.S. Dist. LEXIS 29007, at *16-18 (N.D. Tex. Feb. 23, 2018).

As it currently stands, Caltech properly issued a valid and enforceable deposition subpoena to Verily at its place of residence (the Northern District of Texas) that required Verily to appear for deposition on December 1, and Verily failed to appear for such deposition. As such, we took a non-appearance on the record. Furthermore, Verily failed to file a motion to quash the subpoena or for a protective order, as was required to do. Under these circumstances, Caltech's remaining remedy is to file a motion to hold Verily in contempt of violating a validly issued subpoena to appear for deposition, and to request that the N.D. Tex. court compel Verily to appear. However, as a last ditch effort to avoid motions practice, if Verily is willing to make a witness available to testify between **December 9** and **December 22**, at least on topics that are narrowly tailored to cover Verily's use of the QX600 in accordance with Bio-Rad's instructions and its decision to purchase the QX600 in view of its multiplexing capability, then Caltech is willing to meet and confer to negotiate an acceptable scope of the deposition topics in accordance with the foregoing.

**Please let us know by close of business tomorrow (December 5)** if you think such meet and confer would be productive, and if so, please provide Verily's availability to appear for deposition in the window I provided, and let us know your availability to meet and confer on **Monday, December 6** or **Tuesday, December 7** regarding the scope of the deposition.

Alternatively, if Verily is still unwilling to make a witness available at all, then please let us know that by close of business tomorrow, as well, and Caltech will proceed with filing its motion seeking an order compelling Verily's compliance with the subpoena as it is currently drafted, as well as for Caltech's attorneys' fees and costs for preparing the motion and taking the non-appearance.

We look forward to your response.

Thank you,

**Jesse A. Salen** | Partner
+1 858-720-8964 | direct
+1 619-869-5192 | cell
JSalen@sheppardmullin.com | Bio

**Sheppard**Mullin
12275 El Camino Real, Suite 100
San Diego, CA 92130-4092
+1 858-720-8900 | main
www.sheppardmullin.com | LinkedIn

APP.119

**From:** Smith, Lexi <asmith@jonesday.com>
**Sent:** Monday, December 1, 2025 11:03 AM
**To:** Eric Gill <EGill@sheppardmullin.com>; Leslie Sharpe <LSharpe@sheppardmullin.com>; Walter, Derek C. <dwalter@jonesday.com>; Reines, Edward <ereines@jonesday.com>; BioRad-Chromacode <BioRad-Chromacode@jonesday.com>
**Cc:** Jesse Salen <JSalen@sheppardmullin.com>; LegalTm-CC-Caltech-v-BioRad <LegalTm-CC-Caltech-v-BioRad@sheppardmullin.com>; Jennifer Klein Ayers <JAyers@sheppardmullin.com>
**Subject:** RE: In Re Chromacode Litigation - Second Amended Subpoena to Verily

Eric,

As we explained to you previously, the cases you cited do not apply here.  Unlike the cases you've cited, this case involves a situation where an accused infringer is selling a general purpose instrument and, to the extent there is any indirect infringement, it turns on the specifics of how a third party uses the general purpose instrument.  Your generalized allegations in your contentions do not capture those specifics.  You tried to add them to the case, but your request was denied.

Per our objections, we do not plan to make a witness available.  That is a reasonable position.   If you nevertheless want to pursue this further we should discuss what you still seek and if that fails we can cooperatively coordinate on whether we file a protective order motion (which we are more than willing to do) or you file a motion to compel.   Please also let us know whether Caltech believes it has a basis to object to the Northern District of California adjudicating this issue.   Please let us know when you are available.

Thanks,
Lexi

Alexis Smith (Lexi) (bio)
Partner
**JONES DAY® - One Firm Worldwide℠**
555 South Flower Street, Fiftieth Floor
Los Angeles, CA 90071
Office +1.213.243.2653
asmith@jonesday.com

---

**From:** Eric Gill <EGill@sheppardmullin.com>
**Sent:** Friday, November 28, 2025 11:58 AM
**To:** Smith, Lexi <asmith@jonesday.com>; Leslie Sharpe <LSharpe@sheppardmullin.com>; Walter, Derek C. <dwalter@jonesday.com>; Reines, Edward <ereines@jonesday.com>; BioRad-Chromacode <BioRad-Chromacode@jonesday.com>
**Cc:** Jesse Salen <JSalen@sheppardmullin.com>; LegalTm-CC-Caltech-v-BioRad <LegalTm-CC-Caltech-v-BioRad@sheppardmullin.com>; Jennifer Klein Ayers <JAyers@sheppardmullin.com>
**Subject:** RE: In Re Chromacode Litigation - Second Amended Subpoena to Verily

Lexi,

Regarding Verily's testing, we provided authority previously—e.g., *DCG Sys. v. Checkpoint Techs., LLC*, 2012 U.S. Dist. LEXIS 53193, *5–8 (N.D. Cal. Apr. 16, 2012) (noting that "the contentions do not identify which specific customers perform this integration" and nevertheless holding contentions sufficient because "[t]he contentions identify a specific product line ... and thus provide [third-party indirect infringer] with notice that [third-party indirect infringer] indirectly infringes the Asserted Patents when a[n accused product] is integrated by a customer...."); *Uniloc USA, Inc. v. Apple Inc.*, No. 19CV01692EJDVKD, 2020 WL 1984305, at *3 (N.D. Cal. Apr. 27, 2020) (stating that "... Patent Local Rule 3-1 does not necessarily require the disclosure of specific third parties

APP.120

committing an alleged act of direct infringement" before finding contentions insufficient because they were formulated in hypotheticals).  The subpoena topics were tailored to target discovery of relevant testimony with respect to both indirect infringement of the '170 Patent and damages.

Regarding Verily's non-appearance, "[w]hile a nonparty may challenge a subpoena duces tecum via written objection, a deposition subpoena may only be challenged by moving to quash or modify the subpoena pursuant to Federal Rule of Civil Procedure 45(c)(3)(A), or by moving for a protective order pursuant to Rule 26(c)."  *Unigene Labs., Inc. v. Apotex, Inc.*, 2007 U.S. Dist. LEXIS 78410 at *5 (N.D. Cal. Oct. 10, 2007).  Verily has done neither.  Under FRCP 45(g), the court "may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena...."

Best regards,


-Eric

**Eric K. Gill**
+1 858-720-8935 | direct
EGill@sheppardmullin.com | Bio

**Sheppard**Mullin
12275 El Camino Real, Suite 100
San Diego,  CA 92130-4092
+1 858-720-8900 | main
www.sheppardmullin.com | LinkedIn

---

**From:** Smith, Lexi <asmith@jonesday.com>
**Sent:** Friday, November 28, 2025 7:39 AM
**To:** Eric Gill <EGill@sheppardmullin.com>; Leslie Sharpe <LSharpe@sheppardmullin.com>; Walter, Derek C. <dwalter@jonesday.com>; Reines, Edward <ereines@jonesday.com>; BioRad-Chromacode <BioRad-Chromacode@jonesday.com>
**Cc:** Jesse Salen <JSalen@sheppardmullin.com>; LegalTm-CC-Caltech-v-BioRad <LegalTm-CC-Caltech-v-BioRad@sheppardmullin.com>; Jennifer Klein Ayers <JAyers@sheppardmullin.com>
**Subject:** RE: In Re Chromacode Litigation - Second Amended Subpoena to Verily

Eric,

Please find Verily's objections to the Second Amended Subpoena attached.

In response to your email below, we note that we met and conferred with you on this issue twice already.  Both times we told you that Verily objected to the subpoena and would not be making a witness available.  Your position as to a non-appearance ignores the merits of the issue and required procedure.  As you know, the Court denied Plaintiff's attempt to add Verily's products to this case.  Further, you now have Verily's objections.  Absent an order compelling Verily to make a witness available, Verily cannot be held in contempt.  If you have authority suggesting otherwise—i.e., that a third party whose products have been excluded from an action can be subject to a contempt order for refusing to make a witness available for deposition—please send that authority over to us to consider.


Regards,
Lexi

Alexis Smith (Lexi) (bio)
Partner
**JONES DAY® - One Firm Worldwide**<sup>SM</sup>

555 South Flower Street, Fiftieth Floor
Los Angeles, CA 90071
Office +1.213.243.2653
asmith@jonesday.com

---

**From:** Eric Gill <EGill@sheppardmullin.com>
**Sent:** Wednesday, November 26, 2025 10:50 AM
**To:** Smith, Lexi <asmith@jonesday.com>; Leslie Sharpe <LSharpe@sheppardmullin.com>; Walter, Derek C. <dwalter@jonesday.com>; Reines, Edward <ereines@jonesday.com>; BioRad-Chromacode <BioRad-Chromacode@jonesday.com>
**Cc:** Jesse Salen <JSalen@sheppardmullin.com>; LegalTm-CC-Caltech-v-BioRad <LegalTm-CC-Caltech-v-BioRad@sheppardmullin.com>; Jennifer Klein Ayers <JAyers@sheppardmullin.com>
**Subject:** RE: In Re Chromacode Litigation - Second Amended Subpoena to Verily

Lexi,

Please confirm whether Verily is merely objecting to the date of the deposition but will still agree to provide a deposition on a different date in December.  If that is the case, we will work with you to find a workable date for the deposition in the near future.  Please provide us with some proposed dates that will work.  If Verily does not agree, Plaintiffs intend to take a non-appearance and move for a contempt order, and reserve the right to seek sanctions and fees.

Thank you,


-Eric

**Eric K. Gill**
+1 858-720-8935 | direct
EGill@sheppardmullin.com | Bio

**Sheppard**Mullin
12275 El Camino Real, Suite 100
San Diego,  CA 92130-4092
+1 858-720-8900 | main
www.sheppardmullin.com | LinkedIn

---

**From:** Smith, Lexi <asmith@jonesday.com>
**Sent:** Tuesday, November 25, 2025 11:12 AM
**To:** Eric Gill <EGill@sheppardmullin.com>; Leslie Sharpe <LSharpe@sheppardmullin.com>; Walter, Derek C. <dwalter@jonesday.com>; Reines, Edward <ereines@jonesday.com>; BioRad-Chromacode <BioRad-Chromacode@jonesday.com>
**Cc:** Jesse Salen <JSalen@sheppardmullin.com>; LegalTm-CC-Caltech-v-BioRad <LegalTm-CC-Caltech-v-BioRad@sheppardmullin.com>; Jennifer Klein Ayers <JAyers@sheppardmullin.com>
**Subject:** RE: In Re Chromacode Litigation - Second Amended Subpoena to Verily

Eric,

Verily's deadline to serve objections to the subpoena is not until Friday, November 28, and it will serve its objections on or before that date.  Because Verily intends to object to the subpoena, it does not intend to make a witness available at Sheppard Mullin's Dallas office on December 1.

APP.122

Regards,
Lexi

Alexis Smith (Lexi) (bio)
Partner
**JONES DAY® - One Firm Worldwide℠**
555 South Flower Street, Fiftieth Floor
Los Angeles, CA 90071
Office +1.213.243.2653
asmith@jonesday.com

---

**From:** Eric Gill <EGill@sheppardmullin.com>
**Sent:** Tuesday, November 25, 2025 9:59 AM
**To:** Leslie Sharpe <LSharpe@sheppardmullin.com>; Walter, Derek C. <dwalter@jonesday.com>; Reines, Edward <ereines@jonesday.com>; BioRad-Chromacode <BioRad-Chromacode@jonesday.com>
**Cc:** Jesse Salen <JSalen@sheppardmullin.com>; LegalTm-CC-Caltech-v-BioRad <LegalTm-CC-Caltech-v-BioRad@sheppardmullin.com>; Jennifer Klein Ayers <JAyers@sheppardmullin.com>
**Subject:** RE: In Re Chromacode Litigation - Second Amended Subpoena to Verily

Counsel,

We have not received a response from Verily to Plaintiffs' deposition subpoena dated November 14, 2025.  Please confirm by close of business tomorrow (11/26) whether Verily will be appearing for the deposition on December 1, 2025 at 9 AM CST at Sheppard Mullin's Dallas office per the subpoena.  If Verily will be appearing, please provide the name(s) of the witness(es) and the respective topics they will designated for, as well as the names of all other individuals who will attend the deposition on behalf of Verily or Bio-Rad.

Thank you,

-Eric

**Eric K. Gill**
+1 858-720-8935 | direct
EGill@sheppardmullin.com | Bio

**Sheppard**Mullin

12275 El Camino Real, Suite 100
San Diego, CA 92130-4092
+1 858-720-8900 | main
www.sheppardmullin.com | LinkedIn

---

**From:** Leslie Sharpe <LSharpe@sheppardmullin.com>
**Sent:** Friday, November 14, 2025 11:48 AM
**To:** Walter, Derek C. <dwalter@jonesday.com>; Reines, Edward <ereines@jonesday.com>; BioRad-Chromacode <BioRad-Chromacode@jonesday.com>
**Cc:** Jesse Salen <JSalen@sheppardmullin.com>; LegalTm-CC-Caltech-v-BioRad <LegalTm-CC-Caltech-v-BioRad@sheppardmullin.com>
**Subject:** In Re Chromacode Litigation - Second Amended Subpoena to Verily

Counsel,

Attached being served, please find the following document:

6

- **SECOND AMENDED SUBPOENA TO TESTIFY AT DEPOSITION IN A CIVIL ACTION** [To: Verily Life Sciences LLC]

Sincerely,

**Leslie Sharpe** | Practice Specialist II
+1 858-876-3590 | direct
LSharpe@sheppardmullin.com

**Sheppard**Mullin

12275 El Camino Real, Suite 100
San Diego, CA 92130-4092
+1 858-720-8900 | main
www.sheppardmullin.com

Attention: This message is sent by a law firm and may contain information that is privileged or confidential. If you received this transmission in error, please notify the sender by reply e-mail and delete the message and any attachments.

***This e-mail (including any attachments) may contain information that is private, confidential, or protected by attorney-client or other privilege. If you received this e-mail in error, please delete it from your system without copying it and notify sender by reply e-mail, so that our records can be corrected.***
***This e-mail (including any attachments) may contain information that is private, confidential, or protected by attorney-client or other privilege. If you received this e-mail in error, please delete it from your system without copying it and notify sender by reply e-mail, so that our records can be corrected.***
***This e-mail (including any attachments) may contain information that is private, confidential, or protected by attorney-client or other privilege. If you received this e-mail in error, please delete it from your system without copying it and notify sender by reply e-mail, so that our records can be corrected.***

APP.124